1  EDWARD R. REINES (Bar No. 135960)
   edward.reines@weil.com
2  DEREK C. WALTER (Bar No. 246322)
   derek.walter@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   Silicon Valley Office
4  201 Redwood Shores Parkway
   Redwood Shores, CA 94065
5  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
6
7  Attorneys for Plaintiffs
   ILLUMINA, INC., and ILLUMINA CAMBRIDGE LTD.
8
9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12
   ILLUMINA, INC., and              Case No. _____
13 ILLUMINA CAMBRIDGE LTD.,
                                    COMPLAINT FOR PATENT
14          Plaintiffs,             INFRINGEMENT

15     vs.                          JURY TRIAL DEMANDED

16 BGI GENOMICS CO., LTD.,
   BGI AMERICAS CORP.,
17 MGI TECH CO., LTD.,
   MGI AMERICAS INC., and
18 COMPLETE GENOMICS INC.,

19          Defendants.

20

21

22

23

24

25

26

27

28

1  Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively "Illumina" or

2  "Plaintiffs") for their Complaint against defendants BGI Genomics Co., Ltd. ("BGI Ltd."), BGI

3  Americas Corp. ("BGI Americas"), MGI Tech Co., Ltd. ("MGI Ltd."), MGI Americas Inc. ("MGI

4  Americas"), and Complete Genomics Inc. ("CGI") (collectively "BGI" or "Defendants"), allege as

5  follows:

6  **INTRODUCTION**

7  1.  This case is about the brazen infringement of Illumina's patented DNA sequencing

8  technology by BGI, which is headquartered in Shenzhen, China.  Illumina is internationally

9  recognized as the leading supplier of patented DNA sequencing equipment.  Its sequencers have

10  been widely recognized for their high quality and performance.  Indeed, Illumina's sequencers have

11  been the engine for the biotech revolution, including major advances in healthcare for expectant

12  mothers and cancer patients, among others.  BGI has imitated Illumina's sequencers.  It markets

13  copies of those sequencing systems without authorization from Illumina and in violation of its patent

14  rights.  BGI started its commercialization effort in China and other places outside the reach of

15  United States patent law.  It is now importing its infringing sequencers into the United States, using

16  them in its San Jose, California facility, and threatening to sell them throughout the United States.

17  2.  Specifically, Illumina brings this action to halt BGI's infringement of U.S. Patent

18  Nos. 7,566,537 (the "'537 Patent") and 9,410,200 (the "'200 Patent").  Exs. 1 ('537 Patent) & 2

19  ('200 Patent).  This Court has enforced the '537 Patent, issuing an injunction against earlier

20  infringers in the face of a host of failed challenges.  *Illumina, Inc. v. Qiagen, NV*, 207 F. Supp.3d

21  1081 (N.D. Cal. 2016) (Judge William Alsup).  The Patent Trial and Appeal Board ("PTAB") and

22  Federal Circuit have also upheld the validity of the '537 Patent.  *Intelligent Bio-Systems v. Illumina*

23  *Cambridge*, 821 F.3d 1359 (Fed. Cir. 2016).

24  3.  In view of their infringement of the '537 Patent, BGI, through CGI, attempted to

25  challenge the validity of Illumina's patent, notwithstanding all the decisions upholding that patent.

26  The PTAB flatly rejected CGI's invalidity challenges.  *Complete Genomics, Inc. v. Illumina*

27  *Cambridge Ltd.*, IPR2017-02172, Paper 20 (PTAB Apr. 20, 2018) and IPR2017-02174, Paper 20

28

---

COMPLAINT FOR PATENT INFRINGEMENT     2     Case No. [_____]

(PTAB Apr. 20, 2018).  CGI listed BGI Ltd. and BGI Americas as real parties in interest, evidencing their involvement with the infringing activities that are the subject of this suit.  But CGI failed to identify MGI Ltd. and MGI Americas as real parties in interest despite their involvement with the infringing products.

4.      Notwithstanding BGI's failed challenges to the '537 Patent, Defendants have imported their infringing DNA sequencing systems into the United States.  They have installed and operated their infringing sequencers at their San Jose, California facility and are threatening to sell their MGISEQ and BGISEQ products in direct competition with Illumina in the United States.

5.      In addition to the familiarity this District has with the '537 Patent from enforcing that patent against past infringers, Illumina brings this action in the Northern District of California because Defendants are heavily present in this District and are infringing the '537 and '200 Patents at their San Jose, California facility in this District.

6.      As a result of BGI's infringement, and given the threat of its growing infringement, Illumina faces a substantial risk of irreparable harm if such infringement is not halted.

## PARTIES

7.      Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

8.      Plaintiff Illumina Cambridge Ltd. is a foreign corporation with its principal place of business at Chesterford Research Park, Little Chesterford, Saffron Walden, Essex CB10 1XL, United Kingdom.

9.      Plaintiff Illumina Cambridge Ltd., a wholly-owned subsidiary of Illumina, Inc., is the owner by assignment of all right, title and interest in and to the '537 and '200 Patents.  Illumina Inc. is the exclusive licensee of the '537 and '200 Patents with the right to sue to enforce their exclusive rights.

10.     Defendant BGI Ltd. is a Chinese corporation that has its headquarters at Building No.7, BGI Park, No.21 Hongan 3rd Street, Yantian District, Shenzhen 518083, China.  BGI Ltd. controls BGI Americas, MGI Ltd., MGI Americas, and CGI as though they were not separate legal

entities and represents publicly that it has facilities in San Francisco, San Jose, Los Angeles, and San Diego. Among other things, it directs, funds, and manages the infringing activity set forth in this Complaint.

11. Defendant BGI Americas has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. BGI Americas is, among other things, a sales and marketing arm of BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

12. Defendant MGI Ltd. is a Chinese corporation that has its headquarters at Building No.11, Beishan Industrial Zone, Yantian District, Shenzhen 518083, China. MGI Ltd. is, among other things, responsible for developing and distributing the infringing sequencing technology. It represents publicly that it has facilities in San Jose, California. With BGI Ltd., it directs, funds and manages the infringing activity set forth in this Complaint.

13. Defendant MGI Americas has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. MGI Americas is, among other things, a sales and marketing arm of BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

14. Defendant CGI has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. CGI is, among other things, a research and development entity supporting the accused activity and is directly and indirectly with the infringing activity set forth in this Complaint.

15. Each and all of the Defendants had and have actual or constructive knowledge of the events, transactions, and occurrences alleged herein, and either knew or should have known of the conduct of their co-defendants and cooperated in, benefited from and/or ratified such conduct.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

17. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b). Among other things, each of the Defendants maintains and/or is responsible for the use of regular and established physical places of business in this District. The facts establishing this are included

throughout this Complaint.  As examples, BGI Americas, MGI Americas and CGI all have principal

places of business at the same address: 2904 Orchard Pkwy, San Jose, California 95134.

