Katie J.L. Scott (Cal. Bar No. 233171)
Email address:  katie.scott@arnoldporter.com
Joshua Seitz (Cal. Bar No. 325236)
Email address:  joshua.seitz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California  94306
Telephone:     (650) 319-4500
Facsimile:      (650) 319-4700

Jennifer Sklenar* (Cal. Bar. No. 200434)
jennifer.sklenar@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone:     (202) 942-5000
Facsimile:      (202) 942-5999
*Admitted in NY and CA only; practice limited to
matters before federal courts and federal agencies

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS INC., and<br>COMPLETE GENOMICS INC.,<br><br>Defendants. | Case No.:   3:19-cv-03770-WHO<br><br>**BGI GENOMICS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS & 12(b)(6) TO DISMISS DIRECT INFRINGEMENT CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:        September 4, 2019<br>Time:        2:00 p.m.<br>Courtroom: 2, 17th Floor**<br><br>The Honorable William H. Orrick |

**TO PLAINTIFFS ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD. AND THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that at 2:00 p.m. on September 4, 2019, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, BGI Genomics, Co., Ltd.,[1] will and hereby do move this Court for an Order pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure 12(b)(5) dismissing the complaint of insufficient service of process and an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the direct infringement claims alleged in Plaintiffs' Complaint.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the materials cited herein, and such further briefing, argument, and/or evidence as may be received by the Court.

Dated:  July 29, 2019

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ Katie J.L. Scott*

Attorneys for Defendant

BGI GENOMICS CO., LTD.

---

[1] BGI Genomics Co., Ltd. ("BGI Genomics") is concurrently filing a motion to dismiss for failure to state a claim for indirect infringement.  Pursuant to Fed. R. Civ. P. Rule 12(g)(1), BGI Genomics joins that motion with the motion filed herein.

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ............................................................................................. 1

II.    STATEMENT OF FACTS ............................................................................... 2

III.   LEGAL STANDARDS .................................................................................... 3

       A.     Dismissal Under Rule 12(b)(5) For Insufficient Service of Process ..................... 3

       B.     Dismissal of Direct Infringement Claims Under Rule 12(b)(6) For Failure to
              State a Claim Upon Which Relief May be Granted................................. 4

              1.     Legal standards for direct infringement of method claims ....................... 5

              2.     Legal standards for imputed liability under agency and/or alter ego
                     theories .......................................................................... 6

IV.    THIS COURT SHOULD DISMISS THE COMPLAINT AGAINST BGI
       GENOMICS FOR INSUFFICIENT SERVICE OF PROCESS........................................ 7

V.     THIS COURT SHOULD DISMISS THE CLAIMS OF DIRECT INFRINGEMENT
       AGAINST BGI GENOMICS FOR FAILURE TO PLAUSIBLY ALLEGE USE OF
       THE CLAIMED METHODS BY BGI GENOMICS IN THE UNITED STATES ........... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. Stucki Co. v. Worthington Industries, Inc.*,
    849 F.2d 593 (Fed. Cir. 1988)....................................................................................... 11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) (en banc)..................................................................... 6

*Anderson v. Kimberly-Clark Corp.*,
    570 F. App'x 927 (Fed. Cir. 2014) ................................................................................ 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................ 4, 5, 11

*Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenter*s,
    459 U.S. 519 (1983)....................................................................................................... 5

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
    No. 15-cv-05469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .................................... 5

*Bascom Research LLC v. Facebook, Inc.*,
    No. C 12-6293, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013)........................................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................... 4

*Bender v. STMicroelectronics*,
    No. 3-09-cv-1224 MHP, slip. op., D.N. 33 (N.D. Cal. Nov. 23, 2009)......................... 8

*Benny v. Pipes*,
    799 F.2d 489 (9th Cir. 1986) ........................................................................................ 9

*Bittel Tech., Inc. v. Bittel USA, Inc.*,
    No. C 10-00719 HRL, 2010 WL 3221864 (N.D. Cal. Aug. 2010)............................... 8

*Blackberry Limited v. Nokia Corp.*,
    No. 17-cv-155-RGA, slip. op., D.N. 47 (D. Del. Mar. 20, 2018) ............................... 12

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004) ........................................................................................ 3

*Confident Techs., Inc. v. Fandango Media, LLC*,
    No. LA CV18-03035 JAK, 2018 WL 6430539 (C.D. Cal, Aug. 20, 2018) ............................ 10

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)..................................................................................... 6

