# EXHIBIT 14

1   EDWARD R. REINES (Bar No. 135690)
    edward.reines@weil.com
2   DEREK C. WALTER (Bar No. 246322)
    derek.walter@weil.com
3   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
4   Redwood Shores, Ca  94065
    Telephone:  (650) 802-3000
5   Facsimile:  (650) 802-3100
6
7   Attorneys for Plaintiffs
    ILLUMINA, INC. AND ILLUMINA
8   CAMBRIDGE LTD.

9
                    **UNITED STATES DISTRICT COURT**
10                 **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**
11

12

13  ILLUMINA, INC. and                        Case No. 3:19-cv-03770-WHO
14  ILLUMINA CAMBRIDGE LTD.,

15              Plaintiffs,                    **PLAINTIFFS ILLUMINA, INC. AND
                                               ILLUMINA CAMBRIDGE LTD.'S FIRST
16          v.                                 SET OF REQUESTS FOR PRODUCTION
                                               TO DEFENDANTS BGI GENOMICS CO.,
17  BGI GENOMICS CO., LTD.,                    LTD., BGI AMERICAS CORP., MGI TECH
    BGI AMERICAS CORP.,                        CO., LTD., MGI AMERICAS, INC. AND
18  MGI TECH CO., LTD.,                        COMPLETE GENOMICS INC. (NOS. 1-5)**
    MGI AMERICAS, INC., and
19  COMPLETE GENOMICS INC.,                    **JURY TRIAL DEMANDED**

20              Defendants.
                                               Judge William H. Orrick
21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively, "Illumina") by its attorneys, hereby request that Defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., and Complete Genomics Inc. (collectively, "BGI") produce the following documents and things to Plaintiffs' counsel, Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065, within twenty-one (21) days of service hereof.

The following definitions and instructions apply to the requests for production below and should be considered as part of each such request for production.

## DEFINITIONS

1.      "BGI," "You," "Your," and "Defendants" shall each mean and refer to Defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., and Complete Genomics Inc., including their predecessors, successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., or Complete Genomics Inc., and others acting on behalf of Defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., or Complete Genomics Inc.

2.      "BGI Sequencer" shall mean and refer to any sequencer manufactured, distributed, used, offered for sale, or sold by BGI including, but not limited to, the MGISEQ-T7, MGISEQ-2000, MGISEQ-200, BGISEQ-500, or BGISEQ-50.

3.      "Document(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including without limitation originals, drafts,

1  electronic documents with included metadata, and all non-identical copies of each document (which,

2  by reason of any variation, such as the presence or absence of hand-written notes or underlining,

3  represents a distinct version). By way of example, the term "document(s)" as used herein shall include,

4  without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs;

5  telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts;

6  returns; summaries; pamphlets; circulars; press releases; advertisements; books; interoffice and intra-

7  office communications; handwritten or typewritten notes; notations or summaries of telephone

8  conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax;

9  invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded,

10  or visual material of any kind.

11      4.      "Thing(s)" shall be construed under the broadest possible construction under the Federal

12  Rules of Civil Procedure.

13      5.      As used herein, the singular form of a term shall be interpreted to include the plural and

14  vice versa.

15      6.      As used herein, the masculine form of a term shall be interpreted to include the feminine

16  and vice versa.

17      7.      Except where the context does not permit, the term "including" shall be without

18  limitation.

19      8.      Except where the context does not permit, the terms "and" and "or" shall be both

20  conjunctive and disjunctive.

21      9.      Except where the context does not permit, the terms "each" and "any" shall mean any

22  and all.

23                      **INSTRUCTIONS**

24      1.      In the event that any response is limited or documents called for by a request are withheld

25  from disclosure on a claim of attorney-client privilege, attorney work product, or any other privilege

26  or immunity, identify: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title;

27  (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the

28  individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of

dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

2.      State, for each request, whether or not any documents within the scope of the request exist and whether any such documents are in your possession, custody, or control.

3.      As to any portion of the requests that seek documents of which Defendants are aware that were at one time within Defendants' possession, custody, or control, but which are not now within or subject to Defendants' possession, custody, or control, Defendants are directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena *duces tecum*, and to give the name, telephone number, and address of the person last known by Defendants to have been in possession, custody, or control of such documents.

4.      If any document, thing, or source of information that is identified in response to a request has been destroyed or lost or is otherwise missing, state: (a) the date of such destruction or loss; (b) the reason for such destruction or loss; (c) the identity of the person or persons who destroyed or lost the document, thing, or source of information; and (d) the identity of the person or persons who authorized such destruction.

5.      Defendants are required to respond to each request set forth below, regardless of whether the information is possessed by Defendants or their respective predecessors, successors, parents, affiliates, subsidiaries, present and former officers, directors, general partners, limited partners, trustees, managers, employees, representatives, agents, sub-agents, distributors, attorneys, attorneys-in-fact, accountants, investigators, advisors, consultants, or any other person acting or purporting to act, exercising discretion, and/or making decisions on their behalf.

6.      In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Documents and Things sufficient to describe any plans You have or have had since 2018 reflecting the sale or distribution of BGI Sequencers in the United States.

**REQUEST FOR PRODUCTION NO. 2:**

Documents and Things sufficient to describe the chemical structure of the fluorescently labeled nucleotides and the steps in the sequencing technology for each model of BGI Sequencer that is the subject of Your response to Request For Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Things sufficient to show the location, model and owner of each BGI Sequencer sold or otherwise distributed by You within the United States from 2018 to present.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Things sufficient to describe the chemical structure of the fluorescently labeled nucleotides and the steps in the sequencing technology for each model of BGI Sequencer identified in Your response to Request For Production No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Things sufficient to describe the role of each defendant relative to the development of the BGI Sequencers, their installation in the United States, and their potential commercialization in the United States.

Date: July 31, 2019                          _/s/ Edward R. Reines_____
                                             Edward R. Reines (No. 135960)
                                             Derek C. Walter (Bar No. 246322)
                                             WEIL, GOTSHAL & MANGES LLP
                                             201 Redwood Shores Parkway
                                             Redwood Shores, CA 94065
                                             Tel: (650) 802-3000
                                             Fax: (650) 802-3100
                                             edward.reines@weil.com
                                             derek.walter @weil.com

                                             Attorneys for Plaintiffs
                                             ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD.