Katie J.L. Scott (Cal. Bar No. 233171)
Email address:  katie.scott@arnoldporter.com
Joshua Seitz (Cal. Bar No. 325236)
Email address:  joshua.seitz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California  94306
Telephone:     (650) 319-4500
Facsimile:      (650) 319-4700

Jennifer Sklenar* (Cal. Bar. No. 200434)
jennifer.sklenar@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone:     (202) 942-5000
Facsimile:      (202) 942-5999
*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BGI GENOMICS CO., LTD., BGI AMERICAS CORP, MGI TECH CO., LTD., MGI AMERICAS INC., and COMPLETE GENOMICS INC., <br><br> Defendants. | Case No.:   3:19-cv-03770-WHO <br><br> **BGI GENOMICS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS & 12(b)(6) TO DISMISS DIRECT INFRINGEMENT CLAIMS** <br><br> **Date:         September 4, 2019** <br> **Time:         2:00 p.m.** <br> **Courtroom: 2, 17th Floor** <br><br> The Honorable William H. Orrick |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Illumina Does Not Deny That It Still Has Failed To Properly Serve BGI Genomics, And The Attempted Service On Mr. He Should Be Quashed ........ 2

    B. Illumina Has Not Plausibly Alleged Facts Sufficient To Support A Claim Of Direct Infringement By BGI Genomics Under Any Theory ............ 4

III. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ................................................................................... 2, 6

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
    No. 15-CV-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ........................... 6

*Bascom Research LLC v. Facebook, Inc.*,
    No. C 12-6293 SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) .................................... 5

*Firstmark Capital Corp. v. Hempel Fin. Corp.*,
    859 F.2d 92 (9th Cir. 1988) ............................................................................................ 6

*Fujitsu Ltd. v. Belkin Int'l., Inc.*,
    782 F. Supp. 2d 868 (N.D. Cal. 2011) ............................................................................ 4

*Henderson v. United States*,
    517 U.S. 654 (1996) ........................................................................................................ 4

*Joao Control & Monitoring Sys., LLC v. Sling Media, Inc.*,
    No. C-11-3277 EMC, 2012 WL 3249510 (N.D. Cal. Aug. 7, 2012) .............................. 6

*Medgraph, Inc. v. Medtronic, Inc.*,
    843 F.3d 942 (Fed. Cir. 2016) ........................................................................................ 5

*Merritt v. JP Morgan*,
    No. 17-CV-06101-LHK, 2018 WL 1933478 (N.D. Cal. Apr. 24, 2018) ........................ 4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ........................................................................................................ 4

*Stevens v. Sec. Pac. Nat'l Bank*,
    538 F.2d 1387 (9th Cir. 1976) ........................................................................................ 2

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    No. C 12-05501 SI, 2013 WL 633393 (N.D. Cal. Feb. 20, 2013) ................................... 6

*Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns Inc.*,
    No. 11Civ. 4948(LTS)(HBP), 2013 WL 227691 (S.D.N.Y. Jan. 22, 2013) ................... 5

**Statutes**

35 U.S.C. § 271(a) ...................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 1, 8
Fed. R. Civ. P. 4 ..................................................................................................................... 1, 3

## I. INTRODUCTION

Illumina does not contest that its attempt to serve process on BGI Genomics via personal service on Mr. He was ineffective (D.N. 31 at 5-6), nor could it, as Illumina has been aware since before this motion was filed that Mr. He *was not affiliated* with BGI Genomics at the time of service. D.N. 27 at 1.  Rather than taking steps to properly satisfy the requirements of Rule 4, however, Illumina instead distracts from the issue with irrelevant references to the timing allowed for service of process, and the mere possibility of effectuating service by other means.  But, Illumina has not obtained a new summons from the Court issued to BGI Genomics, initiated any process under the Hague Convention, or ever asked BGI Genomics if it would waive service under Fed. R. Civ. P. 4(d)(1).  And in fact, Illumina's opposition cites no evidence showing that it has taken any such steps. D.N. 31 at 5-6.  The issue before this Court is whether the attempted service on BGI Genomics via service on Mr. He was effective, and because Illumina does not even deny that it was ineffective, that failed service of the summons and Complaint should be quashed under Rule 12(b)(5).