18.     For the foreign Defendants, venue is proper under 28 U.S.C. § 1391(b) and (c), and

1400(b), because as foreign defendants they may be sued in any judicial district, including in this

District.  This District is a convenient forum for resolution of the parties' disputes set forth herein

and Judge Alsup of this District has experience with the patents-in-suit.  This foreign defendant

venue allegation applies to at least BGI Ltd. and MGI Ltd., whom both represent themselves as

foreign corporations.

19.     This Court has personal jurisdiction over each of the Defendants via general and/or

specific jurisdiction.  The Defendants have systematic and continuous contacts in California such

that they are essentially at home in California, as set forth throughout this Complaint.   They have

minimum contacts in California sufficient to warrant the exercise of jurisdiction given their contacts

in relation to the infringing activity and otherwise, as set forth throughout this Complaint.   Insofar

as the Defendants, including BGI Ltd. and MGI Ltd., deny that they are subject to personal

jurisdiction in any individual jurisdiction, the aggregation of their contacts throughout the United

States supports the exercise of personal jurisdiction over them.

20.     BGI Ltd. manages the infringing activity in California by controlling the Defendants

and, directly and indirectly, funding, developing, marketing, promoting and operating the infringing

sequencing systems:

    a.     BGI Ltd.'s website represents that it has multiple locations in California, including

San Francisco, San Jose, Los Angeles, and San Diego.  Ex. 5 (available at:

http://en.genomics.cn/en-global.html (last accessed: June 27, 2019) (*red box

showing U.S. locations in San Francisco, San Jose, Los Angeles, and San Diego

added*)).  It touts that it has both "representative offices" and "laboratories" in

California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



b.   BGI Ltd. promotes the infringing MGISEQ and BGISEQ by directing its marketing efforts to California, including its press releases and other communications.

c.   BGI Ltd.'s executives travel to California to manage and promote the infringing products.  This includes BGI Ltd.'s presence at industry and trade shows, including SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018);  American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019). Exs. 6-10.  For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January 2018.  Ex. 7.  Indeed, BGI Ltd.'s executives often travel to this District in connection with the infringing activity.

d.   In March 2019, BGI Ltd. entered into a $50 million partnership with Natera, Inc. ("Natera"), a company headquartered in San Carlos, CA, which permits Natera to use the infringing DNA sequencing products for commercial purposes.  Ex. 11.

21.     Further, the following is an exemplary list of various employees associated with "BGI Group"—an amorphous label used by BGI—that are involved with development and/or marketing of the infringing technology:

    a.    Group VP and CEO of BGI Americas Region at BGI Group, Yongwei Zhang, resides in Sunnyvale, CA.  Ex. 12.

    b.    Director of Product Management, Ke Zhan, identifies BGI Ltd. as being located in San Jose, California and that he works for this entity.  Ex. 13.

    c.    BGI Group–Business Development Associate, Yuhan Zhang, resides in the San Francisco Bay Area and worked in San Jose, California.  Ex. 14.  In this role, Ms. Zhang "[i]dentified new business opportunities, reached out to potential partners and managed existed relationship through email campaign, framed contracts and MoU."  Further, she describes her responsibilities as having, "[o]rganized and supported marketing events in North and South America to promote the brand and publicity."  *Id.*

22.     At a minimum this Court has jurisdiction over BGI Ltd. because Plaintiffs' claims arise under federal law, BGI Ltd. is not subject to general jurisdiction in any state's courts of general jurisdiction, and this exercise of jurisdiction comports with due process.  With regard to due process, BGI Ltd. has continuous and systematic contacts with California that gives rise to infringement, including targeting the California market for its products as a whole, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.   Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

23.     Defendant BGI Americas is present in California and commits acts of infringement in California:

a. BGI Americas is present in this District with its "West Coast Innovation Center" in San Jose, California where it conducts research. Ex. 15. It announced the expansion of that facility at the ASMS Conference in San Jose, California in May 2019. Ex. 16. This is evidence that BGI Americas is physically located in this District.

b. BGI Americas is involved in the research and development of BGI's NGS technologies at its San Jose, California facility. *Id.*

c. Several senior-level BGI Americas employees involved with product development, sales and marketing of the infringing technology state they live in this District. For example, BGI Americas' Group VP, CEO of the Americas Region, Yongwei Zhang, BGI Americas' Director of Marketing, Johan Christiaanse, and BGI America's Regional Sales Manager, Rosanna Schroeder, reside in the San Francisco Bay Area. Exs. 12, 17-18. This is evidence that BGI Americas is physically located in this District and involved with the infringing technology in California.

24. At a minimum this Court has jurisdiction over BGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, BGI Americas has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website. Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

25. Defendant MGI Ltd. is present in California and commits acts of infringement in California:

a. A map on MGI Tech's website shows that it has a San Jose, California facility that is a "Research Center" and a "Commercial and After-Sales Service Center." Ex. 19 (available at: https://en.mgitech.cn/page/gsjj.html (last accessed: June 27, 2019) (*red box showing U.S. location in San Jose, California added*))

1
2
3
4
5
6
7
8
9
10
11



12   b.   MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer

13        of BGI's proprietary NGS instrumentation."  Ex. 20.  NGS stands for "next

14        generation sequencing."  MGI states on its website: "As the leading manufacturer

15        and developer of BGI's proprietary NGS instrumentation, the global MGI

16        organization provides comprehensive products and services for fully-automated,

17        real-time, whole picture and lifelong genetic analysis in life science research."  *Id.*

18        This is evidence that MGI Ltd. and MGI Americas are responsible for infringement

19        of the '537 Patent.

20   c.   MGI Ltd. through its President, Duncan Yu, appeared at the J.P. Morgan Healthcare

21        Conference in San Francisco, California on January 9, 2019 to promote its infringing

22        sequencers by announcing its price and promoting its intent to sell them in the United

23        States.  Ex. 21.  This is evidence that MGI Ltd. is responsible for the infringement of

24        the '537 Patent in this District.

25   d.   On March 4, 2019 in San Jose, California, MGI Ltd. announced claimed

26        improvements to its sequencing technology and its plans to enter the United States

27        market.  Exs. 22-23.

28

e.    MGI Ltd. is involved in the research, development and marketing of the infringing products.  Exs. 20-23.

f.    Senior-level MGI Ltd. employees involved with product development and marketing of the infringing products are located in this District.  For example, MGI Ltd.'s Chief Science Officer, Rade Drmanac, Director of Business Development, Jia Sophie Liu, and VP of Engineering, Paul Lundquist, state they reside in the San Francisco Bay Area.  Exs. 24-27.

26.    At a minimum this Court has jurisdiction over MGI Ltd. because Plaintiffs' claims arise under federal law, MGI Ltd. is not subject to general jurisdiction in any state's courts of general jurisdiction, and this exercise of jurisdiction comports with due process.  With regard to due process, MGI Ltd. has continuous and systematic contacts with California, including targeting the California market for its products as a whole, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.  Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

27.    Defendant MGI Americas is present in California and commits acts of infringement in California:

a.    MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation."  Ex. 20.  NGS stands for "next generation sequencing."  MGI states on its website: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  *Id.* This is evidence that MGI Americas and MGI Ltd. are responsible for the infringement of the '537 Patent.

b.    MGI Americas is involved in the research, development and marketing of the infringing products.  *Id.*

c.    MGI Americas' field service engineer, Abigail Frank, states she "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America."  Ex. 28.