*Execware, LLC v. Staples, Inc.*,
    No. 1:11-cv-00836-LPS-SRF, slip. op., D.N. 124 (D. Del. Dec. 10, 2012) ...................... 5

iii

*Firstmark Capital Corp. v. Hempel Fin. Corp.,*
    859 F.2d 92 (9th Cir. 1988) ............................................................................... 6

*FootBalance System Inc. v. Zero Gravity Inside, Inc.,*
    No. 15-CV-1058 JLS, 2017 WL 1215832 (S.D. Cal. Apr. 3, 2017) ........................ 11

*Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.,*
    148 Cal. App. 4th 937 (2007) ............................................................................ 7

*Gerritsen v. Warner Bros. Entertainment Inc.,*
    112 F. Supp. 3d 1011 (C.D. Cal. Jan. 30, 2015) ........................................... 6, 12

*Gibble v. Car-Lene Research, Inc.,*
    67 Cal. App. 4th 295 (1998) ............................................................................. 4

*Gray v. Mazda Motor of Am., Inc.,*
    560 F. Supp. 2d 928 (C.D. Cal. 2008) ............................................................... 4

*Greenbroz, Inc. v. Laeger Built, LLC,*
    No. 3:16-cv-2946-CAB, 2017 WL 1427139 (S.D. Cal. Apr. 21, 2017) .................... 11

*Hailo Techs., LLC v. Anker Techs. Co. Ltd.,*
    No. CV 18-690 PSG, 2018 WL 4944996 (C.D. Cal. May 8, 2018) ......................... 8

*In re Gilead Scis. Sec. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ........................................................................... 5

*Joao Control & Monitoring Systems of California, LLC v. Sling Media, Inc.,*
    No. C-11-6277 EMC, 2012 WL 3249510 (N.D. Cal. Aug. 7, 2012) ....................... 7

*Las Palmas Assocs. v. Las Palmas Ctr. Assocs.,*
    235 Cal. App. 3d 1220 (1991) ........................................................................... 6

*Lincoln Nat'l Life Ins. Co. v. Transamerica Life Ins. Co.,*
    609 F.3d 1364 (Fed. Cir. 2010) ..................................................................... 6, 10

*Medgraph, Inc. v. Medtronic, Inc.,*
    843 F.3d 942 (Fed. Cir. 2016) ........................................................................... 5

*Omni Capital Int'l v. Rudolf Wolff & Co.,*
    484 U.S. 97 (1987) ........................................................................................... 3

*Secured Mail Sols. LLC v. Universal Wilde, Inc.,*
    873 F.3d 905 (Fed. Cir. 2017) ........................................................................... 5

*Sonora Diamond Corp. v. Sup. Ct.,*
    83 Cal. App. 4th 523 (2000) ............................................................................. 7

*Surefire, LLC v. Casual Home Worldwide, Inc.,*
    No. 12-cv-125-IED (MDD), slip. op., D.N. 22 (S.D. Cal. June 26, 2012) .................. 8

*Towe Antique Ford Found. v. IRS,*
    999 F.2d 1387 (9th Cir. 1993) ........................................................................... 6

iv

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    No. C 12-05501 SI, 2013 WL 633363 (N.D. Cal. Feb. 20, 2013) .............................................. 10

*Verracchia v. Aviss*,
    No. EDCV 17-317 DMG, 2017 WL 9486151 (C.D. Cal. Nov. 8, 2017) .................................... 8

*ViaSat, Inc. v. Space Systems/Loral, Inc.*,
    No. 12-CV-00260-H-WVG, 2012 WL 12844737 (S.D. Cal. May 7, 2012) ............................ 11

*Wechsler v. Macke Intern. Trade, Inc.*,
    486 F.3d 1286 (Fed. Cir. 2007) ................................................................................................ 6

*Wood v. Elling Corp.*,
    20 Cal. 3d 353 (1977) .............................................................................................................. 6

## Statutes

35 U.S.C. § 271(a) ............................................................................................................................ 6, 9

Cal. Civ. Code § 2295 ........................................................................................................................ 7

Cal. Civ. P. Code § 2110 .................................................................................................................... 4

Cal. Civ. P. Code § 416.10 .............................................................................................................. 4, 8

Fed. R. Civ. P. 4(e)(1) ........................................................................................................................ 4

Fed. R. Civ. P. 4(f)(1) ........................................................................................................................ 4

Fed. R. Civ. P. 4(h)(1)(A) ............................................................................................................... 4, 7