Illumina's opposition also fails to meaningfully address the deficiencies in its Complaint, which does not plausibly allege facts sufficient to support a claim of direct infringement by BGI Genomics under any theory.  BGI Genomics is a Chinese company, and it has no facilities in the United States. D.N. 27 at 1-3.  Under a standard direct infringement theory, there can be no dispute that an entity must perform each step of a method claim *within the United States* in order to "use" a patented invention under 35 U.S.C. § 271(a).  Yet Illumina's opposition does nothing more than assert that the Chinese company BGI Genomics somehow performs the steps of the asserted claims in "San Jose, California," and that "*the other defendants*" also do so.  D.N. 31 at 6.  But Illumina provides no plausible factual basis for its claim that BGI Genomics conducts *any* allegedly infringing activity in the United States, and the activities of *other* Defendants cannot support a claim of *direct* infringement against *BGI Genomics*.  In addition, Illumina fails to plead any facts showing that BGI Genomics directs or controls the actions of other Defendants under an alter ego or agency theory of direct infringement.  Instead, Illumina relies on a

1

mischaracterization of *Akamai*, which relates to **divided infringement**, where no single entity allegedly performs every step of an asserted method claim. Divided infringement is not alleged or at issue here, and Illumina's claims for direct infringement against BGI Genomics should therefore be dismissed under Rule 12(b)(6).

## II.     ARGUMENT

### A.     Illumina Does Not Deny That It Still Has Failed To Properly Serve BGI Genomics, And The Attempted Service On Mr. He Should Be Quashed

Illumina's excuses for its failure to satisfy its Rule 4 obligations by properly serving the party it chose to name in its Complaint are unavailing, and the attempted service on BGI Genomics via Mr. He should be quashed. Whether Illumina ever "believed in good faith" that Mr. He was an officer of BGI Genomics is irrelevant at this stage, as the proof of service document that Illumina obtained from the process server clearly indicated that Mr. He was a "former" employee,[1] and Illumina now acknowledges Mr. He's declaration stating that he had no affiliation with BGI Genomics at the time of service.[2] D.N. 31 at 3. For that reason alone, the Court should exercise its discretion to quash the attempted service on BGI Genomics. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.").

The remainder of Illumina's opposition is a distraction from the issue at hand, and does not change the fact that effective service on BGI Genomics *still* has not occurred. First, Illumina's suggestion that this motion is "premature" is simply incorrect, as the deficient service of process is an issue of Illumina's own making and forced BGI Genomics to bring this motion.

---

[1] The proof of service incorrectly refers to Mr. He as a "Former Senior Vice President of BGI Genomics," but he was in fact the former Senior Vice President and Head of R&D at BGI Shenzhen Co., Ltd., a distinct corporate entity. D.N. 27 at 2; D.N. 27-1 at 1.

[2] While acknowledging Mr. He's declaration, Illumina still refers to Mr. He's LinkedIn page as stating that he is "Global Head of R&D at BGI" (D.N. 31 at 3), even though his full title on that exhibit is "Global Head of R&D at BGI-Shenzhen." D.N. 27, Ex.1. BGI Shenzhen is a distinct entity from BGI Genomics. D.N. 27 at 1.

2

On July 3, 2019, Illumina filed a flawed certificate of service of process, leaving BGI Genomics no choice but to respond within 21 days. D.N. 15-2. BGI Genomics promptly notified Illumina of its error, but Illumina took no steps to correct it. BGI Genomics even offered to accept service, or waive formal service, if Illumina would agree to a 30-day extension for all Defendants to answer the Complaint. But that offer was refused, and Illumina would only agree to a mere seven-day extension.. Rather than negotiate a reasonable schedule, apparently Illumina would prefer to inconvenience the Court and drive-up the cost of this litigation by forcing BGI Genomics to bring this Motion.