28.   At a minimum this Court has jurisdiction over MGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process.  With regard to due process, MGI Americas has continuous and systematic contacts with California, including targeting the United States as a market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.  Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

29.   Defendant CGI is present in California and commits acts of infringement in California:

a.    CGI is involved in the development, marketing and operation of the infringing products in its San Jose, California facility.  Ex. 29.

b.    Several senior-level CGI employees involved with product development and marketing state they live in this District.  For example, CGI's Vice President of Marketing, Suzanne Yakota, CGI's Director, Shifeng Li, and CGI's Chief Scientific Officer, Rade Drmananc, state they reside in the San Francisco Bay Area.  Exs. 24, 30-31.

c.    CGI Fluidics Systems Engineer, Wei Wang, states she "[e]nsures the proper installation qualification and operation qualification (IQ/OQ), and instrument performance verification (IPV) of NGS systems, such as the BGISEQ-500 in an ISO 17025 accredited and customer-oriented environment."  Ex. 32.  Ms. Wang elaborates she is "[r]esponsible for creating and compiling comprehensive

procedural documentation for NGS systems, for processes including IQ/OQ, IPV, troubleshooting, repairs, replacement parts, calibrations, and maintenance." *Id.*

d.  CGI further recently began seeking to hire at least a "Sr. Regional Sales Manager/Director" and "Strategic Accounts Specialist/Manager/Director" based in San Jose, California. Exs. 33-34. According to the job postings, the positions, *inter alia*, would: (i) "provide a one touch-point for the global customers with the full MGI product portfolio"; (ii) "[n]avigate orders through the customer purchasing process"; and (iii) be "responsible for leading regional sale activities for MGI's NGS Sequencing instruments, reagents, software or solutions in the designated region." *Id.*

30.  At a minimum this Court has jurisdiction over CGI because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, CGI has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.

31.  Alternatively, this Court has general and/or specific jurisdiction over all Defendants because they are alter-egos of one another and/or agents of each other because they have common directors, officers, and executives and do not respect corporate formalities. It would be unjust to treat them each as separate legal entities as they do not treat each other as such. This establishes personal jurisdiction and mutual liability because the activity of each Defendant is imputed to the other Defendants.

## **INTRA-DISTRICT ASSIGNMENT**

32.  Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District. However, because Judge William Alsup has direct experience with the '537 and '200 Patent, and this technology, this case is properly assigned to his Court in the San Francisco Division.

# BACKGROUND

## The MGISEQ and BGISEQ Systems Infringe the '537 and '200 Patents

33.     On July 28, 2009, the United States Patent and Trademark Office duly and legally issued the '537 Patent, entitled "Labelled Nucleotides."  The named inventors of the '537 Patent are Shankar Balasubramanian, Colin Barnes, Xioahai Liu, John Milton, Harold Swerdlow, and Xioalin Wu.  By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '537 Patent.  The '537 Patent is attached hereto.  Ex. 1.

34.     On August 9, 2016, the United States Patent and Trademark Office duly and legally issues the '200 Patent, entitled "Labelled Nucleotides."  The named inventors of the '200 Patent are Shankar Balasubramanian, Colin Barnes, Xiaohai Liu, and John Milton.  By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '200 Patent.  The '200 Patent is attached hereto.  Ex. 2.

35.     In or around October 2015, BGI Ltd. launched the BGISEQ-500, a desktop sequencing instrument.  In or around November 2016, BGI Ltd. launched the BGISEQ-50, a smaller version of the BGISEQ-500.  In or around October 2017, BGI launched two genetic sequencing instruments, the MGISEQ-200 and the MGISEQ-2000, as upgrades to the BGISEQ-50 and BGISEQ-500.  In or around October 2018, MGI announced a new model called the MGISEQ-T7.  The BGISEQ and MGISEQ devices (referred to throughout this complaint as "BGISEQ" and "MGISEQ") are identified in MGI Ltd.'s product brochures, on the "Sequencer" section of MGI Ltd.'s website, and the product user manuals, which are all publically accessible on MGI Ltd.'s website.  A copy of the MGISEQ-2000 product brochure, relevant pages of the website itself, and the user manual are attached.  Exs. 35 (brochure), 36 (website), 37 (user manual).

36.     MGI, Ltd.'s Chief Scientific Officer, Rade Drmanac, stated that "the current sequencing chemistry relies on stepwise sequencing-by-synthesis (SBS) where 3'-blocked nucleotides are labeled with cleavable fluorescent dyes, which leave behind a molecular 'scar' after they are removed.  This chemistry is similar to that used by Illumina and others."  Ex. 22 at 3.

37.     To demonstrate how Defendants infringe at least claim 1 of the '537 Patent with their MGISEQ and BGISEQ sequencers, attached is a preliminary and exemplary claim chart.  Ex. 3.  This chart is not intended to limit Plaintiffs' right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims or any other claims of the '537 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each claim element that is mapped to MGISEQ and BGISEQ products and related reagents shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

38.     Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, at least claim 1 of the '537 Patent by using the MGISEQ and BGISEQ sequencers and related reagents within the United States.  Defendants have used the MGISEQ and BGISEQ sequencers in the United States as part of their preparations to enter North American markets, specifically in connection with research, development, testing, and/or promotional activities related to the products.  Defendants also use the MGISEQ and BGISEQ products and related reagents in the United States whenever they install these types of sequencers at a United States facility.  This includes the BGI facilities in San Jose, California.

39.     Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b).  The operation of Defendants' MGISEQ and BGISEQ sequencers directly infringe at least claim 1 of the '537 Patent.  Defendants actively induce infringement by promoting the infringing products, encouraging their infringing use and threatening to sell them throughout the United States.  For example, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manger/Director, in the United States to promote and sell the infringing products domestically.  As a further example,

1   Defendants distribute MGISEQ and BGISEQ promotional and marketing materials and the

2   MGISEQ and BGISEQ User Manuals in websites directed to the United States market.

3       40.    Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c).  Users

4   of the MGISEQ and BGISEQ products directly infringe at least claim 1 of the '537 Patent when

5   they use these systems.  Defendants contribute to infringement by supplying in the United States

6   products designed for use in practicing claim 1 of the '537 Patent, including for example the

7   MGISEQ and BGISEQ systems themselves, MGISEQ and BGISEQ reagent kits, and the MGISP-

8   960 sample prep system and by threatening to sell those systems throughout the United States.

9       41.    To demonstrate how Defendants infringe at least claim 1 of the '200 Patent with their

10  MGISEQ and BGISEQ sequencers, attached is a preliminary and exemplary claim chart.  Ex. 4.

11  This chart is not intended to limit Plaintiffs' right to modify this chart or any other claim chart or

12  allege that other activities of Defendants infringe the identified claims or any other claims of the

13  '200 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each

14  claim element that is mapped to MGISEQ and BGISEQ products and related reagents shall be

15  considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore

16  a response to each allegation is required.