Fed. R. Civ. P. 4(h)(1)(B) .................................................................................................................. 4

Fed. R. Civ. P. 4(h)(2) ........................................................................................................................ 4

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................ 5

Fed. R. Civ. P. 12(b)(5) .................................................................................................................. 2, 3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1, 4, 13

## Other Authorities

*Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil
    or Commercial Matters*, 20 U.S.T. 362, T.I.A.S. 6638, Arts. 2, 5, 6; 1658
    U.N.T.S. at 651 ...................................................................................................................... 4

BGI GENOMICS' MOTION & MEM. OF P'S & A'S ISO
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) & 12(b)(6)
    Case No. 3:19-cv-03770-WHO

I.    **INTRODUCTION**

Illumina failed to properly serve BGI Genomics Co., Ltd. ("BGI Genomics") when it served the summons and Complaint on Yiwu He, a ***former employee*** of BGI Shenzhen Co., Ltd. ("BGI Shenzhen"), which is a completely ***different company t***han BGI Genomics.  Illumina was notified that Mr. He was a ***former*** employee by its process server, which described his title as "***Former*** Senior Vice President of BGI Genomics" and counsel for Defendants further notified Illumina's counsel that Mr. He was not affiliated with BGI Genomics, but instead had been affiliated with BGI Shenzhen.  Defendants even offered to waive formal service of process on BGI Genomics if Illumina agreed to a 30 day extension of time, but Illumina flatly refused to agree to more than 7 days, even though certain of the Defendants had agreed to a courtesy 30-day extension for Illumina to respond in another pending litigation.  Despite having knowledge of its insufficient service of process on BGI Genomics, Illumina has done nothing to correct it.  Thus, the service of the summons on Mr. He should be quashed and the Complaint against BGI Genomics dismissed.

Even if BGI Genomics had been properly served, the claims of direct infringement against BGI Genomics should be dismissed for failure to allege a plausible claim.  Despite the fact that BGI Genomics is headquartered in Shenzhen, China and has no operations in the United States, Illumina attempts to state a claim for direct infringement by BGI Genomics because it is allegedly "responsible for the use" of the claimed methods, or "those for whom it is responsible have used" the claimed methods.  Because neither of these allegations plausibly allege use of the claimed methods by BGI Genomics in the United States (or any other direct act of infringement), Illumina's claims for direct infringement against BGI Genomics should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STATEMENT OF FACTS

### A.  Illumina's Failure to Serve BGI Genomics

On June 28, 2019, Illumina filed the present action alleging, *inter alia*, that BGI Genomics infringes the Asserted Patents.  D.N. 1.  BGI Genomics is publicly traded company in China D.N. 1, Ex. 11 ("BGI Genomics is an independent division of BGI Group, and was listed on the Shenzhen Chi-Next exchange in July 2017.").  BGI Genomics lists its directors and officers on its website, which is publicly and easily accessible.  *See* Scott Decl.,[2] Exs. A-C.  BGI Genomics' website does not list Mr. He as a director or officer.  *See id.*  BGI Genomics is not registered to do business in California and does not have an agent for service of process in California.

On June 28, 2019, Illumina served Mr. He with a summons and Complaint at his residence in Seattle, Washington, in an apparent effort to serve process on BGI Genomics.  D.N. 15-2; He Decl., ¶2.  However, Mr. He had no affiliation with BGI Genomics (or any other BGI entity) at the time of service.  He Decl., ¶3.  Mr.  He informed the process server that he was no longer affiliated with BGI (He Decl., ¶4), as evidenced by the proof of service identifying him as "*Former* Senior Vice President of BGI Genomics":

> 3.  a.  Party served:   BGI GENOMICS CO., LTD.
>     b.  Person served:   Yiwu He, Former Senior Vice President of BGI Genomics.

D.N. 15-2.

Moreover, Mr. He was *never* a Senior Vice President of BGI Genomics (He Decl., ¶7), but is the *Former* Senior Vice President and Head of R&D at BGI Shenzhen Co., Ltd. (He Decl., ¶¶5-6), which is a distinct corporate entity.  However, Mr. He's employment at BGI Shenzhen ended on March 31, 2019 (He Decl., ¶5), such that at the time of service of the summons, Mr. He was not an officer, director or authorized agent of BGI Genomics, BGI Shenzhen, or any other affiliate of the BGI Group. He Decl., ¶3, 5 & 7.