Second, despite being immediately notified both by Mr. He and counsel for Defendants that its attempted service on BGI Genomics was deficient (D.N. 27 at 1), Illumina never withdrew the flawed certificate of service from the docket, requested waiver of service under Rule 4(d)(1), or sought a new summons from the clerk. Illumina cannot be credited for acknowledging now that BGI Genomics "is a foreign corporation" and that there is no "formal time requirement for service of foreign defendants" under Rule 4, because as of this date, Illumina still *has done nothing* to serve BGI Genomics by any other means. D.N. 31 at 4-5. While Illumina argues that it has already "taken steps to effectuate service on [BGI Genomics] through the Hague Convention process" and requests that it "must be given a reasonable opportunity to effectuate service on [BGI Genomics] in China" (D.N. 31 at 3-5), this argument is simply not credible, as there is no indication on the docket that Illumina has even sought a corrected summons from the clerk, and Rule 4 requires both that a summons "must be served with a copy of the complaint" (Rule 4(c)(1)) and must "be directed to the defendant" (Rule 4(a)(1)(B)),[3] whether for service through the Hague Convention or otherwise. Until Illumina actually obtains a new summons from the Court and provides notice that a Hague Convention process has been initiated, BGI

---

[3] The summons to BGI Genomics issued by the clerk is defective because Illumina incorrectly addressed it to "BGI Genomics Co., Ltd., c/o Yiwu He, Global Head of R&D, BGI Genomics Co., Ltd." D.N. 10 at 1.

1  Genomics has no way of determining whether these steps are actually being taken, or if Illumina
2  is delaying effective service of process for other reasons.

3        Resolving Illumina's ineffective service of process is not only important, but required
4  before this matter can proceed further.  As Illumina points out in its opposition, the Supreme
5  Court's opinion in *Henderson* explains that "service of process" is a "discrete" issue *in addition*
6  *to* this Court's jurisdictional concerns.  *Henderson v. United States*, 517 U.S. 654, 671 (1996).
7  But Illumina glosses over the obvious implication of *Henderson*, which is that "[i]n the absence
8  of service of process (or waiver of service by the defendant), a court ordinarily ***may not exercise***
9  ***power over a party*** the complaint names as defendant."  *Murphy Bros., Inc. v. Michetti Pipe*
10 *Stringing, Inc.*, 526 U.S. 344, 350 (1999) (emphasis added); *Fujitsu Ltd. v. Belkin Int'l., Inc.*, 782
11 F. Supp. 2d 868, 874, 881 (N.D. Cal. 2011) (citing *Murphy Bros.*, and quashing insufficient
12 service of process); *Merritt v. JP Morgan*, No. 17-CV-06101-LHK, 2018 WL 1933478, at *5, *9
13 (N.D. Cal. Apr. 24, 2018) (citing *Murphy Bros.*, and dismissing complaint for failure to effectuate
14 service of process under Rule 4).  While jurisdictional issues are a distinct requirement, courts
15 ***may not exercise*** personal jurisdiction over a defendant unless and until effective service of
16 process has been obtained.

      **B.**      **Illumina Has Not Plausibly Alleged Facts Sufficient To Support A Claim Of Direct Infringement By BGI Genomics Under Any Theory**

19       Illumina does not demonstrate that its Complaint alleges facts sufficient to support a claim
20 of direct infringement by BGI Genomics either standing alone, or under any alter ego or agency
21 theory of control with respect to the other named Defendants.