17      42.    Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a),

18  literally or under the doctrine of equivalents, at least claim 1 of the '200 Patent by using the

19  MGISEQ and BGISEQ sequencers and related reagents within the United States.  Defendants have

20  used the MGISEQ and BGISEQ sequencers in the United States as part of their preparations to enter

21  North American markets, specifically in connection with research, development, testing, and/or

22  promotional activities related to the products.  Defendants also use the MGISEQ and BGISEQ

23  products and related reagents in the United States whenever they install these types of sequencers

24  at a United States facility.  This includes the BGI facilities in San Jose, California.

25      43.    Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b).  The

26  operation of Defendants' MGISEQ and BGISEQ sequencers directly infringe at least claim 1 of the

27  '200 Patent.  Defendants actively induce infringement by promoting the infringing products,

28

1   encouraging their infringing use and threatening to sell them throughout the United States.  For

2   example, Defendants have recently began actively seeking to hire sales personnel, including at least

3   a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manger/Director, in

4   the United States to promote and sell the infringing products domestically.  As a further example,

5   Defendants distribute MGISEQ and BGISEQ promotional and marketing materials and the

6   MGISEQ and BGISEQ User Manuals in websites directed to the United States market.

7        44.     Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c).  Users

8   of the MGISEQ and BGISEQ products directly infringe at least claim 1 of the '200 Patent when

9   they use these systems.  Defendants contribute to infringement by supplying in the United States

10  products designed for use in practicing claim 1 of the '200 Patent, including for example the

11  MGISEQ and BGISEQ systems themselves, MGISEQ and BGISEQ reagent kits, and the MGISP-

12  960 sample prep system and by threatening to sell those systems throughout the United States.

13                                    **<u>COUNT I</u>**

14            **Infringement of U.S. Patent No. 7,566,537 ("'537 Patent")**

15       45.     Illumina re-alleges and incorporates by this reference the allegations contained

16  throughout this Complaint into each allegation of infringement and request for remedies.

17       46.     Defendants and users of Defendants' infringing products have and continue to

18  directly infringe, literally or by equivalence, claim 1 of the '537 Patent by practicing one or more

19  claims of the '537 Patent by using the MGISEQ and BGISEQ products and other infringing

20  products.   The following allegations identify the acts of direct, induced and contributory

21  infringement by each named defendant as supplemented by the allegations throughout this

22  Complaint.

23

24

25

26

27

28

1    **BGI Ltd.'s Infringement of the '537 Patent**

2    47.    Illumina's patented sequencing technology is well-known and has been enforced

3    very publicly against infringers.  Together with the other Defendants, BGI Ltd. has copied that

4    technology.  BGI Ltd. has had knowledge of the '537 Patent since at least before October 5, 2017,

5    the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and

6    failed.

7    48.    BGI Ltd. has failed to resist the temptation of importing its infringing technology

8    into the large United States market and has done so in the face of the '537 Patent.  BGI Ltd. knows

9    that its activities in connection with the MGISEQ and BGISEQ products will infringe the '537

10   Patent.

11   Direct Infringement By BGI Ltd.

12   49.    BGI Ltd. has directly infringed and continues to directly infringe the '537 Patent

13   pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, because it is

14   responsible for the use of MGISEQ and BGISEQ products in the United States.  Specifically, BGI

15   Ltd. or those for whom it is responsible have used at least the MGISEQ-2000 and BGISEQ-500 in

16   its San Jose, California facility.  BGI Ltd. controls and is responsible for, with the other Defendants,

17   directing the installation of the MGISEQ and BGISEQ products at the San Jose, California facility.

18   Induced Infringement by BGI Ltd.

19   50.    BGI Ltd. is liable for the induced infringement of the '537 Patent pursuant to 35

20   U.S.C. § 271(b).  Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing

21   infringement of at least claim 1 of the '537 Patent through a range of activities related to the

22   BGISEQ and MGISEQ Systems.  BGI Ltd. is responsible for substantial marketing of BGI products,

23   including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those

24   products in the United States.

25   51.    BGI Ltd. has induced infringement by controlling, with the other Defendants, the

26   design, manufacture, and supply of the BGISEQ and MGISEQ systems with the knowledge and

27   specific intent that users will use the BGISEQ and MGISEQ systems to infringe by performing the

28

patented methods of the '537 Patent.  For example, BGI has controlled, with the other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems such that the BGISEQ and MGISEQ systems have with pre-programmed software protocols that control operation of the BGISEQ and MGISEQ systems so that users are given the sole option of operating the BGISEQ and MGISEQ systems in a manner that infringes.

52.     BGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the BGISEQ and MGISEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

53.     BGI Ltd. has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various reagent kits (which use specialized labeled nucleotides), including for example the BGISEQ-500 paired-end 100 kit contains all reagents (including dNTPs that are needed to perform DNA sequencing on the BGISEQ-500), with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

54.     BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ systems with the knowledge and specific intent that users will use these sequencing instruments to infringe by performing the patented methods of the '537 Patent.  For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

55.     BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, BGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.

56.     BGI Ltd. performed all these acts with knowledge that the induced acts constitute infringement.  At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement By BGI Ltd.

57.     BGI Ltd. is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, BGI Ltd. has and is contributing to the infringement of the '537 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '537 Patent.

58.     BGI Ltd. knows that the BGISEQ and MGISEQ, materials and apparatuses designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and MGISEQ is a specialized sequencing instrument that carries out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Ltd. knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent.  BGI Ltd. knows that the use of its products infringe the '537 Patent and supplies them anyway.

Willful Infringement By BGI Ltd.

59.     As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  BGI Ltd.'s infringement of the '537 Patent has been and is deliberate and willful

and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which BGI Ltd. should have been aware, BGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing infringement.

60.     BGI Ltd.'s infringement of the '537 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

61.     BGI Ltd.'s infringement of the '537 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**BGI Americas' Infringement of the '537 Patent**

62.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.  Together with the other Defendants, BGI Americas has copied that technology.  BGI Americas has had knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

Direct Infringement By BGI Americas

63.     BGI Americas has and is directly infringing the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United States, among other infringing acts.  Specifically, BGI Americas has used the MGISEQ and BGISEQ in the United States at its San Jose, California facility.

<u>Induced Infringement By BGI Americas</u>

64.     BGI Americas is liable for their induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '537 Patent through a range of activities related to the MGISEQ and BGISEQ, among other things.

65.     BGI Americas is inducing infringement by promoting the use of the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '537 Patent.  BGI Americas is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

66.     BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ with the knowledge and specific intent that users will use the BGISEQ and MGISEQ to infringe by performing the patented methods of the '537 Patent.

67.     BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their BGISEQ and MGISEQ products.  These materials direct users to use the BGISEQ and MGISEQ and related products in an infringing manner.  By providing reagent kits for use on the BGISEQ and MGISEQ, BGI Americas induces infringement.