---

[2] *See* Decl. of Katie J.L. Scott In Support of BGI Genomics' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(5) ("Scott Decl.").

### B.     Illumina's Failure to Plausibly Allege a Claim for Direct Infringement Against BGI Genomics

BGI Genomics is a publicly traded Chinese company located in Shenzhen, China.  As part of the BGI Group, BGI Genomics is responsible for providing sequencing and other services outside the United States, primarily in Asia.  D.N. 1, Exs. 11, 16.  BGI Genomics does not operate in North America, as that region is covered by its indirect subsidiary, defendant BGI Americas.  D.N. 1, Ex. 16 at 1 (identifying BGI Americas as providing services in North, Central and South America).  For example, BGI Americas – and not BGI Genomics –recently announced the opening of its state-of the-art Mass Spectrometry Center in San Jose, CA to provide customers with mass spectrometry services.  *Id.* at 1.

Illumina's Complaint fails to allege that BGI Genomics has "used" the claimed methods in the United States.  *See* D.N. 1, *passim*.  Instead, Illumina's Complaint alleges only that BGI Genomics is "responsible for the use" of the accused products in the United States or that "those for whom it is responsible have used" the accused products in the United States.  D.N. 1, ¶49.  Thus, Illumina stops far short of alleging that BGI Genomics has actually "used" the claimed methods in the United States.

## III.    LEGAL STANDARDS

### A.     Dismissal Under Rule 12(b)(5) For Insufficient Service of Process

Federal courts do not have personal jurisdiction over a defendant if service of process is insufficient.  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Rule 12(b)(5) provides a mechanism by which a court may dismiss a complaint for "insufficient service of process."  Fed. R. Civ. P. 12(b)(5).  "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(h) sets forth several acceptable methods for service of process on foreign corporations.  First, service "[i]n a judicial district of the United States" requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).

Second, if service takes place "not within any judicial district of the United States," it must be made "in any manner prescribed by Rule 4(f)[,]" which, where applicable, requires service "by an internationally agreed means of service . . . such as those authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(h)(2); Rule 4(f)(1). China is a party to the Hague Convention of Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, such that service of process on a Chinese corporation can be perfected by serving the summons on the Central Authority designated by the State. *See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, 20 U.S.T. 362, T.I.A.S. 6638, Arts. 2, 5, 6; 1658 U.N.T.S. at 651.

Third, "in the manner prescribed by Rule 4(e)(1)," service may be accomplished "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under California law, a foreign corporation can also be served through its domestic "general manager," if available. *See* Cal. Civ. P. Code §§ 416.10, 2110. The term "general manager" as used in section 416.10 "has been interpreted to 'include any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 930 (C.D. Cal. 2008) (quoting *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998)).

### B.   Dismissal of Direct Infringement Claims Under Rule 12(b)(6) For Failure to State a Claim Upon Which Relief May be Granted

Rule 12(b)(6) permits a court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible on its face.***'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). In contrast, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*

4

*v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly, "where the well-pleaded facts do not permit the court to infer more than the ***mere possibility*** of misconduct, the complaint has alleged—but it ***has not 'show[n]'*** — 'that the pleader is entitled to relief,'" and such complaints should also be dismissed.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

In assessing whether the factual support proffered by the plaintiff's Complaint rises to the level of plausibility, the Court should not "accept allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293, 2013 WL 968210, at *3 (N.D. Cal. Mar. 12, 2013) (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).  "Thus, a reviewing court may begin 'by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (quoting *Iqbal*, 556 U.S. at 679).  Furthermore, "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification."  *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)).  After disregarding such unsupported conclusions, the "Court must then determine whether the factual allegations in the complaint 'plausibly give rise to an entitlement of relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Execware, LLC v. Staples, Inc.*, No. 1:11-cv-00836-LPS-SRF, slip. op., D.N. 124 at 3 (D. Del. Dec. 10, 2012) ("First, the court must separate the factual and legal elements of the claim, accepting the complaint's well-pleaded facts as true and disregarding the legal conclusions. . . .  Second, the court must determine whether the facts alleged in the complaint state a plausible claim[.]").  Courts must not assume that a plaintiff can prove facts beyond those actually alleged in the complaint.  *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenter*s, 459 U.S. 519, 526 (1983).