22       First, Illumina's opposition does not point to any facts alleged in its Complaint that can
23 support a claim that BGI Genomics ***itself*** has used the claimed methods ***in the United States***.  The
24 research facility in San Jose, California that Illumina references in its Complaint and throughout
25 its Opposition is a facility of the U.S.-based defendants, namely Complete Genomics, BGI
26 Americas, and MGI Americas, ***not*** BGI Genomics.  BGI Genomics ***does not*** tout "the California
27 facilities as its own," as Illumina alleges.  D.N. 31, 7.  As support, Illumina points to paragraphs

4

20-21 of the Complaint, but paragraph 20 includes a link to a Website for the **BGI Group**, not only the BGI Genomics entity, and the map on that Website depicts locations for various BGI Group entities around the world, including U.S.-based Complete Genomics, BGI Americas, and MGI Americas, which occupy the facility in San Jose, California.[4]

Despite the fact that BGI Genomics does not have a presence in the United States, Illumina attempts to support its direct infringement claim by pointing to several paragraphs in its Complaint that assert, without plausible factual support, that China-based BGI Genomics "used at least the MGISEQ-2000 and BGISEQ-500 in its San Jose, California facility," and that BGI Genomics "*as well as the other defendants*" continue to "use the MGISEQ and BGISEQ products and related reagents in the United States whenever they install these types of sequencers at a United States facility." D.N. 31, 6. Illumina then points to the same paragraphs of its Complaint (¶¶49, 120) that BGI Genomics discussed in its opening brief, which assert, without plausible factual support, that BGI Genomics is "responsible for the use" of the MGISEQ and BGISEQ products. *Id.* But nowhere does Illumina even allege, let alone plead sufficient facts to show, that BGI Genomics *as a single entity* performed every step of any asserted method claim in the United States (D.N. 27, 4-5), which is required for an allegation of direct infringement by BGI Genomics *itself* to satisfy *Twombly* and *Iqbal*. *See Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 948 (Fed. Cir. 2016) ("direct infringement requires that all steps of the claim are performed by or attributable to a single entity") (internal quotations omitted). Illumina's bare allegations are not only "merely conclusory" (*Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2013 WL 968210, at *3 (N.D. Cal. Mar. 12, 2013)), but also "are not entitled to the assumption of

---

[4] A public-facing Website that refers to a corporate group identity, or uses colloquial or common trade names, has no bearing on the separate legal existence of corporate entities. *See, e.g., Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns Inc.*, No. 11 Civ. 4948(LTS)(HBP), 2013 WL 227691, at *3 (S.D.N.Y. Jan. 22, 2013) (explaining that, in the context of personal jurisdiction, "use of a common trade name and references to a conglomerate as a collective entity, when included in statements intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world") (internal citations omitted).

truth" at least because it is not plausible that BGI Genomics, which has a primary business of providing direct-to-customer sequencing *services* in ***China*** (D.N. 27 at 13), would perform every step of any asserted method claim at a facility in the United States where separate and distinct U.S.-based entities are operating. *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545 at *2 (N.D. Cal. Mar. 9, 2016); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2013 WL 633393, at *2-3 (N.D. Cal. Feb. 20, 2013).

Second, Illumina's opposition fails to demonstrate that its Complaint provides ***any*** facts to support an alternative direct infringement theory under either the alter-ego or agency liability frameworks. Illumina's arguments are fatally flawed because it completely misstates the relevant law by citing to the inapposite *Akamai* opinion. D.N. 31 at 7. In *Akamai*, the Federal Circuit set forth the standard for ***divided infringement***, *i.e.*, for determining whether multiple entities performing only some steps of a method claim can still be held liable for direct infringement as joint infringers. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Illumina has not alleged joint infringement, which has nothing to do with this case, and the specific "directs or controls" and "joint enterprise" standards discussed in *Akamai* are simply not relevant to this motion.