68.     BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

<u>Contributory Infringement by BGI Americas</u>

69.     BGI Americas is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, BGI Americas contributes to the infringement of the '537 Patent by, without authority, supplying within the United States materials and apparatuses for practicing

the claimed invention of the '537 Patent, including at least the BGISEQ and MGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides). These products constitute a material part of the claimed inventions of the '537 Patent.

70.     BGI Americas knows that the BGISEQ and MGISEQ, materials and apparatuses designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, the BGISEQ and MGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides. As such, neither the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Americas knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent. BGI Americas knows that the use of its products infringe the '537 Patent and supplies them anyway.

Willful Infringement By BGI Americas

71.     As set forth throughout this Complaint, BGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Americas' infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct. Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which BGI Americas should have been aware, BGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of

infringement identified in this Complaint, BGI Americas has been willfully blind to its ongoing infringement.

72.     BGI Americas' infringement of the '537 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

73.     BGI Americas' infringement of the '537 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**MGI Ltd.'s Infringement of the '537 Patent**

74.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.  Together with the other Defendants, MGI Ltd. has copied that technology.  MGI Ltd. has had knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

Direct Infringement By MGI Ltd.

75.     MGI Ltd. directly infringes the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, because it is responsible for the use of MGISEQ and BGISEQ products in the United States.  Specifically, because MGI Ltd. claims to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used the MGISEQ and BGISEQ in the United States.  MGI Ltd.'s website states that its San Jose, California facility has a "Research Center" and a "Commercial and After-Sales Service Center."

Induced Infringement By MGI Ltd.

76.     MGI Ltd. is liable for the induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing infringement of at least claims 1 of the '537 Patent through a range of activities related to the MGISEQ and BGISEQ, among other infringing acts.  MGI Ltd. is responsible for substantial

1    marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage

2    and support the sale of those products in the United States.

3          77.    MGI Ltd. has induced infringement by controlling, with the other Defendants, the

4    design, manufacture, and supply of the MGISEQ and BGISEQ with the knowledge and specific

5    intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods

6    of the '537 Patent.   For example, MGI Ltd. is the "legal manufacturer" of the MGISEQ and

7    BGISEQ.   MGI Ltd. controls the website on which MGISEQ and BGISEQ is marketed and sold.

8    MGI Ltd. controls the website that hosts *inter alia* the MGISEQ and BGISEQ User Manual(s), the

9    various reagent kit manuals, technical handbooks, product detail sheets, and technical specification

10   sheets.   These materials direct users to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ

11   reagent kits in an infringing manner.   By providing reagent kits and directing users to purchase these

12   reagent kits for use on the MGISEQ and MGISEQ, MGI Ltd. induces infringement.

13         78.    MGI Ltd. has induced infringement by controlling, with the other Defendants, the

14   design, manufacture, and supply of materials or apparatuses to be used with the MGISEQ and

15   BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent

16   that users will use these products to infringe by performing the patented methods of the '537 Patent.

17         79.    MGI Ltd. has induced infringement by controlling, with the other Defendants, the

18   design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use

19   specialized labeled nucleotides), with the knowledge and specific intent that users will use these

20   products to infringe by performing the patented methods of the claimed inventions.   For example,

21   Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS

22   instruments and lab automated work stations at Complete Genomics in San Jose, as well as external

23   customers throughout North and South America."   Ex. 28.

24

25

26

27

28

80.     MGI Ltd. has induced infringement by users of its products by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ or BGISEQ to infringe by performing the patented methods of the '537 Patent.  MGI Ltd. controls the website that hosts promotional and marketing materials.

81.     MGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, MGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets, all of which are available on the MGI Ltd.'s website.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes. By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Ltd. induces infringement.

82.     MGI Ltd. acted with knowledge that the induced acts constitute infringement.  MGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

        <u>Contributory Infringement By MGI Ltd.</u>

83.     MGI Ltd. is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Ltd. contributes to the infringement of the '537 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '537 Patent.

84.     MGI Ltd. knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Ltd. knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent.  MGI Ltd. knows that the use of its products infringe the '537 Patent and supplies them anyway.

Willful Infringement By MGI Ltd.

85.     As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  MGI Ltd.'s infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which MGI Ltd. should have been aware, MGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing infringement.

1    86.    MGI Ltd's infringement of the '537 Patent has injured Illumina in its business and

2    property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

3    35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

4    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

5    87.    MGI Ltd.'s infringement of the '537 Patent has caused irreparable harm to Illumina

6    and will continue to cause such harm unless and until their infringing activities are enjoined by this

7    Court.

8    **MGI Americas' Infringement of the '537 Patent**

9    88.    Illumina's patented sequencing technology is well-known and has been enforced

10    very publicly against infringers.  Together with the other Defendants, MGI Americas has copied

11    that technology.  MGI Americas has had knowledge of the '537 Patent since at least before October

12    5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537

13    Patent and failed.

14    Direct Infringement By MGI Americas

15    89.    MGI Americas has and is directly infringing the '537 Patent pursuant to 35 U.S.C. §

16    271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

17    the United States.  Specifically, because MGI Americas claims to be the "leading manufacturer and

18    developer of BGI's proprietary NGS instrumentation," MGI Americas has used the MGISEQ and

19    BGISEQ in the United States.  MGI Americas' San Jose, California facility that has a "Research

20    Center" and a "Commercial and After-Sales Service Center."

21    Induced Infringement By MGI Americas

22    90.    MGI Americas is liable for their induced infringement of the '537 Patent pursuant to

23    35 U.S.C. § 271(b).  Specifically, MGI Americas has and is actively, knowingly, and intentionally

24    inducing of at least claims 1 of the '537 Patent through a range of activities related to the MGISEQ

25    and BGISEQ, among other infringing acts.   MGI Americas is responsible for substantial marketing

26    of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support

27    the sale of those products in the United States.

28

91.     MGI Americas has induced infringement by controlling, with the other Defendants, the design, manufacture and supply of the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '537 Patent.   MGI Americas distributes, *inter alia*, the MGISEQ and BGISEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.   These materials direct users to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ reagent kits in an infringing manner.   By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and MGISEQ, BGI Americas induces infringement.

92.     MGI Americas has induced infringement by distributing materials or apparatuses to be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

93.     MGI Americas has induced infringement by distributing MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides) with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.   For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America."  Ex. 28.

94.     MGI Americas has induced infringement by users of its products by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ or BGISEQ to infringe by performing the patented methods of the '537 Patent.

95.     MGI Americas has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.   For example, MGI Americas is responsible for the MGISEQ and BGISEQ

User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Americas induces infringement.

96.    MGI Americas acted with knowledge that the induced acts constitute infringement. MGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement By MGI Americas

97.    MGI Americas is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Americas has and is contributing to the infringement of the '537 Patent by, without authority, distributing within the United States, materials and apparatuses for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '537 Patent.

98.    MGI Americas knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Americas knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically

designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent.   MGI Americas knows that the use of its products infringe the '537 Patent and supplies them anyway.