### 1.     Legal standards for direct infringement of method claims

For infringement of a method claim, a "finding of direct infringement requires that all steps of the claim are performed by or attributable to a single entity."  *Medgraph, Inc. v.*

*Medtronic, Inc.*, 843 F.3d 942, 948 (Fed. Cir. 2016); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) ("Because the asserted claim is a method claim, however, the accused devices must also *actually perform* that method.") (emphasis in original). Accordingly, the asserted claims can *only* be infringed when "each step of the claimed method *is performed*." *Lincoln Nat'l Life Ins. Co. v. Transamerica Life Ins. Co.*, 609 F.3d 1364, 1370 (Fed. Cir. 2010) (emphasis in original); *see also Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) ("Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity."). Accordingly, for a claim of direct infringement of a method claim to survive a motion to dismiss, sufficient *facts* must be alleged that support a plausible inference that the defendant actually used the device in a manner that performed each step of the claimed method in the United States.

### 2.     Legal standards for imputed liability under agency and/or alter ego theories

A defendant may be liable for the tortious actions of a third party under an agency or alter ego theory, in which the infringing activities of one party are imputed onto another. *See, e.g.*, *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. Jan. 30, 2015). Because the alter ego theory is not unique to patent law, the Federal Circuit applies the law of the regional circuit. *Wechsler v. Macke Intern. Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007). The Ninth Circuit, in turn, applies the law of the forum state for alter ego liability. *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993). Under California law, the plaintiff must prove two elements to establish alter ego liability: first there must be "such a unity of interest and ownership that the individuality, or separateness, of the said person and the corporation has ceased; [and] second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988) (emphasis omitted) (citing *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365 n.9 (1977)). "California courts generally treat the alter ego doctrine as a drastic remedy and disregard the corporate form only reluctantly and

cautiously." *Wechsler*, 486 F.3d at 1295 (citing *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*,

235 Cal. App. 3d 1220, 1249-50 (1991)); *see also Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal.

App. 4th 523, 539 (2000) ("Alter ego is an extreme remedy, sparingly used.").

An agent is defined under California law as "one who represents another, called the

principal, in dealings with third persons." Cal. Civ. Code § 2295.  Under California law, "[t]he

essential characteristics of an agency relationship . . . are as follows: (1) An agent or apparent

agent holds a power to alter the legal relations between the principal and third persons and

between the principal and himself; (2) an agent is a fiduciary with respect to matters within the

scope of the agency; and (3) a principal has the right to control the conduct of the agent with

respect to matters entrusted to him." *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*,

148 Cal. App. 4th 937, 964 (2007).  California courts have emphasized that "direct vicarious

liability must be carefully circumscribed" and "arose out of more traditional agency relationships,

and thus attaches liability to the 'mastermind' who controls or directs each step of the process."

*Joao Control & Monitoring Systems of California, LLC v. Sling Media, Inc.*, No. C-11-6277

EMC, 2012 WL 3249510, at *8 (N.D. Cal. Aug. 7, 2012).

## IV.   THIS COURT SHOULD DISMISS THE COMPLAINT AGAINST BGI GENOMICS FOR INSUFFICIENT SERVICE OF PROCESS

### A.   Service of the Summons on Mr. He Was Insufficient For Service of Process on BGI Genomics under Rule 4(h)(1)(A)

The Federal Rules of Civil Procedure provide for straightforward mechanisms for the

service of process on foreign corporations.  Rather than follow the rules, Illumina flouted the

required procedure by attempting to serve process on BGI Genomics through Mr. He, who was

not even an employee of BGI Genomics, much less an officer, member, director, or authorized

agent at the time of service.  He Decl., ¶2-3.  In fact, at the time of service, Mr. He was not

employed by any company related to the BGI Group.  *Id.*  Mr. He informed the process server

that he was no longer affiliated with BGI, as evidenced by Mr. He's declaration and the

certificate of service which identifies him as a "***Former***" Senior Vice President.  He Decl., ¶4;

D.N. 15-2.  This information alone should be sufficient for this Court to quash the service of the

summons that was purportedly directed to BGI Genomics.  *See, e.g., Surefire, LLC v. Casual*

*Home Worldwide, Inc.*, No. 12-cv-125-IED (MDD), slip. op., D.N. 22 at 4 (S.D. Cal. June 26,

2012) (granting motion to quash service of the summons and concluding declarations from each

of the two defendants stating that the party served was "not an officer, member director,

employee, or manager . . . nor an [authorized] agent . . . constitute 'strong and convincing

evidence' sufficient to rebut that presumption."); *Hailo Techs., LLC v. Anker Techs. Co. Ltd.*,