In any case, Illumina's allegations are insufficient to support a claim of direct infringement predicated on either an alter-ego or agency theory. Illumina has not even attempted to establish alter ego liability, which requires alleging specific facts showing both that the "separateness" of the BGI Genomics and U.S.-based entities has "ceased," and that "adherence to the fiction of the separate existence of the" entities would "sanction a fraud or promote injustice." *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988). Nor has Illumina attempted to show that an agency theory applies, which requires alleging specific facts showing that BGI Genomics is actually the mastermind "who controls or directs" the U.S.-based entities. *Joao Control & Monitoring Sys., LLC v. Sling Media, Inc.*, No. C-11-3277 EMC, 2012 WL 3249510, at *8 (N.D. Cal. Aug. 7, 2012).

Instead, Illumina merely asserts, with no factual basis, that BGI Genomics "manages the infringing activity in California by controlling the Defendants" and "directs, funds, and manages the infringing activity set forth in this Complaint." D.N. 31 at 7; D.N. 1 at ¶¶20-21, 49. But most of the exhibits cited by Illumina in the Complaint do not even relate to *BGI Genomics* specifically, and none of them demonstrate that BGI Genomics controls or directs the activities of the U.S.-based Defendants. *Id*. First, BGI Genomics *does not* tout "the California facilities as its own" (*id*.), and ¶20 of the Complaint includes a link to a Website for the *BGI Group* as a whole (D.N. 1-5), with a map of facilities for various BGI Group entities around the world, including the U.S.-based Defendants. Second, none of the activities alleged in the Complaint, including "marketing efforts," "press releases and other communications," appearances at "industry and trade shows," or entering into partnerships with third parties even relate to, let alone support, a claim of direct infringement against *BGI Genomics* based on an alter-ego or agency theory. In fact, Exhibits 6-10 comprise trade show announcements on BGI's *U.S. Website* ("www.bgi.com/us"), Exhibit 11 refers to BGI Genomics' partnership with a third party for offering services *in China*, and Exhibits 12-14 are the LinkedIn profiles of three employees, none of whom claim to be employed by BGI Genomics. D.N. 1 at ¶¶20-21; D.N. 1-6 – 1-14. Therefore, these allegations cannot establish that BGI Genomics manages or controls the allegedly infringing performance of the claimed methods in the United States by other Defendants.

Nor does Illumina provide any factual basis for its conclusory allegation that BGI Genomics "directs, funds, and manages" any allegedly infringing activity. D.N. 1, ¶49.[5] But even if Illumina's Complaint did sufficiently allege any such facts (and it does not), those facts still would not come close to establishing alter ego or agency liability for *direct* infringement by

---

[5] While not strictly relevant because it is outside the pleadings, the fact is that only BGI Americas Corp. is an indirect subsidiary of BGI Genomics (*see* D.N. 21). The other two U.S.-based Defendants — Complete Genomics Inc. and MGI Americas, Inc. — are not subsidiaries of BGI Genomics. *See* D.N. 23-24.

BGI Genomics. As discussed in the opening brief, even Illumina's own exhibits to the Complaint establish that the various Defendants have distinct businesses in different geographies, with, for example, BGI Genomics "offering sequencing services" in China, and MGI Tech acting as "the instrument division" in China. D.N. 21 at 12-13. Illumina's threadbare allegations cannot satisfy the pleading standard, as they do not provide any factual basis for inferring that BGI Genomics is not actually separate from the other Defendants, or that BGI Genomics actually directs or controls the other Defendants.

### III.   CONCLUSION

In light of the foregoing, Illumina has not served BGI Genomics with process in a manner consistent with the Federal Rules of Civil Procedure. Because Illumina's service on Mr. He is plainly deficient, this Court should grant the present motion and quash the attempted service of the summons on BGI Genomics under Rule 12(b)(5).

Furthermore, by failing to allege "use" of the claimed methods in the United States by BGI Genomics, or demonstrate that alter ego or agency liability applies, Illumina has failed to plausibly allege facts sufficient to support its claims for direct infringement. Thus, this Court should also dismiss Illumina's claims for direct infringement against BGI Genomics for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Dated: August 19, 2019

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: _/s/    Katie J.L. Scott_

Attorneys for Defendant

BGI GENOMICS CO., LTD.