Willful Infringement By MGI Americas

99.    As set forth throughout this Complaint, MGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   MGI Americas' infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.   Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which MGI Americas should have been aware, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.   In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

100.    MGI Americas' infringement of the '537 Patent has injured Illumina in its business and property rights.   Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.   Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

101.    MGI Americas' infringement of the '537 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**CGI's Infringement of the '537 Patent**

102. Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, CGI has copied that technology. CGI has had knowledge of the '537 Patent since at least before October 5, 2017, the date it filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

Direct Infringement By CGI

103. CGI has and is directly infringing the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United States, among other infringing acts. CGI has installed MGISEQ and BGISEQ systems at CGI locations in the United States, including its San Jose, California facility. CGI has used the MGISEQ and BGISEQ in the United States.

Induced Infringement by CGI

104. CGI is liable for their induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b). Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '537 Patent through a range of activities related to the MGISEQ and BGISEQ, among other infringing acts. CGI is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

105. CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

106. CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides), with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

107.   CGI has induced infringement by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '537 Patent.

108.   CGI has induced infringement by creating distribution channels for the aforementioned MGISEQ and BGISEQ, materials and apparatuses for use with the MGISEQ and BGISEQ Systems, and the associated reagent kits, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '537 Patent.

109.   CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, CGI induces infringement.

110.   CGI acted with knowledge that the induced acts constitute infringement.  CGI acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement by CGI

111.   CGI is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, CGI has and is contributing to infringement of the '537 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '537 Patent.

112.    CGI knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. CGI knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent.  CGI knows that the use of its products infringe the '537 Patent and supplies them anyway.

Willful Infringement By CGI

113.    As set forth throughout this Complaint, CGI has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   CGI's infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which CGI should have been aware, CGI continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, CGI has been willfully blind to its ongoing infringement.

1    114.    CGI's infringement of the '537 Patent has injured Illumina in its business and

2    property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

3    35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

4    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

5    115.    CGI's infringement of the '537 Patent has caused irreparable harm to Illumina and

6    will continue to cause such harm unless and until their infringing activities are enjoined by this

7    Court.

8    **COUNT II**

9    **Infringement of U.S. Patent No. 9,410,200 ("'200 Patent")**

10   116.    Illumina re-alleges and incorporates by this reference the allegations contained

11   throughout this Complaint into each allegation of infringement and request for remedies.

12   117.    Defendants and users of Defendants' infringing products have and continue to

13   directly infringe, literally or by equivalence, claim 1 of the '200 Patent by practicing one or more

14   claims of the '200 Patent by using the MGISEQ and BGISEQ products and other infringing

15   products.   The following allegations identify the acts of direct, induced and contributory

16   infringement by each named defendant as supplemented by the allegations throughout this

17   Complaint.

18   **BGI Ltd.'s Infringement of the '200 Patent**

19   118.    Illumina's patented sequencing technology is well-known and has been enforced

20   very publicly against infringers.  Together with the other Defendants, BGI Ltd. has copied that

21   technology.  BGI Ltd. has had knowledge of the '200 Patent since at least before October 5, 2017,

22   the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a

23   patent related to the '200 Patent, and failed.

24   119.    BGI Ltd. has failed to resist the temptation of importing its infringing technology

25   into the large United States market and has done so in the face of the '200 Patent.  BGI Ltd. knows

26   that its activities in connection with the MGISEQ and BGISEQ products will infringe the '200

27   Patent.

28

Direct Infringement By BGI Ltd.

120.    BGI Ltd. has directly infringed and continues to directly infringe the '200 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, because it is responsible for the use of MGISEQ and BGISEQ products in the United States.  Specifically, BGI Ltd. or those for whom it is responsible have used at least the MGISEQ-2000 and BGISEQ-500 in its San Jose, California facility.  BGI Ltd. controls and is responsible for, with the other Defendants, directing the installation of the MGISEQ and BGISEQ products at the San Jose, California facility.

Induced Infringement by BGI Ltd.

121.    BGI Ltd. is liable for the induced infringement of the '200 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '200 Patent through a range of activities related to the BGISEQ and MGISEQ Systems.  BGI Ltd. is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

122.    BGI Ltd. has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems with the knowledge and specific intent that users will use the BGISEQ and MGISEQ systems to infringe by performing the patented methods of the '200 Patent.  For example, BGI has controlled, with the other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems such that the BGISEQ and MGISEQ systems have with pre-programmed software protocols that control operation of the BGISEQ and MGISEQ systems so that users are given the sole option of operating the BGISEQ and MGISEQ systems in a manner that infringes.

123.    BGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the BGISEQ and MGISEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '200 Patent.

124.    BGI Ltd. has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various reagent kits (which use specialized labeled nucleotides), including for example the BGISEQ-500 paired-end 100 kit contains all reagents (including dNTPs that are needed to perform DNA sequencing on the BGISEQ-500), with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '200 Patent.

125.    BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ systems with the knowledge and specific intent that users will use these sequencing instruments to infringe by performing the patented methods of the '200 Patent.  For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

126.    BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, BGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.

127.    BGI Ltd. performed all these acts with knowledge that the induced acts constitute infringement.  At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

1      <u>Contributory Infringement By BGI Ltd.</u>

2          128.    BGI Ltd. is liable for contributory infringement of the '200 Patent pursuant to 35

3    U.S.C. § 271(c).   Specifically, BGI Ltd. has and is contributing to the infringement of the '200

4    Patent by, without authority, supplying within the United States, materials and apparatuses for

5    practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ,

6    the MGISP-960, and the MGISEQ and BGISEQ reagent kits (which use specialized labeled

7    nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

8          129.    BGI Ltd. knows that the BGISEQ and MGISEQ, materials and apparatuses designed

9    for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute

10   material parts of the inventions of the '200 Patent and that they are not a staple article or commodity

11   of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and

12   MGISEQ is a specialized sequencing instrument that carries out a specific method for sequencing

13   DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials

14   or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and

15   MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

16   BGI Ltd. knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed

17   for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple

18   articles or commodities of commerce suitable for substantial non-infringing use because these

19   products have no use apart from infringing the '200 Patent.  BGI Ltd. knows that the use of its

20   products infringe the '200 Patent and supplies them anyway.

21      <u>Willful Infringement By BGI Ltd.</u>

22          130.    As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously

23   in performing the acts of infringement and threatening to perform the acts of infringement identified

24   in this Complaint.   BGI Ltd.'s infringement of the '200 Patent has been and is deliberate and willful

25   and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before

26   October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the

27   '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

28

1   when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

2   16-cv-02788-WHA), of which BGI Ltd. should have been aware, BGI Ltd. continues to perform

3   the acts of infringement and threatens to perform the acts of infringement identified in this

4   Complaint.   In performing the acts of infringement and threatening to perform the acts of

5   infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing

6   infringement.