No. CV 18-690 PSG, 2018 WL 4944996, at *2 (C.D. Cal. May 8, 2018) (granting a motion to

dismiss where the company does not have an agent for service in United States, the person

served was not the defendant's employee or agent for service, and the summons was not mailed

to the defendant's business or mailing address); *Verracchia v. Aviss*, No. EDCV 17-317 DMG,

2017 WL 9486151, at *6 (C.D. Cal. Nov. 8, 2017) (quashing service of the summons where

"Plaintiffs have failed . . . to show that . . . Avis qualified as a proper recipient of service of

process for SGI under either the Federal Rules or the California Civil Procedure Code").  Thus,

the only service of process that was purportedly directed to BGI Genomics was plainly

insufficient, such that Illumina's attempted service of the summons should we quashed and the

Complaint dismissed.

### B.     Service of the Summons on Mr. He is Insufficient for Service of BGI Genomics under California Law

As discussed above, Mr. He was not an employee, officer, director, or agent of BGI

Genomics or employed by any other BGI affiliate at the time of service.  Thus, Mr. He is clearly

not a "general manager" who can accept service on behalf of BGI Genomics, such that

Illumina's service is insufficient under California law.  *See, e.g.*, *Bittel Tech., Inc. v. Bittel USA,*

*Inc.*, No. C 10-00719 HRL, 2010 WL 3221864, at *3-4 (N.D. Cal. Aug. 2010) (granting motion

to dismiss where person served "was not an employee—let alone an officer—of [the defendant

company] when he was served" and the plaintiff's evidence of the persons employment "[came]

from outdated press releases and websites of companies other than [the defendant]"); *Bender v.*

8

BGI GENOMICS' MOTION & MEM. OF P'S & A'S ISO                                              Case No. 3:19-cv-03770-WHO
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) & 12(b)(6)

*STMicroelectronics*, No. 3-09-cv-1224 MHP, slip. op., D.N. 33 at 5 (N.D. Cal. Nov. 23, 2009) (quashing summons purportedly served under section 416.10 "because plaintiff has failed to show that any actual person who qualifies under the statute actually received service").

**C.   If this Court Quashes the Attempted Service of the Summons on BGI Genomics, Illumina Must Properly Serve BGI Genomics Pursuant to the Hague Convention**

If Illumina argues that this Court should disregard its failed attempt at service and demand that BGI Genomics agree to service because BGI Genomics has been given notice of the Complaint, this Court should deny such request. The Ninth circuit has expressly denied this argument. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("[A]ctual notice does not provide the Court with personal jurisdiction over a defendant absent substantial compliance with Rule 4.") Moreover, China is a signatory to the Hague Convention, which provides for an official procedure for service of Chinese corporations. Illumina should not be allowed to bypass the Hague Convention protocols simply by serving the summons on an individual who is not even an employee of the defendant company, particularly when BGI Genomics lists its directors and officers on a publicly accessible website.

Finally, counsel for Defendants tried to obviate this dispute by seeking an agreement that would provide for the waiver of service in exchange for a routine 30-day extension to respond to the Complaint. Scott Decl., ¶4. However, Illumina refused and was thus required to follow the required procedures for service of process. *Id.*

**V.   THIS COURT SHOULD DISMISS THE CLAIMS OF DIRECT INFRINGEMENT AGAINST BGI GENOMICS FOR FAILURE TO PLAUSIBLY ALLEGE USE OF THE CLAIMED METHODS BY BGI GENOMICS IN THE UNITED STATES**

Illumina's Complaint fails to allege facts supporting a plausible inference that BGI Genomics (referred to as BGI Ltd. in the Complaint) has "used" the claimed methods in the United States. Indeed, Illumina's Complaint provides only a single paragraph per patent in support of its direct infringement claim against BGI Genomics:

> BGI Ltd. has directly infringed and continues to directly infringe the '537 Patent
> pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents,

9

because it is ***responsible for the use*** of MGISEQ and BGISEQ products in the United States. Specifically, ***BGI Ltd. or those for whom it is responsible have used*** at least the MGISEQ-2000 and BGISEQ-500 in its San Jose, California facility. BGI Ltd. ***controls and is responsible for***, with the other Defendants, directing the installation of the MGISEQ and BGISEQ products at the San Jose, California facility.