7          131.    BGI Ltd.'s infringement of the '200 Patent has injured Illumina in its business and

8   property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

9   35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

10  reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

11         132.    BGI Ltd.'s infringement of the '200 Patent has caused irreparable harm to Illumina

12  and will continue to cause such harm unless and until their infringing activities are enjoined by this

13  Court.

14         **BGI Americas' Infringement of the '200 Patent**

15         133.    Illumina's patented sequencing technology is well-known and has been enforced

16  very publicly against infringers.  Together with the other Defendants, BGI Americas has copied that

17  technology.  BGI Americas has had knowledge of the '200 Patent since at least before October 5,

18  2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent,

19  a patent related to the '200 Patent, and failed.

20         Direct Infringement By BGI Americas

21         134.    BGI Americas has and is directly infringing the '200 Patent pursuant to 35 U.S.C. §

22  271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

23  the United States, among other infringing acts.  Specifically, BGI Americas has used the MGISEQ

24  and BGISEQ in the United States at its San Jose, California facility.

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT                    38                        Case No. [_____]

Induced Infringement By BGI Americas

135.    BGI Americas is liable for their induced infringement of the '200 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '200 Patent through a range of activities related to the MGISEQ and BGISEQ, among other things.

136.    BGI Americas is inducing infringement by promoting the use of the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '200 Patent.  BGI Americas is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

137.    BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ with the knowledge and specific intent that users will use the BGISEQ and MGISEQ to infringe by performing the patented methods of the '200 Patent.

138.    BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their BGISEQ and MGISEQ products.  These materials direct users to use the BGISEQ and MGISEQ and related products in an infringing manner.  By providing reagent kits for use on the BGISEQ and MGISEQ, BGI Americas induces infringement.

139.    BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement by BGI Americas

140.   BGI Americas is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, BGI Americas contributes to the infringement of the '200 Patent by, without authority, supplying within the United States materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the BGISEQ and MGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed inventions of the '200 Patent.

141.   BGI Americas knows that the BGISEQ and MGISEQ, materials and apparatuses designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute material parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and MGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.  BGI Americas knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.  BGI Americas knows that the use of its products infringe the '200 Patent and supplies them anyway.

Willful Infringement By BGI Americas

142.   As set forth throughout this Complaint, BGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  BGI Americas' infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least

as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which BGI Americas should have been aware, BGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.   In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Americas. has been willfully blind to its ongoing infringement.

143.   BGI Americas' infringement of the '200 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

144.   BGI Americas' infringement of the '200 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**MGI Ltd.'s Infringement of the '200 Patent**

145.   Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.  Together with the other Defendants, MGI Ltd. has copied that technology.  MGI Ltd. has had knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed.

Direct Infringement By MGI Ltd.

146.   MGI Ltd. directly infringes the '200 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, because it is responsible for the use of MGISEQ and BGISEQ products in the United States.   Specifically, because MGI Ltd. claims to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used the MGISEQ and BGISEQ in the United States.  MGI Ltd.'s website clearly states that its San Jose, California facility has a "Research Center" and a "Commercial and After-Sales Service Center."

1    <u>Induced Infringement By MGI Ltd.</u>

2        147.   MGI Ltd. is liable for the induced infringement of the '200 Patent pursuant to 35

3    U.S.C. § 271(b).   Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing

4    infringement of at least claims 1 of the '200 Patent through a range of activities related to the

5    MGISEQ and BGISEQ, among other infringing acts.   MGI Ltd. is responsible for substantial

6    marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage

7    and support the sale of those products in the United States.

8        148.   MGI Ltd. has induced infringement by controlling, with the other Defendants, the

9    design, manufacture, and supply of the MGISEQ and BGISEQ with the knowledge and specific

10   intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods

11   of the '200 Patent.   For example, MGI Ltd. is the "legal manufacturer" of the MGISEQ and

12   BGISEQ.   MGI Ltd. controls the website on which MGISEQ and BGISEQ is marketed and sold.

13   MGI Ltd. controls the website that hosts *inter alia* the MGISEQ and BGISEQ User Manual(s), the

14   various reagent kit manuals, technical handbooks, product detail sheets, and technical specification

15   sheets.   These materials direct users to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ

16   reagent kits in an infringing manner.   By providing reagent kits and directing users to purchase these

17   reagent kits for use on the MGISEQ and MGISEQ, MGI Ltd. induces infringement.

18       149.   MGI Ltd. has induced infringement by controlling, with the other Defendants, the

19   design, manufacture, and supply of materials or apparatuses to be used with the MGISEQ and

20   BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent

21   that users will use these products to infringe by performing the patented methods of the '200 Patent.

22       150.   MGI Ltd. has induced infringement by controlling, with the other Defendants, the

23   design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use

24   specialized labeled nucleotides), with the knowledge and specific intent that users will use these

25   products to infringe by performing the patented methods of the claimed inventions.   For example,

26   Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS

27

28

1   instruments and lab automated work stations at Complete Genomics in San Jose, as well as external

2   customers throughout North and South America." Ex. 28.

3       151.    MGI Ltd. has induced infringement by users of its products by disseminating

4   promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and

5   specific intent that users will use the MGISEQ or BGISEQ to infringe by performing the patented

6   methods of the '200 Patent.  MGI Ltd. controls the website that hosts promotional and marketing

7   materials.

8       152.    MGI Ltd. has induced infringement by distributing other instructional materials,

9   product manuals, technical materials, and bioinformatics software platforms with the knowledge

10  and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ

11  products.  For example, MGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the

12  various reagent kit manuals, technical handbooks, product detail sheets, and technical specification

13  sheets, all of which are available on the MGI Ltd.'s website.  These materials direct users to use the

14  MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ

15  and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using

16  the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control

17  operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.

18  By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ

19  and BGISEQ, MGI Ltd. induces infringement.

20      153.    MGI Ltd. acted with knowledge that the induced acts constitute infringement.  MGI

21  Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

22

23

24

25

26

27

28

Contributory Infringement By MGI Ltd.

154.    MGI Ltd. is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Ltd. contributes to the infringement of the '200 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

155.    MGI Ltd. knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.   As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Ltd. knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.  MGI Ltd. knows that the use of its products infringe the '200 Patent and supplies them anyway.

Willful Infringement By MGI Ltd.

156.    As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  MGI Ltd.'s infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

1  when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

2  16-cv-02788-WHA), of which MGI Ltd. should have been aware, MGI Ltd. continues to perform

3  the acts of infringement and threatens to perform the acts of infringement identified in this

4  Complaint.   In performing the acts of infringement and threatening to perform the acts of

5  infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing

6  infringement.