D.N. 1, ¶49 (emphasis added); *see also id.* at ¶120 (making the same assertions for the '200 patent).  In other words, Illumina's Complaint alleges only that BGI Genomics is "responsible for the use of" certain products in a San Jose, CA facility, or that "those for whom it is responsible have used" the accused products in that same facility, but fails to allege that BGI Genomics itself has used the claimed methods in the United States.  Because Illumina has not alleged that BGI Genomics performs each of the claimed method steps in the United States, it has not sufficiently alleged a claim of direct infringement by BGI Genomics.  *See, e.g.*, *Lincoln Nat'l Life*, 609 F.3d at 1370; *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2013 WL 633363, at *2-3 (N.D. Cal. Feb. 20, 2013) (granting motion to dismiss claims of direct infringement against company where "the Amended Complaint does not expressly allege that LabCorp 'makes' or 'uses' the [accused test]"); *Confident Techs., Inc. v. Fandango Media, LLC*, No. LA CV18-03035 JAK, 2018 WL 6430539, at *4 (C.D. Cal, Aug. 20, 2018) (granting motion to dismiss direct infringement claims where "[t]he present allegations, if established, would not show that Defendant itself performs each of the steps of the claims").

To the extent that Illumina attempts to put forth a claim of direct infringement by BGI Genomics based on an alter ego or agency theories, Illumina completely fails.  Illumina has not properly alleged — much less provided any facts to support — the requisite elements of establishing alter-ego or agency liability under California law.  Rather, Illumina has simply offered a single conclusory paragraph in which it alleges the following:

> [T]his Court has general and/or specific jurisdiction over all Defendants because they are alter-egos of one another and/or agents of each other because they have common directors, officers, and executives and do not respect corporate formalities. It would be unjust to treat them each as separate legal entities as they do not treat each other as such. This establishes personal jurisdiction and mutual liability because the activity of each Defendant is imputed to the other Defendants.

D.N. 1, ¶49 (emphasis added). Although Illumina briefly mentions the doctrines of alter-ego liability and agency in the context of personal jurisdiction, it contends that "mutual liability" has been established for each Defendant because they are all "alter-egos of one another and/or agents of each other" and "the activity of each Defendant is imputed to the other Defendants." Insofar as this Court interprets this passage as alleging alter ego or agency liability for BGI Genomics based on actions taken by the other Defendants, such claims should be dismissed because Illumina falls far short of its pleading burden.

Illumina does not provide factual support for any allegation of alter-ego liability beyond its conclusory assertion of common "directors, officers, and executives" and unspecified failure to "respect corporate formalities." *Id.* But this is insufficient to support a claim of direct infringement predicated on the alter ego theory. *See, e.g.*, *A. Stucki Co. v. Worthington Industries, Inc.*, 849 F.2d 593, 596-97 (Fed. Cir. 1988) (rejecting direct infringement based on alter ego where plaintiff "has pointed to no *evidence* supporting [assertion of control] beyond [stock ownership]") (emphasis in original); *Greenbroz, Inc. v. Laeger Built, LLC*, No. 3:16-cv-2946-CAB, 2017 WL 1427139, at *5 (S.D. Cal. Apr. 21, 2017) (dismissing claims of patent infringement based on alter ego liability and emphasizing that "[a] plaintiff must allege specific facts supporting both elements of alter ego liability, conclusory allegations are insufficient."); *ViaSat, Inc. v. Space Systems/Loral, Inc.*, No. 12-CV-00260-H-WVG, 2012 WL 12844737, at *3-4 (S.D. Cal. May 7, 2012) (dismissing direct infringement claims against a holding company because "inaction by a parent company in the face of infringement by a subsidiary is insufficient to constitute either direct infringement or active inducement.") (citations omitted). Such conclusory assertions are not entitled to the assumption of truth. *See, e.g.*, *FootBalance System Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS, 2017 WL 1215832, at *6-8 (S.D. Cal. Apr. 3, 2017) (dismissing claims against corporate officers under an alter ego theory because the majority of allegations were conclusory, "and stated in that manner are not entitled to the assumption of truth.") (citing *Iqbal*, 556 U.S. at 679). Similarly, this Court should not give any weight to Illumina unsupported assertion that it would be "unjust to treat [the Defendants] each as

11

separate legal entities as they do not treat each other as such.  *See id*.  Thus, Illumina has totally failed to plead sufficient facts to support a plausible inference of direct infringement liability for BGI Genomics under an alter ego theory.