7       157.   MGI Ltd's infringement of the '200 Patent has injured Illumina in its business and

8  property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

9  35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

10  reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

11       158.   MGI Ltd.'s infringement of the '200 Patent has caused irreparable harm to Illumina

12  and will continue to cause such harm unless and until their infringing activities are enjoined by this

13  Court.

14       **MGI Americas' Infringement of the '200 Patent**

15       159.   Illumina's patented sequencing technology is well-known and has been enforced

16  very publicly against infringers.  Together with the other Defendants, MGI Americas has copied

17  that technology.  MGI Americas has had knowledge of the '200 Patent since at least before October

18  5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537

19  Patent, a patent related to the '200 Patent, and failed.

20       Direct Infringement By MGI Americas

21       160.   MGI Americas has and is directly infringing the '200 Patent pursuant to 35 U.S.C. §

22  271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

23  the United States.  Specifically, because MGI Americas claims to be the "leading manufacturer and

24  developer of BGI's proprietary NGS instrumentation," MGI Americas has used the MGISEQ and

25  BGISEQ in the United States.  MGI Americas' San Jose, California facility that has a "Research

26  Center" and a "Commercial and After-Sales Service Center."

27

28

1    Induced Infringement By MGI Americas

2         161.    MGI Americas is liable for their induced infringement of the '200 Patent pursuant to

3    35 U.S.C. § 271(b).  Specifically, MGI Americas has and is actively, knowingly, and intentionally

4    inducing of at least claims 1 of the '200 Patent through a range of activities related to the MGISEQ

5    and BGISEQ, among other infringing acts.  MGI Americas is responsible for substantial marketing

6    of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support

7    the sale of those products in the United States.

8         162.    MGI Americas has induced infringement by controlling, with the other Defendants,

9    the design, manufacture and supply of the MGISEQ and BGISEQ with the knowledge and specific

10   intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods

11   of the '200 Patent.  MGI Americas distributes, *inter alia*, the MGISEQ and BGISEQ User

12   Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and

13   technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and

14   MGISEQ and BGISEQ reagent kits in an infringing manner.  By providing reagent kits and directing

15   users to purchase these reagent kits for use on the MGISEQ and MGISEQ, BGI Americas induces

16   infringement.

17        163.    MGI Americas has induced infringement by distributing materials or apparatuses to

18   be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the

19   knowledge and specific intent that users will use these products to infringe by performing the

20   patented methods of the '200 Patent.

21        164.    MGI Americas has induced infringement by distributing MGISEQ and BGISEQ

22   reagent kits (which use specialized labeled nucleotides) with the knowledge and specific intent that

23   users will use these products to infringe by performing the patented methods of the '200 Patent.  For

24   example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails

25   "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose,

26   as well as external customers throughout North and South America."  Ex. 28.

27

28

165.   MGI Americas has induced infringement by users of its products by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ or BGISEQ to infringe by performing the patented methods of the '200 Patent.

166.   MGI Americas has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, MGI Americas is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Americas induces infringement.

167.   MGI Americas acted with knowledge that the induced acts constitute infringement.  MGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement By MGI Americas

168.   MGI Americas is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Americas has and is contributing to the infringement of the '200 Patent by, without authority, distributing within the United States, materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

169.    MGI Americas knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Americas knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.   MGI Americas knows that the use of its products infringe the '200 Patent and supplies them anyway.

Willful Infringement By MGI Americas

170.    As set forth throughout this Complaint, MGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   MGI Americas' infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which MGI Americas should have been aware, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

1       171.    MGI Americas' infringement of the '200 Patent has injured Illumina in its business

2   and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant

3   to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and

4   the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

5       172.    MGI Americas' infringement of the '200 Patent has caused irreparable harm to

6   Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

7   by this Court.

8       **CGI's Infringement of the '200 Patent**

9       173.    Illumina's patented sequencing technology is well-known and has been enforced

10  very publicly against infringers.    Together with the other Defendants, CGI has copied that

11  technology.  CGI has had knowledge of the '200 Patent since at least before October 5, 2017, the

12  date it filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent

13  related to the '200 Patent, and failed.

14      Direct Infringement By CGI

15      174.    CGI has and is directly infringing the '200 Patent pursuant to 35 U.S.C. § 271(a),

16  literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United

17  States, among other infringing acts.  CGI has installed MGISEQ and BGISEQ systems at CGI

18  locations in the United States, including its San Jose, California facility.  CGI has used the MGISEQ

19  and BGISEQ in the United States.

20      Induced Infringement by CGI

21      175.    CGI is liable for their induced infringement of the '200 Patent pursuant to 35 U.S.C.

22  § 271(b).  Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement

23  of at least claim 1 of the '200 Patent through a range of activities related to the MGISEQ and

24  BGISEQ, among other infringing acts.  CGI is responsible for substantial marketing of BGI

25  products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale

26  of those products in the United States.

27

28

176.   CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '200 Patent.

177.   CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides), with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '200 Patent.

178.   CGI has induced infringement by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '200 Patent.

179.   CGI has induced infringement by creating distribution channels for the aforementioned MGISEQ and BGISEQ, materials and apparatuses for use with the MGISEQ and BGISEQ Systems, and the associated reagent kits, with the knowledge and specific intent that users will use these products to infringe by performing the patented methods of the '200 Patent.

180.   CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, CGI induces infringement.

181.   CGI acted with knowledge that the induced acts constitute infringement.  CGI acted with knowledge of or willful blindness with regards to users' underlying infringement.

Contributory Infringement by CGI

182.    CGI is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, CGI has and is contributing to infringement of the '200 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

183.    CGI knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagent kits, constitute material parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. CGI knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.  CGI knows that the use of its products infringe the '200 Patent and supplies them anyway.

Willful Infringement By CGI

184.    As set forth throughout this Complaint, CGI has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  CGI's infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

1   when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

2   16-cv-02788-WHA), of which CGI should have been aware, CGI continues to perform the acts of

3   infringement and threatens to perform the acts of infringement identified in this Complaint.   In

4   performing the acts of infringement and threatening to perform the acts of infringement identified

5   in this Complaint, CGI has been willfully blind to its ongoing infringement.

6          185.    CGI's infringement of the '200 Patent has injured Illumina in its business and

7   property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

8   35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

9   reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

10         186.    CGI's infringement of the '200 Patent has caused irreparable harm to Illumina and

11  will continue to cause such harm unless and until their infringing activities are enjoined by this

12  Court.

**PRAYER FOR RELIEF**

WHEREFORE, Illumina prays for relief as follows:

A.      Judgment that Defendants have infringed one or more claims of the '537 and '200 Patents;

C.      An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringement of the '537 and '200 Patents;

E.      An award of damages pursuant to 35 U.S.C. § 284;

F.      A declaration that Defendants' infringement of the patents in-suit has been willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284;

G.      An order for an accounting of damages from Defendants' infringement;

H.      An award to Illumina of their costs and reasonable expenses to the fullest extent permitted by law;

I.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

J.      An award of such other and further relief as the Court may deem just and proper.

1

## **DEMAND FOR JURY TRIAL**

2
3

       Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Illumina hereby demands a trial by jury on all issues so triable.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  June 27, 2019                                      Respectfully Submitted,



                                                           WEIL, GOTSHAL & MANGES LLP
                                                           Edward R. Reines
                                                           Derek C. Walter



                                              By:  _____*/s/ Edward R. Reines*_____
                                                           Edward R. Reines
                                                           Attorneys for Plaintiffs
                                                           ILLUMINA, INC.,
                                                           ILLUMINA CAMBRIDGE LTD.