To the extent that Illumina purports to plead an agency theory of liability, Illumina again fails to meet its pleading burden.  Illumina does not even allege that BGI Genomics controls any of the other Defendants, such that their actions should be imputed onto BGI Genomics.  Rather, Illumina simply concludes that BGI Genomics "controls and is responsible for, with the other Defendants, directing the installation of the MGISEQ and BGISEQ products at the San Jose, California facility."  D.N. 1, ¶¶49, 120.  Furthermore, Illumina does not allege any factual support that makes it plausible that such an agency relationship exists, further supporting dismissal of the direct infringement claims against BGI Genomics.  *See, e.g.*, *Gerritsen*, 112 F. Supp. 3d at 1043-47 (granting motion to dismiss claims based on agency and alter ego liability and denying discovery on the matter because plaintiff "has not met her burden of pleading a plausible claim for relief under Rule 8"); *Blackberry Limited v. Nokia Corp.*, No. 17-cv-155-RGA, slip. op., D.N. 47 at 4 (D. Del. Mar. 20, 2018) (dismissing claims of direct infringement against parent corporations based on actions of a U.S. subsidiary where "the complaint does not state ***facts*** supporting the existence of an agency relationship between any of the Defendants, nor does it state ***facts*** that justify piercing the corporate veil.") (emphasis added).  Thus, Illumina has failed to plead sufficient facts to support a plausible inference of direct infringement by BGI under either the alter-ego or agency theories.

These failures are not surprising, given that BGI Genomics is a Chinese company that performs sequencing services ***outside*** of the United States.  Illumina's exhibits to its Complaint recognize that this is the role of BGI Genomics within the BGI Group, and Illumina has alleged no facts to suggest otherwise.  *See, e.g.*, D.N. 1, *passim* & Exs. 11, 16.  Indeed, Illumina's exhibits demonstrate that "BGI Genomics is an independent division of BGI Group, and was listed on the Shenzhen Chi-Next exchange in July 2017."  D.N. 1, Ex. 11. The exhibits further establish that BGI Americas is a distinct indirect subsidiary of BGI Genomics, and it is ***BGI***

12

BGI GENOMICS' MOTION & MEM. OF P'S & A'S ISO
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) & 12(b)(6)                    Case No. 3:19-cv-03770-WHO

*Americas* (not BGI Genomics) that is focused on offering sequencing services to markets in the western hemisphere.  *See* D.N. 1, Ex. 16 ("BGI Americas is a subsidiary of BGI Genomics which is a publicly traded entity listed on the Shenzhen Stock Exchange in China.  BGI Americas provides comprehensive sequencing, mass spectrometry and bioinformatics services . . . in North Central and South America.").  Illumina's exhibits also show that MGI and CGI are engaged in the development, manufacturing, and installation of sequencing instrument, while the primary function of BGI Genomics is to provide direct-to-customer sequencing services.  *See, e.g.*, D.N. 1, Ex. 22 ("***MGI Tech, the instrument division*** of China's BGI . . . ."), ("US customers can receive MGI sequencing data from ***BGI Genomics, which offers sequencing services*** . . ."); *id.*, Ex. 21 ("***MGI produces sequencing devices***, equipment, consumables, and reagents[.]") (emphasis added).  Moreover, Illumina's Complaint acknowledges that the San Jose, CA research facility is a principal place of business for BGI Americas, MGI Americas, and CGI — ***not*** BGI Genomics, which has its headquarters in Shenzhen, China.  *See* D.N. 1, ¶¶10, 17.  Finally, nothing in the Complaint or exhibits thereto suggest that BGI Americas, MGI Americas or CGI act as an agent or are alter egos of BGI Genomics.  Thus, Illumina's Complaint fails to allege sufficient facts to plausibly state a claim for direct infringement, and such claims should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## V.    CONCLUSION

In light of the foregoing, Illumina has not served BGI Genomics with process in a manner consistent with Federal Rules of Civil Procedure.  Because Illumina's service of Mr. He is plainly deficient, this Court should grant the present motion and quash the attempted service of the summons on BGI Genomics.

Furthermore, by failing to allege "use" of the claimed methods in the United States by BGI Genomics, Illumina has failed to plausibly allege facts sufficient to support its claims for direct infringement.  Thus, this Court should also dismiss Illumina's claims for direct infringement against BGI Genomics for failure to state upon which relief can be granted.

1

Dated:  July 29, 2019                          Respectfully submitted,

2                                              ARNOLD & PORTER KAYE SCHOLER LLP

3

4                                              By:___/s/____Katie J.L. Scott_____

5                                              Attorneys for Defendant

6                                              BGI GENOMICS CO., LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28