1
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
2
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
3
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
4
201 Redwood Shores Parkway
5
Redwood Shores, CA 94065
Telephone: (650) 802-3000
6
Facsimile: (650) 802-3100
7
8
Attorneys for Plaintiffs
ILLUMINA, INC., and ILLUMINA CAMBRIDGE LTD.

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., and ILLUMINA CAMBRIDGE LTD., | Case No. 3:19-CV-03770-WHO |
| Plaintiffs, | FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT |
| vs. | JURY TRIAL DEMANDED |
| BGI GENOMICS CO., LTD., BGI AMERICAS CORP., MGI TECH CO., LTD., MGI AMERICAS, INC., and COMPLETE GENOMICS INC., | |
| Defendants. | |

Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively "Illumina" or "Plaintiffs") for their Complaint against defendants BGI Genomics Co., Ltd. ("BGI Ltd."), BGI Americas Corp. ("BGI Americas"), MGI Tech Co., Ltd. ("MGI Ltd."), MGI Americas, Inc. ("MGI Americas"), and Complete Genomics Inc. ("CGI") (collectively "BGI" or "Defendants"), allege as follows:

**INTRODUCTION**

1.      This case is about the brazen infringement of Illumina's patented DNA sequencing technology by BGI, which is headquartered in Shenzhen, China.   Illumina is internationally recognized as the leading supplier of patented DNA sequencing equipment.   Its sequencers have been widely recognized for their high quality and performance.   Indeed, Illumina's sequencers have been the engine for the biotech revolution, including major advances in healthcare for expectant mothers and cancer patients, among others.   BGI has imitated Illumina's sequencers.   It markets copies of those sequencing systems without authorization from Illumina and in violation of its patent rights.   BGI started its commercialization effort in China and other places outside the reach of United States patent law.   It is now importing its infringing sequencers into the United States, using them in its San Jose, California facility, and threatening to sell them throughout the United States.

2.      Specifically, Illumina brings this action to halt BGI's infringement of U.S. Patent Nos. 7,566,537 (the "'537 Patent") and 9,410,200 (the "'200 Patent").   Exs. 1 ('537 Patent) & 2 ('200 Patent).   This Court has enforced the '537 Patent, issuing an injunction against earlier infringers in the face of a host of failed challenges. *Illumina, Inc. v. Qiagen, NV*, 207 F. Supp.3d 1081 (N.D. Cal. 2016) (Judge William Alsup).   The Patent Trial and Appeal Board ("PTAB") and Federal Circuit have also upheld the validity of the '537 Patent. *Intelligent Bio-Systems v. Illumina Cambridge*, 821 F.3d 1359 (Fed. Cir. 2016).

3.      In view of their infringement of the '537 Patent, BGI, through CGI, attempted to challenge the validity of Illumina's patent, notwithstanding all the decisions upholding that patent. The PTAB flatly rejected CGI's invalidity challenges. *Complete Genomics, Inc. v. Illumina Cambridge Ltd.*, IPR2017-02172, Paper 20 (PTAB Apr. 20, 2018) and IPR2017-02174, Paper 20

(PTAB Apr. 20, 2018).  CGI listed BGI Ltd. and BGI Americas as real parties in interest, evidencing their involvement with the infringing activities that are the subject of this suit.  But CGI failed to identify MGI Ltd. and MGI Americas as real parties in interest despite their involvement with the infringing products.

4.      Notwithstanding BGI's failed challenges to the '537 Patent, Defendants have imported their infringing DNA sequencing systems into the United States.  They have installed and operated their infringing sequencers at their San Jose, California facility and are threatening to sell their MGISEQ and BGISEQ products in direct competition with Illumina in the United States.

5.      In addition to the familiarity this District has with the '537 Patent from enforcing that patent against past infringers, Illumina brings this action in the Northern District of California because Defendants are heavily present in this District and are infringing the '537 and '200 Patents at their San Jose, California facility in this District.

6.      As a result of BGI's infringement, and given the threat of its growing infringement, Illumina faces a substantial risk of irreparable harm if such infringement is not halted.

## PARTIES

7.      Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

8.      Plaintiff Illumina Cambridge Ltd. is a foreign corporation with its principal place of business at Chesterford Research Park, Little Chesterford, Saffron Walden, Essex CB10 1XL, United Kingdom.

9.      Plaintiff Illumina Cambridge Ltd., a wholly-owned subsidiary of Illumina, Inc., is the owner by assignment of all right, title and interest in and to the '537 and '200 Patents.  Illumina Inc. is the exclusive licensee of the '537 and '200 Patents with the right to sue to enforce their exclusive rights.

10.     Defendant BGI Ltd. is a Chinese corporation that has its headquarters at Building No.7, BGI Park, No.21 Hongan 3rd Street, Yantian District, Shenzhen 518083, China.  BGI Ltd. controls BGI Americas, MGI Ltd., MGI Americas, and CGI as though they were not separate legal

entities and represents publicly that it has facilities in San Francisco, San Jose, Los Angeles, and San Diego. Among other things, it directs, funds, and manages the infringing activity set forth in this Complaint.

11.     Defendant BGI Americas has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. BGI Americas is, among other things, a sales and marketing arm of BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

12.     Defendant MGI Ltd. is a Chinese corporation that has its headquarters at Building No.11, Beishan Industrial Zone, Yantian District, Shenzhen 518083, China. MGI Ltd. is, among other things, responsible for developing and distributing the infringing sequencing technology. It represents publicly that it has facilities in San Jose, California. With BGI Ltd., it directs, funds and manages the infringing activity set forth in this Complaint.

13.     Defendant MGI Americas has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. MGI Americas is, among other things, a sales and marketing arm of BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

14.     Defendant CGI has a principal place of business at 2904 Orchard Pkwy, San Jose, California 95134. CGI is, among other things, a research and development entity supporting the accused activity and is involved directly and indirectly with the infringing activity set forth in this Complaint.

15.     Each and all of the Defendants had and have actual or constructive knowledge of the events, transactions, and occurrences alleged herein, and either knew or should have known of the conduct of their co-defendants and cooperated in, benefited from and/or ratified such conduct.

## JURISDICTION AND VENUE

16.     This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b). Among other things, each of the Defendants maintains and/or is responsible for the use of regular and

established physical places of business in this District.  The facts establishing this are included throughout this Complaint.  As examples, BGI Americas, MGI Americas and CGI all have principal places of business at the same address: 2904 Orchard Pkwy, San Jose, California 95134.

18.     For the foreign Defendants, venue is proper under 28 U.S.C. § 1391(b) and (c), and 1400(b), because as foreign defendants they may be sued in any judicial district, including in this District.  This District is a convenient forum for resolution of the parties' disputes set forth herein and Judge Alsup of this District has experience with the patents-in-suit.  This foreign defendant venue allegation applies to at least BGI Ltd. and MGI Ltd., whom both represent themselves as foreign corporations.

19.     This Court has personal jurisdiction over each of the Defendants via general and/or specific jurisdiction.  The Defendants have systematic and continuous contacts in California such that they are essentially at home in California, as set forth throughout this Complaint.   They have minimum contacts in California sufficient to warrant the exercise of jurisdiction given their contacts in relation to the infringing activity and otherwise, as set forth throughout this Complaint.   Insofar as the Defendants, including BGI Ltd. and MGI Ltd., deny that they are subject to personal jurisdiction in any individual jurisdiction, the aggregation of their contacts throughout the United States supports the exercise of personal jurisdiction over them.

20.     BGI Ltd. manages the infringing activity in California by controlling the Defendants and, directly and indirectly, funding, developing, marketing, promoting and operating the infringing sequencing systems:

a.     BGI Ltd.'s website represents that it has multiple locations in California, including San Francisco, San Jose, Los Angeles, and San Diego.  Ex. 5 (available at: http://en.genomics.cn/en-global.html (last accessed: June 27, 2019) (*red box showing U.S. locations in San Francisco, San Jose, Los Angeles, and San Diego added*)).  It touts that it has both "representative offices" and "laboratories" in California.



b.   BGI Ltd. promotes the infringing MGISEQ and BGISEQ by directing its marketing efforts to California, including its press releases and other communications.

c.   BGI Ltd.'s executives travel to California to manage and promote the infringing products.  This includes BGI Ltd.'s presence at industry and trade shows, including SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018);  American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019). Exs. 6-10.  For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January 2018.  Ex. 7.  Indeed, BGI Ltd.'s executives often travel to this District in connection with the infringing activity.

d.   In March 2019, BGI Ltd. entered into a $50 million partnership with Natera, Inc. ("Natera"), a company headquartered in San Carlos, CA, which permits Natera to use the infringing DNA sequencing products for commercial purposes.  Ex. 11.

1    21.   Further, the following is an exemplary list of various employees associated with

2  "BGI Group"—an amorphous label used by BGI—that are involved with development and/or

3  marketing of the infringing technology:

4         a.   Group VP and CEO of BGI Americas Region at BGI Group, Yongwei Zhang, resides

5              in Sunnyvale, CA.  Ex. 12.

6         b.   Director of Product Management, Ke Zhan, identifies BGI Ltd. as being located in

7              San Jose, California and that he works for this entity.  Ex. 13.

8         c.   BGI Group–Business Development Associate, Yuhan Zhang, resides in the San

9              Francisco Bay Area and worked in San Jose, California.  Ex. 14.  In this role, Ms.

10             Zhang "[i]dentified new business opportunities, reached out to potential partners and

11             managed existed relationship through email campaign, framed contracts and MoU."

12             Further, she describes her responsibilities as having, "[o]rganized and supported

13             marketing events in North and South America to promote the brand and publicity."

14             *Id.*

15   22.   At a minimum this Court has jurisdiction over BGI Ltd. because Plaintiffs' claims

16  arise under federal law, BGI Ltd. is not subject to general jurisdiction in any state's courts of general

17  jurisdiction, and this exercise of jurisdiction comports with due process.  With regard to due process,

18  BGI Ltd. has continuous and systematic contacts with California that gives rise to infringement,

19  including targeting the California market for its products as a whole, through at least advertising,

20  threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ

21  and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system

22  on its website.   Also, its contacts with this forum in connection with the infringing activity are

23  sufficient to support the exercise of specific jurisdiction.

24   23.   Defendant BGI Americas is present in California and commits acts of infringement

25  in California:

26

27

28

a.  BGI Americas is present in this District with its "West Coast Innovation Center" in San Jose, California where it conducts research.  Ex. 15.  It announced the expansion of that facility at the ASMS Conference in San Jose, California in May 2019.  Ex. 16.  This is evidence that BGI Americas is physically located in this District.

b.  BGI Americas is involved in the research and development of BGI's NGS technologies at its San Jose, California facility.  *Id.*

c.  Several senior-level BGI Americas employees involved with product development, sales and marketing of the infringing technology state they live in this District.  For example, BGI Americas' Group VP, CEO of the Americas Region, Yongwei Zhang, BGI Americas' Director of Marketing, Johan Christiaanse, and BGI America's Regional Sales Manager, Rosanna Schroeder, reside in the San Francisco Bay Area.  Exs. 12, 17-18.  This is evidence that BGI Americas is physically located in this District and involved with the infringing technology in California.

24.  At a minimum this Court has jurisdiction over BGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process.  With regard to due process, BGI Americas has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.  Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

25.  Defendant MGI Ltd. is present in California and commits acts of infringement in California:

a.  A map on MGI Tech's website shows that it has a San Jose, California facility that is a "Research Center" and a "Commercial and After-Sales Service Center."  Ex. 19 (available at: https://en.mgitech.cn/page/gsjj.html (last accessed: June 27, 2019) (*red box showing U.S. location in San Jose, California added*))



b.  MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation."  Ex. 20.  NGS stands for "next generation sequencing."  MGI states on its website: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  *Id.* This is evidence that MGI Ltd. and MGI Americas are responsible for infringement of the '537 Patent.

c.  MGI Ltd. through its President, Duncan Yu, appeared at the J.P. Morgan Healthcare Conference in San Francisco, California on January 9, 2019 to promote its infringing sequencers by announcing its price and promoting its intent to sell them in the United States.  Ex. 21.  This is evidence that MGI Ltd. is responsible for the infringement of the '537 Patent in this District.

d.  On March 4, 2019 in San Jose, California, MGI Ltd. announced claimed improvements to its sequencing technology and its plans to enter the United States market.  Exs. 22-23.

e.    MGI Ltd. is involved in the research, development and marketing of the infringing products.  Exs. 20-23.

f.    Senior-level MGI Ltd. employees involved with product development and marketing of the infringing products are located in this District.  For example, MGI Ltd.'s Chief Science Officer, Rade Drmanac, Director of Business Development, Jia Sophie Liu, and VP of Engineering, Paul Lundquist, state they reside in the San Francisco Bay Area.  Exs. 24-27.

26.    At a minimum this Court has jurisdiction over MGI Ltd. because Plaintiffs' claims arise under federal law, MGI Ltd. is not subject to general jurisdiction in any state's courts of general jurisdiction, and this exercise of jurisdiction comports with due process.  With regard to due process, MGI Ltd. has continuous and systematic contacts with California, including targeting the California market for its products as a whole, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.  Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

27.    Defendant MGI Americas is present in California and commits acts of infringement in California:

a.    MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation."  Ex. 20.  NGS stands for "next generation sequencing."  MGI states on its website: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  *Id.* This is evidence that MGI Americas and MGI Ltd. are responsible for the infringement of the '537 Patent.

b.   MGI Americas is involved in the research, development and marketing of the infringing products. *Id.*

c.   MGI Americas' field service engineer, Abigail Frank, states she "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

28.   At a minimum this Court has jurisdiction over MGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, MGI Americas has continuous and systematic contacts with California, including targeting the United States as a market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website. Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

29.   Defendant CGI is present in California and commits acts of infringement in California:

a.   CGI is involved in the development, marketing and operation of the infringing products in its San Jose, California facility. Ex. 29.

b.   Several senior-level CGI employees involved with product development and marketing state they live in this District. For example, CGI's Vice President of Marketing, Suzanne Yakota, CGI's Director, Shifeng Li, and CGI's Chief Scientific Officer, Rade Drmananc, state they reside in the San Francisco Bay Area. Exs. 24, 30-31.

c.   CGI Fluidics Systems Engineer, Wei Wang, states she "[e]nsures the proper installation qualification and operation qualification (IQ/OQ), and instrument performance verification (IPV) of NGS systems, such as the BGISEQ-500 in an ISO 17025 accredited and customer-oriented environment." Ex. 32. Ms. Wang elaborates she is "[r]esponsible for creating and compiling comprehensive

procedural documentation for NGS systems, for processes including IQ/OQ, IPV, troubleshooting, repairs, replacement parts, calibrations, and maintenance." *Id.*

d.   CGI further recently began seeking to hire at least a "Sr. Regional Sales Manager/Director" and "Strategic Accounts Specialist/Manager/Director" based in San Jose, California. Exs. 33-34. According to the job postings, the positions, *inter alia*, would: (i) "provide a one touch-point for the global customers with the full MGI product portfolio"; (ii) "[n]avigate orders through the customer purchasing process"; and (iii) be "responsible for leading regional sale activities for MGI's NGS Sequencing instruments, reagents, software or solutions in the designated region." *Id.*

30.   At a minimum this Court has jurisdiction over CGI because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, CGI has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on the MGISEQ and BGISEQ systems, MGISEQ and BGISEQ reagent kits and/or MGISP-960 sample prep system on its website.

31.   Alternatively, this Court has general and/or specific jurisdiction over all Defendants because they are alter-egos of one another and/or agents of each other because they have common directors, officers, and executives and do not respect corporate formalities. It would be unjust to treat them each as separate legal entities as they do not treat each other as such. This establishes personal jurisdiction and mutual liability because the activity of each Defendant is imputed to the other Defendants.

## INTRA-DISTRICT ASSIGNMENT

32.   Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District. However, because Judge William Alsup has direct experience with the '537 and '200 Patent, and this technology, this case is properly assigned to his Court in the San Francisco Division.

## BACKGROUND

### The MGISEQ and BGISEQ Systems Infringe the '537 and '200 Patents

33.     On July 28, 2009, the United States Patent and Trademark Office duly and legally issued the '537 Patent, entitled "Labelled Nucleotides."  The named inventors of the '537 Patent are Shankar Balasubramanian, Colin Barnes, Xioahai Liu, John Milton, Harold Swerdlow, and Xioalin Wu.  By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '537 Patent.  The '537 Patent is attached hereto.  Ex. 1.

34.     On August 9, 2016, the United States Patent and Trademark Office duly and legally issues the '200 Patent, entitled "Labelled Nucleotides."  The named inventors of the '200 Patent are Shankar Balasubramanian, Colin Barnes, Xiaohai Liu, and John Milton.  By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '200 Patent.  The '200 Patent is attached hereto.  Ex. 2.

35.     In or around October 2015, BGI Ltd. launched the BGISEQ-500, a desktop sequencing instrument.  According to BGI Ltd., the BGISEQ-500 "was developed by it's [sic] Complete Genomics Subsidiary in Silicon Valley, California."  Ex. 7 at 3.  In or around November 2016, BGI Ltd. launched the BGISEQ-50, a smaller version of the BGISEQ-500.  In or around October 2017, BGI launched two genetic sequencing instruments, the MGISEQ-200 and the MGISEQ-2000, as upgrades to the BGISEQ-50 and BGISEQ-500.  In or around October 2018, MGI announced a new model called the MGISEQ-T7.  The BGISEQ and MGISEQ devices (referred to throughout this complaint as "BGISEQ" and "MGISEQ") are identified in MGI Ltd.'s product brochures, on the "Sequencer" section of MGI Ltd.'s website, and the product user manuals, which are all publically accessible on MGI Ltd.'s website.  A copy of the MGISEQ-2000 product brochure, relevant pages of the website itself, and the user manual are attached.  Exs. 35 (brochure), 36 (website), 37 (user manual).

36.     MGI, Ltd.'s Chief Scientific Officer, Rade Drmanac, stated that "the current sequencing chemistry relies on stepwise sequencing-by-synthesis (SBS) where 3'-blocked nucleotides are labeled with cleavable fluorescent dyes, which leave behind a molecular 'scar' after they are removed.  This chemistry is similar to that used by Illumina and others."  Ex. 22 at 3.

37.     To demonstrate how Defendants infringe at least claim 1 of the '537 Patent with their MGISEQ and BGISEQ sequencers, attached is a preliminary and exemplary claim chart.  Ex. 3.  This chart is not intended to limit Plaintiffs' right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims or any other claims of the '537 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each claim element that is mapped to MGISEQ and BGISEQ products and related reagents shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

38.     Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, at least claim 1 of the '537 Patent by using the MGISEQ and BGISEQ sequencers and related reagents within the United States.  Defendants have used the MGISEQ and BGISEQ sequencers in the United States as part of their preparations to enter North American markets, specifically in connection with research, development, testing, and/or promotional activities related to the products.  Defendants also use the MGISEQ and BGISEQ products and related reagents in the United States whenever they install these types of sequencers at a United States facility.  This includes the BGI facilities in San Jose, California.

39.     Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b).  The operation of Defendants' MGISEQ and BGISEQ sequencers directly infringe at least claim 1 of the '537 Patent.  Defendants actively induce infringement by promoting the infringing products, encouraging their infringing use and threatening to sell them throughout the United States.  For example, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manger/Director, in the United States to promote and sell the infringing products domestically.  As a further example,

1    Defendants distribute MGISEQ and BGISEQ promotional and marketing materials and the

2    MGISEQ and BGISEQ User Manuals in websites directed to the United States market.

3        40.    Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c).  Users

4    of the MGISEQ and BGISEQ products directly infringe at least claim 1 of the '537 Patent when

5    they use these systems.  Defendants contribute to infringement by supplying in the United States

6    products designed for use in practicing claim 1 of the '537 Patent, including for example the

7    MGISEQ and BGISEQ systems themselves, MGISEQ and BGISEQ reagent kits, and the MGISP-

8    960 sample prep system and by threatening to sell those systems throughout the United States.

9        41.    To demonstrate how Defendants infringe at least claim 1 of the '200 Patent with their

10    MGISEQ and BGISEQ sequencers, attached is a preliminary and exemplary claim chart.  Ex. 4.

11    This chart is not intended to limit Plaintiffs' right to modify this chart or any other claim chart or

12    allege that other activities of Defendants infringe the identified claims or any other claims of the

13    '200 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each

14    claim element that is mapped to MGISEQ and BGISEQ products and related reagents shall be

15    considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore

16    a response to each allegation is required.

17        42.    Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a),

18    literally or under the doctrine of equivalents, at least claim 1 of the '200 Patent by using the

19    MGISEQ and BGISEQ sequencers and related reagents within the United States.  Defendants have

20    used the MGISEQ and BGISEQ sequencers in the United States as part of their preparations to enter

21    North American markets, specifically in connection with research, development, testing, and/or

22    promotional activities related to the products.  Defendants also use the MGISEQ and BGISEQ

23    products and related reagents in the United States whenever they install these types of sequencers

24    at a United States facility.  This includes the BGI facilities in San Jose, California.

25        43.    Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b).  The

26    operation of Defendants' MGISEQ and BGISEQ sequencers directly infringe at least claim 1 of the

27    '200 Patent.  Defendants actively induce infringement by promoting the infringing products,

28

encouraging their infringing use and threatening to sell them throughout the United States.  For example, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manager/Director, in the United States to promote and sell the infringing products domestically.  As a further example, Defendants distribute MGISEQ and BGISEQ promotional and marketing materials and the MGISEQ and BGISEQ User Manuals in websites directed to the United States market.

44.     Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c).  Users of the MGISEQ and BGISEQ products directly infringe at least claim 1 of the '200 Patent when they use these systems.  Defendants contribute to infringement by supplying in the United States products designed for use in practicing claim 1 of the '200 Patent, including for example the MGISEQ and BGISEQ systems themselves, MGISEQ and BGISEQ reagent kits, and the MGISP-960 sample prep system and by threatening to sell those systems throughout the United States.

## COUNT I

### Infringement of U.S. Patent No. 7,566,537 ("'537 Patent")

45.     Illumina re-alleges and incorporates by this reference the allegations contained throughout this Complaint into each allegation of infringement and request for remedies.

46.     Defendants and users of Defendants' infringing products have and continue to directly infringe, literally or by equivalence, claim 1 of the '537 Patent by practicing one or more claims of the '537 Patent by using the MGISEQ and BGISEQ products and other infringing products.   The following allegations identify the acts of direct, induced and contributory infringement by each named defendant as supplemented by the allegations throughout this Complaint.

**BGI Ltd.'s Infringement of the '537 Patent**

47.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.  Together with the other Defendants, BGI Ltd. has copied that technology.  BGI Ltd. has had knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

48.     BGI Ltd. has failed to resist the temptation of importing its infringing technology into the large United States market and has done so in the face of the '537 Patent.  BGI Ltd. knows that its activities in connection with the MGISEQ and BGISEQ products will infringe the '537 Patent.

**Direct Infringement By BGI Ltd.**

49.     BGI Ltd. has directly infringed and continues to directly infringe the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by importing the MGISEQ and BGISEQ products into the United States and using the MGISEQ and BGISEQ within the United States, among other infringing acts.  Specifically, BGI Ltd. has used the MGISEQ and BGISEQ in the United States at its San Jose, California facility.

50.     Alternatively, BGI Ltd. directly infringes because it directs and controls other BGI entities with respect to their use of MGISEQ and BGISEQ products in the United States.  Upon information and belief, BGI Ltd. has directed, either directly or indirectly, its subsidiaries and affiliates, including the other Defendants, to develop, install, and use the MGISEQ-2000 and BGISEQ-500 in its San Jose, California facility.  For example, BGI Ltd.'s own press release asserts that "the BGISEQ-500 NGS platform" was developed by it's [sic] Complete Genomics Subsidiary in Silicon Valley, California."  Ex. 7 at 3.  BGI Ltd.'s direction and control of this and the other infringing conduct of its subsidiaries set forth herein can be reasonably inferred from BGI's public documents and activity.

51.     For example, BGI Ltd.'s website represents that it has multiple locations in California, including San Francisco, San Jose, Los Angeles, and San Diego.  Ex. 5 (available at:

http://en.genomics.cn/en-global.html (last accessed: September 13, 2019).  It touts that it has both "representative offices" and "laboratories" in California, thus suggesting that it controls the activities in those offices notwithstanding that they may be formally associated with another BGI entity.  In addition, CGI identified BGI Ltd. as a real-party-in-interest in CGI's IPR directed to the '537 Patent, thus indicating that BGI Ltd. ultimately directs and controls the BGI Group's activity that infringes the '537 Patent.

52.     Further, BGI Ltd.'s executives travel to California to manage and promote the infringing products.  This includes BGI Ltd.'s presence at industry and trade shows, including SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018);  American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019).  Exs. 6-10.  For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January 2018.  Ex. 7.  Indeed, BGI Ltd.'s executives often travel to this District in order to manage and direct the infringing activity.

**Induced Infringement by BGI Ltd.**

53.     BGI Ltd. is liable for the induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '537 Patent through a range of activities related to the BGISEQ and MGISEQ Systems.  BGI Ltd. is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

54.     BGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems with the knowledge and specific intent that users, including other Defendants, will use the BGISEQ and MGISEQ systems to infringe by performing the patented methods of the '537 Patent.  For example,

BGI has controlled, alone or in concert with the other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems such that the BGISEQ and MGISEQ systems have with pre-programmed software protocols that control operation of the BGISEQ and MGISEQ systems so that users are given the sole option of operating the BGISEQ and MGISEQ systems in a manner that infringes.

55.    BGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the BGISEQ and MGISEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by performing the patented methods of the '537 Patent.

56.    BGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of various reagent kits (which use specialized labeled nucleotides), including for example the BGISEQ-500 paired-end 100 kit contains all reagents (including dNTPs that are needed to perform DNA sequencing on the BGISEQ-500), with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by performing the patented methods of the '537 Patent.

57.    BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ systems with the knowledge and specific intent that users, including the other Defendants, will use these sequencing instruments to infringe by performing the patented methods of the '537 Patent.   For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

58.    BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products by others, including the other Defendants.   For example, BGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks,

1   product detail sheets, and technical specification sheets.  These materials direct users to use the

2   MGISEQ and BGISEQ and related products in an infringing manner.

3        59.   Further, BGI Ltd. induces the infringement of the other Defendants by directing,

4   participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the

5   San Jose facility and elsewhere in the United States

6        60.   BGI Ltd. performed all these acts with knowledge that the induced acts constitute

7   infringement.  At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards

8   to users' underlying infringement.

9   **Contributory Infringement By BGI Ltd.**

10       61.   BGI Ltd. is liable for contributory infringement of the '537 Patent pursuant to 35

11  U.S.C. § 271(c).  Specifically, BGI Ltd. has and is contributing to the infringement of the '537

12  Patent by, without authority, supplying within the United States, materials and apparatuses for

13  practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ,

14  the MGISP-960, and the MGISEQ and BGISEQ reagent kits (which use specialized labeled

15  nucleotides).  These products constitute a material part of the claimed invention of the '537 Patent.

16       62.   BGI Ltd. knows that the BGISEQ and MGISEQ, materials and apparatuses designed

17  for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute

18  material parts of the inventions of the '537 Patent and that they are not a staple article or commodity

19  of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and

20  MGISEQ is a specialized sequencing instrument that carries out a specific method for sequencing

21  DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials

22  or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and

23  MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

24  BGI Ltd. knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed

25  for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple

26  articles or commodities of commerce suitable for substantial non-infringing use because these

27  products have no use apart from infringing the '537 Patent.  BGI Ltd. knows that the use of its

28

products by the other Defendants and third parties infringes the '537 Patent and it supplies them anyway.

**Willful Infringement By BGI Ltd.**

63.     As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   BGI Ltd.'s infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.   Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which BGI Ltd. should have been aware, BGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.   In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing infringement.

64.     BGI Ltd.'s infringement of the '537 Patent has injured Illumina in its business and property rights.   Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.   Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

65.     BGI Ltd.'s infringement of the '537 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**BGI Americas' Infringement of the '537 Patent**

66.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.   Together with the other Defendants, BGI Americas has copied that technology.   BGI Americas has had knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

**Direct Infringement By BGI Americas**

67.     BGI Americas has and is directly infringing the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United States, among other infringing acts.  Specifically, BGI Americas has used the MGISEQ and BGISEQ in the United States at its San Jose, California facility.

**Induced Infringement By BGI Americas**

68.     BGI Americas is liable for their induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '537 Patent through a range of activities related to the MGISEQ and BGISEQ, among other things.

69.     BGI Americas is inducing infringement by promoting the use of the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '537 Patent.  BGI Americas is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

70.     BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ with the knowledge and specific intent that users, including other Defendants, will use the BGISEQ and MGISEQ to infringe by performing the patented methods of the '537 Patent.

71.     BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their BGISEQ and MGISEQ products.  These materials direct users, including other Defendants, to use the BGISEQ and MGISEQ and related products in an infringing manner.  By providing reagent kits for use on the BGISEQ and MGISEQ, BGI Americas induces infringement.

1    72.    Further, BGI Americas induces the infringement of other Defendants by participating

2    in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose

3    facility and elsewhere in the United States.

4    73.    BGI Americas acted with knowledge that the induced acts constitute infringement.

5    BGI Americas acted with knowledge of or willful blindness with regards to users' underlying

6    infringement.

7    **Contributory Infringement by BGI Americas**

8    74.    BGI Americas is liable for contributory infringement of the '537 Patent pursuant to

9    35 U.S.C. § 271(c).  Specifically, BGI Americas contributes to the infringement of the '537 Patent

10   by, without authority, supplying within the United States materials and apparatuses for practicing

11   the claimed invention of the '537 Patent, including at least the BGISEQ and MGISEQ, the MGISP-

12   960, and the associated reagent kits (which use specialized labeled nucleotides).  These products

13   constitute a material part of the claimed inventions of the '537 Patent.

14   75.    BGI Americas knows that the BGISEQ and MGISEQ, materials and apparatuses

15   designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits,

16   constitute material parts of the inventions of the '537 Patent and that they are not a staple article or

17   commodity of commerce suitable for substantial non-infringing use.  As documented above, the

18   BGISEQ and MGISEQ are specialized sequencing instruments that carry out a specific method for

19   sequencing DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ,

20   the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the

21   BGISEQ and MGISEQ reagent kits are a staple article of commerce suitable for substantial non-

22   infringing use.  BGI Americas knows that the BGISEQ and MGISEQ, the materials or apparatuses

23   specifically designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ

24   reagents kits are not staple articles or commodities of commerce suitable for substantial non-

25   infringing use because these products have no use apart from infringing the '537 Patent.  BGI

26   Americas knows that the use of its products by other Defedants and third parties infringes the '537

27   Patent and supplies them anyway.

28

1

**Willful Infringement By BGI Americas**

2    76.    As set forth throughout this Complaint, BGI Americas has acted willfully and

3  egregiously in performing the acts of infringement and threatening to perform the acts of

4  infringement identified in this Complaint.  BGI Americas' infringement of the '537 Patent has been

5  and is deliberate and willful and constitutes egregious misconduct.  Despite actual knowledge of

6  the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes*

7  review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016,

8  when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

9  16-cv-02788-WHA), of which BGI Americas should have been aware, BGI Americas continues to

10  perform the acts of infringement and threatens to perform the acts of infringement identified in this

11  Complaint.   In performing the acts of infringement and threatening to perform the acts of

12  infringement identified in this Complaint, BGI Americas has been willfully blind to its ongoing

13  infringement.

14    77.    BGI Americas' infringement of the '537 Patent has injured Illumina in its business

15  and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant

16  to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and

17  the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

18    78.    BGI Americas' infringement of the '537 Patent has caused irreparable harm to

19  Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

20  by this Court.

21    **MGI Ltd.'s Infringement of the '537 Patent**

22    79.    Illumina's patented sequencing technology is well-known and has been enforced

23  very publicly against infringers.  Together with the other Defendants, MGI Ltd. has copied that

24  technology.  MGI Ltd. has had knowledge of the '537 Patent since at least before October 5, 2017,

25  the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and

26  failed.

27

28

1

**Direct Infringement By MGI Ltd.**

2      80.     MGI Ltd. directly infringes the '537 Patent pursuant to 35 U.S.C. § 271(a), literally

3   or under the doctrine of equivalents, because it is responsible for the use of MGISEQ and BGISEQ

4   products in the United States.   Specifically, because MGI Ltd. claims to be the "leading

5   manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used the

6   MGISEQ and BGISEQ in the United States.  MGI Ltd.'s website states that its San Jose, California

7   facility has a "Research Center" and a "Commercial and After-Sales Service Center."

8      **Induced Infringement By MGI Ltd.**

9      81.     MGI Ltd. is liable for the induced infringement of the '537 Patent pursuant to 35

10   U.S.C. § 271(b).   Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing

11   infringement of at least claims 1 of the '537 Patent through a range of activities related to the

12   MGISEQ and BGISEQ, among other infringing acts.  MGI Ltd. is responsible for substantial

13   marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage

14   and support the sale of those products in the United States.

15      82.     MGI Ltd. has induced infringement by controlling, alone or in concert with other

16   Defendants, the design, manufacture, and supply of the MGISEQ and BGISEQ with the knowledge

17   and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to

18   infringe by performing the patented methods of the '537 Patent.  For example, MGI Ltd. is the

19   "legal manufacturer" of the MGISEQ and BGISEQ.  MGI Ltd. controls the website on which

20   MGISEQ and BGISEQ is marketed and sold. MGI Ltd. controls the website that hosts *inter alia* the

21   MGISEQ and BGISEQ User Manual(s), the various reagent kit manuals, technical handbooks,

22   product detail sheets, and technical specification sheets.  These materials direct users, including

23   other Defendants, to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ reagent kits in an

24   infringing manner.  By providing reagent kits and directing users, including other Defendants, to

25   purchase these reagent kits for use on the MGISEQ and MGISEQ, MGI Ltd. induces infringement.

26      83.     MGI Ltd. has induced infringement by controlling, alone or in concert with the other

27   Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the

28

1   MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and

2   specific intent that users, including other Defendants, will use these products to infringe by

3   performing the patented methods of the '537 Patent.

4          MGI Ltd. has induced infringement by controlling, alone or in concert with the other

5   Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits

6   (which use specialized labeled nucleotides), with the knowledge and specific intent that users,

7   including other Defendants, will use these products to infringe by performing the patented methods

8   of the claimed inventions.   For example, Ms. Abigail Frank, Field Service Engineer at MGI

9   represents that her job entails "servic[ing] NGS instruments and lab automated work stations at

10  Complete Genomics in San Jose, as well as external customers throughout North and South

11  America." Ex. 28.

12         84.   MGI Ltd. has induced infringement by users of its products, including the other

13  Defendants, by disseminating promotional and marketing materials relating to the MGISEQ and

14  BGISEQ with the knowledge and specific intent that users will use the MGISEQ or BGISEQ to

15  infringe by performing the patented methods of the '537 Patent.  MGI Ltd. controls the website that

16  hosts promotional and marketing materials.

17         85.   MGI Ltd. has induced infringement by distributing other instructional materials,

18  product manuals, technical materials, and bioinformatics software platforms with the knowledge

19  and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ

20  products.  For example, MGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the

21  various reagent kit manuals, technical handbooks, product detail sheets, and technical specification

22  sheets, all of which are available on the MGI Ltd.'s website.  These materials direct users, including

23  other Defendants, to use the MGISEQ and BGISEQ and related products in an infringing manner.

24  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation

25  of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed

26  software protocols that control operation of the MGISEQ and BGISEQ so that each use of the

27  MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users, including other

28

1   Defendants, to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Ltd. induces

2   infringement.

3         86.    Further, MGI Ltd. induces the infringement of other Defendants by participating in,

4   supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility

5   and elsewhere in the United States.

6         87.    MGI Ltd. acted with knowledge that the induced acts constitute infringement.  MGI

7   Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

8         Contributory Infringement By MGI Ltd.

9         88.    MGI Ltd. is liable for contributory infringement of the '537 Patent pursuant to 35

10   U.S.C. § 271(c).  Specifically, MGI Ltd. contributes to the infringement of the '537 Patent by,

11   without authority, supplying within the United States, materials and apparatuses for practicing the

12   claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-

13   960, and the associated reagent kits (which use specialized labeled nucleotides).  These products

14   constitute a material part of the claimed invention of the '537 Patent.

15         89.    MGI Ltd. knows that the MGISEQ and BGISEQ, materials and apparatuses designed

16   for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of

17   the inventions of the '537 Patent and that they are not a staple article or commodity of commerce

18   suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are

19   specialized sequencing instruments that carry out a specific method for sequencing DNA using

20   specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or

21   apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and

22   BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

23   MGI Ltd. knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed

24   for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple

25   articles or commodities of commerce suitable for substantial non-infringing use because these

26   products have no use apart from infringing the '537 Patent.  MGI Ltd. knows that the use of its

27   products by other Defendants and third parties infringes the '537 Patent and supplies them anyway.

28

1    **Willful Infringement By MGI Ltd.**

2    90.    As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously

3    in performing the acts of infringement and threatening to perform the acts of infringement identified

4    in this Complaint.  MGI Ltd.'s infringement of the '537 Patent has been and is deliberate and willful

5    and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least

6    before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to

7    invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed

8    suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA),

9    of which MGI Ltd. should have been aware, MGI Ltd. continues to perform the acts of infringement

10   and threatens to perform the acts of infringement identified in this Complaint.  In performing the

11   acts of infringement and threatening to perform the acts of infringement identified in this Complaint,

12   MGI Ltd. has been willfully blind to its ongoing infringement.

13   91.    MGI Ltd's infringement of the '537 Patent has injured Illumina in its business and

14   property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

15   35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

16   reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

17   92.    MGI Ltd.'s infringement of the '537 Patent has caused irreparable harm to Illumina

18   and will continue to cause such harm unless and until their infringing activities are enjoined by this

19   Court.

20   **MGI Americas' Infringement of the '537 Patent**

21   93.    Illumina's patented sequencing technology is well-known and has been enforced

22   very publicly against infringers.  Together with the other Defendants, MGI Americas has copied

23   that technology.  MGI Americas has had knowledge of the '537 Patent since at least before October

24   5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537

25   Patent and failed.

26

27

28

1   **Direct Infringement By MGI Americas**

2   94.   MGI Americas has and is directly infringing the '537 Patent pursuant to 35 U.S.C. §

3   271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

4   the United States.  Specifically, because MGI Americas claims to be the "leading manufacturer and

5   developer of BGI's proprietary NGS instrumentation," MGI Americas has used the MGISEQ and

6   BGISEQ in the United States.  MGI Americas' San Jose, California facility has a "Research Center"

7   and a "Commercial and After-Sales Service Center."

8   **Induced Infringement By MGI Americas**

9   95.   MGI Americas is liable for their induced infringement of the '537 Patent pursuant to

10   35 U.S.C. § 271(b).  Specifically, MGI Americas has and is actively, knowingly, and intentionally

11   inducing of at least claims 1 of the '537 Patent through a range of activities related to the MGISEQ

12   and BGISEQ, among other infringing acts.  MGI Americas is responsible for substantial marketing

13   of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support

14   the sale of those products in the United States.

15   96.   MGI Americas has induced infringement by controlling, alone or in concert with the

16   other Defendants, the design, manufacture and supply of the MGISEQ and BGISEQ with the

17   knowledge and specific intent that users, including other Defendants, will use the MGISEQ and

18   BGISEQ to infringe by performing the patented methods of the '537 Patent.  MGI Americas

19   distributes, *inter alia*, the MGISEQ and BGISEQ User Manual(s), the various reagent kit manuals,

20   technical handbooks, product detail sheets, and technical specification sheets.  These materials

21   direct users, including other Defendants, to use the MGISEQ and BGISEQ and MGISEQ and

22   BGISEQ reagent kits in an infringing manner.  By providing reagent kits and directing users to

23   purchase these reagent kits for use on the MGISEQ and MGISEQ, BGI Americas induces

24   infringement.

25   97.   MGI Americas has induced infringement by distributing materials or apparatuses to

26   be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the

27

28

1  knowledge and specific intent that users, including the other Defendants, will use these products to

2  infringe by performing the patented methods of the '537 Patent.

3       98.    MGI Americas has induced infringement by distributing MGISEQ and BGISEQ

4  reagent kits (which use specialized labeled nucleotides) with the knowledge and specific intent that

5  users, including other Defendants, will use these products to infringe by performing the patented

6  methods of the '537 Patent.  For example, Ms. Abigail Frank, Field Service Engineer at MGI

7  represents that her job entails "servic[ing] NGS instruments and lab automated work stations at

8  Complete Genomics in San Jose, as well as external customers throughout North and South

9  America."  Ex. 28.

10      99.    MGI Americas has induced infringement by users of its products, including other

11  Defendants, by disseminating promotional and marketing materials relating to the MGISEQ and

12  BGISEQ with the knowledge and specific intent that users will use the MGISEQ or BGISEQ to

13  infringe by performing the patented methods of the '537 Patent.

14      100.   MGI Americas has induced infringement by distributing other instructional

15  materials, product manuals, technical materials, and bioinformatics software platforms with the

16  knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ

17  and BGISEQ products.  For example, MGI Americas is responsible for the MGISEQ and BGISEQ

18  User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and

19  technical specification sheets.  These materials direct users, including other Defendants, to use the

20  MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ

21  and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using

22  the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control

23  operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.

24  By providing reagent kits and directing users, including other Defendants, to purchase these reagent

25  kits for use on the MGISEQ and BGISEQ, MGI Americas induces infringement.

26

27

28

1      101.   Further, MGI Americas induces the infringement of other Defendants by

2  participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the

3  San Jose facility and elsewhere in the United States.

4      102.   MGI Americas acted with knowledge that the induced acts constitute infringement.

5  MGI Americas acted with knowledge of or willful blindness with regards to users' underlying

6  infringement.

7      **Contributory Infringement By MGI Americas**

8      103.   MGI Americas is liable for contributory infringement of the '537 Patent pursuant to

9  35 U.S.C. § 271(c).  Specifically, MGI Americas has and is contributing to the infringement of the

10 '537 Patent by, without authority, distributing within the United States, materials and apparatuses

11 for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ,

12 the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These

13 products constitute a material part of the claimed invention of the '537 Patent.

14     104.   MGI Americas knows that the MGISEQ and BGISEQ, materials and apparatuses

15 designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material

16 parts of the inventions of the '537 Patent and that they are not a staple article or commodity of

17 commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and

18 BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing

19 DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials

20 or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and

21 BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

22 MGI Americas knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically

23 designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are

24 not staple articles or commodities of commerce suitable for substantial non-infringing use because

25 these products have no use apart from infringing the '537 Patent.   MGI Americas knows that the

26 use of its products by other Defendants and third parties infringes the '537 Patent and supplies them

27 anyway.

28

**Willful Infringement By MGI Americas**

105.     As set forth throughout this Complaint, MGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   MGI Americas' infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which MGI Americas should have been aware, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

106.     MGI Americas' infringement of the '537 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

107.     MGI Americas' infringement of the '537 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**CGI's Infringement of the '537 Patent**

108.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers.   Together with the other Defendants, CGI has copied that technology.  CGI has had knowledge of the '537 Patent since at least before October 5, 2017, the date it filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed.

**Direct Infringement By CGI**

109.   CGI has and is directly infringing the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United States, among other infringing acts.  CGI has installed MGISEQ and BGISEQ systems at CGI locations in the United States, including its San Jose, California facility.  CGI has used the MGISEQ and BGISEQ in the United States.

**Induced Infringement by CGI**

110.   CGI is liable for their induced infringement of the '537 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '537 Patent through a range of activities related to the MGISEQ and BGISEQ, among other infringing acts.  CGI is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

111.   CGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '537 Patent.

112.   CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '537 Patent.

113.   CGI has induced infringement by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '537 Patent.

114.   CGI has induced infringement by creating distribution channels for the aforementioned MGISEQ and BGISEQ, materials and apparatuses for use with the MGISEQ and BGISEQ Systems, and the associated reagent kits, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '537 Patent.

115.   CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.   These materials direct users, including other Defendants, to use the MGISEQ and BGISEQ and related products in an infringing manner.   For example, the MGISEQ and BGISEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.   By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and BGISEQ, CGI induces infringement.

116.   Further, CGI  induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility and elsewhere in the United States.

117.   CGI acted with knowledge that the induced acts constitute infringement.  CGI acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by CGI**

118.   CGI is liable for contributory infringement of the '537 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, CGI has and is contributing to infringement of the '537 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '537 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).   These products constitute a material part of the claimed invention of the '537 Patent.

119.   CGI knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagent kits, constitute material parts of the inventions of the '537 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.  CGI knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '537 Patent.  CGI knows that the use of its products by other Defendants and third parties infringes the '537 Patent and it supplies them anyway.

**Willful Infringement By CGI**

120.   As set forth throughout this Complaint, CGI has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   CGI's infringement of the '537 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite actual knowledge of the '537 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which CGI should have been aware, CGI continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, CGI has been willfully blind to its ongoing infringement.

121.   CGI's infringement of the '537 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

1    35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

2    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

3         122.    CGI's infringement of the '537 Patent has caused irreparable harm to Illumina and

4    will continue to cause such harm unless and until their infringing activities are enjoined by this

5    Court.

6    **COUNT II**

7    **Infringement of U.S. Patent No. 9,410,200 ("'200 Patent")**

8         123.    Illumina re-alleges and incorporates by this reference the allegations contained

9    throughout this Complaint into each allegation of infringement and request for remedies.

10         124.    Defendants and users of Defendants' infringing products have and continue to

11    directly infringe, literally or by equivalence, claim 1 of the '200 Patent by practicing one or more

12    claims of the '200 Patent by using the MGISEQ and BGISEQ products and other infringing

13    products.  The following allegations identify the acts of direct, induced and contributory

14    infringement by each named defendant as supplemented by the allegations throughout this

15    Complaint.

16    **BGI Ltd.'s Infringement of the '200 Patent**

17         125.    Illumina's patented sequencing technology is well-known and has been enforced

18    very publicly against infringers.  Together with the other Defendants, BGI Ltd. has copied that

19    technology.  BGI Ltd. has had knowledge of the '200 Patent since at least before October 5, 2017,

20    the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a

21    patent related to the '200 Patent, and failed.

22         126.    BGI Ltd. has failed to resist the temptation of importing its infringing technology

23    into the large United States market and has done so in the face of the '200 Patent.  BGI Ltd. knows

24    that its activities in connection with the MGISEQ and BGISEQ products will infringe the '200

25    Patent.

26

27

28

1    **Direct Infringement By BGI Ltd.**

2    127.    BGI Ltd. has directly infringed and continues to directly infringe the '200 Patent

3    pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by importing the

4    MGISEQ and BGISEQ into the United States and using the MGISEQ and BGISEQ within the

5    United States, among other infringing acts.  Specifically, BGI Ltd. has used the MGISEQ and

6    BGISEQ in the United States at its San Jose, California facility.

7    128.    Alternatively, BGI Ltd. directly infringes because it directs and controls other BGI

8    entities with respect to their use of the MGISEQ and BGISEQ products in the United States.  Upon

9    information and belief, BGI Ltd. has directed, either directly or indirectly, its subsidiaries and

10   affiliates, including the other Defendants, to develop, install, and use the MGISEQ-2000 and

11   BGISEQ-500 in its San Jose, California facility.  For example, BGI Ltd.'s own press release asserts

12   that "the BGISEQ-500 NGS platform" was developed by it's [sic] Complete Genomics Subsidiary

13   in Silicon Valley, California."  Ex. 7 at 3.  BGI Ltd.'s direction and control of this and the other

14   infringing conduct of its subsidiaries set forth herein can be reasonably inferred from BGI's public

15   documents and activity.

16   129.    For example, BGI Ltd.'s website represents that it has multiple locations in

17   California, including San Francisco, San Jose, Los Angeles, and San Diego.  Ex. 5 (available at:

18   http://en.genomics.cn/en-global.html (last accessed: September 13, 2019).  It touts that it has both

19   "representative offices" and "laboratories" in California, thus suggesting that it controls those

20   activities in those offices notwithstanding that they may be formally  associated with another BGI

21   entity.  In addition, CGI identified BGI Ltd. as a real-party-in-interest in CGI's IPR directed to the

22   '537 Patent, thus indicating that BGI ultimately directs and controls the BGI Group's activity that

23   infringes both the '537 and '200 Patents.

24   130.    Further, BGI Ltd.'s executives travel to California to manage and promote the

25   infringing products.  This includes BGI Ltd.'s presence at industry and trade shows, including

26   SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare

27   Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference

28

("PAG") XXVI in San Diego, California (Jan. 13-17, 2018);  American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019).  Exs. 6-10.  For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January 2018.  Ex. 7.  Indeed, BGI Ltd.'s executives often travel to this District in order to manage and direct the infringing activity.

### Induced Infringement by BGI Ltd.

131.   BGI Ltd. is liable for the induced infringement of the '200 Patent pursuant to 35 U.S.C. § 271(b).  Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '200 Patent through a range of activities related to the BGISEQ and MGISEQ Systems.  BGI Ltd. is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

132.   BGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems with the knowledge and specific intent that users, including other Defendants, will use the BGISEQ and MGISEQ systems to infringe by performing the patented methods of the '200 Patent.  For example, BGI has controlled, alone or in concert with the other Defendants, the design, manufacture, and supply of the BGISEQ and MGISEQ systems such that the BGISEQ and MGISEQ systems have pre-programmed software protocols that control operation of the BGISEQ and MGISEQ systems so that users, including other Defendants, are given the sole option of operating the BGISEQ and MGISEQ systems in a manner that infringes.

133.   BGI has induced infringement by controlling, alone or in concert with the other Defendants, the design,  manufacture, and supply of materials or apparatuses to be used with the BGISEQ and MGISEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

134.    BGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of various reagent kits (which use specialized labeled nucleotides), including for example the BGISEQ-500 paired-end 100 kit contains all reagents (including dNTPs that are needed to perform DNA sequencing on the BGISEQ-500), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

135.    BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ systems with the knowledge and specific intent that users, including other Defendants, will use these sequencing instruments to infringe by performing the patented methods of the '200 Patent.  For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

136.    BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, BGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users, including other Defendants, to use the MGISEQ and BGISEQ and related products in an infringing manner.

137.    Further, BGI Ltd. induces the infringement of other Defendants by directing, participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility and elsewhere in the United States.

138.    BGI Ltd. performed all these acts with knowledge that the induced acts constitute infringement.  At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By BGI Ltd.**

139.    BGI Ltd. is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, BGI Ltd. has and is contributing to the infringement of the '200

1   Patent by, without authority, supplying within the United States, materials and apparatuses for

2   practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ,

3   the MGISP-960, and the MGISEQ and BGISEQ reagent kits (which use specialized labeled

4   nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

5        140.   BGI Ltd. knows that the BGISEQ and MGISEQ, materials and apparatuses designed

6   for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute

7   material parts of the inventions of the '200 Patent and that they are not a staple article or commodity

8   of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and

9   MGISEQ is a specialized sequencing instrument that carries out a specific method for sequencing

10  DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials

11  or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and

12  MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

13  BGI Ltd. knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed

14  for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple

15  articles or commodities of commerce suitable for substantial non-infringing use because these

16  products have no use apart from infringing the '200 Patent.  BGI Ltd. knows that the use of its

17  products by other Defendants and third parties infringes the '200 Patent and it supplies them

18  anyway.

19       **<u>Willful Infringement By BGI Ltd.</u>**

20       141.   As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously

21  in performing the acts of infringement and threatening to perform the acts of infringement identified

22  in this Complaint.  BGI Ltd.'s infringement of the '200 Patent has been and is deliberate and willful

23  and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before

24  October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the

25  '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

26  when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

27  16-cv-02788-WHA), of which BGI Ltd. should have been aware, BGI Ltd. continues to perform

28

1   the acts of infringement and threatens to perform the acts of infringement identified in this

2   Complaint.   In performing the acts of infringement and threatening to perform the acts of

3   infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing

4   infringement.

5          142.   BGI Ltd.'s infringement of the '200 Patent has injured Illumina in its business and

6   property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

7   35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

8   reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

9          143.   BGI Ltd.'s infringement of the '200 Patent has caused irreparable harm to Illumina

10   and will continue to cause such harm unless and until their infringing activities are enjoined by this

11   Court.

12          **BGI Americas' Infringement of the '200 Patent**

13          144.   Illumina's patented sequencing technology is well-known and has been enforced

14   very publicly against infringers.  Together with the other Defendants, BGI Americas has copied that

15   technology.  BGI Americas has had knowledge of the '200 Patent since at least before October 5,

16   2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent,

17   a patent related to the '200 Patent, and failed.

18          **Direct Infringement By BGI Americas**

19          145.   BGI Americas has and is directly infringing the '200 Patent pursuant to 35 U.S.C. §

20   271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

21   the United States, among other infringing acts.  Specifically, BGI Americas has used the MGISEQ

22   and BGISEQ in the United States at its San Jose, California facility.

23          **Induced Infringement By BGI Americas**

24          146.   BGI Americas is liable for their induced infringement of the '200 Patent pursuant to

25   35 U.S.C. § 271(b).  Specifically, BGI Americas has and is actively, knowingly, and intentionally

26   inducing infringement of at least claim 1 of the '200 Patent through a range of activities related to

27   the MGISEQ and BGISEQ, among other things.

28

147.    BGI Americas is inducing infringement by promoting the use of the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '200 Patent.  BGI Americas is responsible for substantial marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

148.    BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to the BGISEQ and MGISEQ with the knowledge and specific intent that users, including other Defendants, will use the BGISEQ and MGISEQ to infringe by performing the patented methods of the '200 Patent.

149.    BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their BGISEQ and MGISEQ products.   These materials direct users, including other Defendants, to use the BGISEQ and MGISEQ and related products in an infringing manner.  By providing reagent kits for use on the BGISEQ and MGISEQ, BGI Americas induces infringement.

150.    Further, BGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility and elsewhere in the United States.

151.    BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by BGI Americas**

152.    BGI Americas is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, BGI Americas contributes to the infringement of the '200 Patent by, without authority, supplying within the United States materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the BGISEQ and MGISEQ, the MGISP-

960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed inventions of the '200 Patent.

153.    BGI Americas knows that the BGISEQ and MGISEQ, materials and apparatuses designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagent kits, constitute material parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the BGISEQ and MGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, nor the BGISEQ and MGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.  BGI Americas knows that the BGISEQ and MGISEQ, the materials or apparatuses specifically designed for use with the BGISEQ and MGISEQ, and the BGISEQ and MGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.  BGI Americas knows that the use of its products by  other Defendants and third parties infringes the '200 Patent and supplies them anyway.

**Willful Infringement By BGI Americas**

154.    As set forth throughout this Complaint, BGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.  BGI Americas' infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which BGI Americas should have been aware, BGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and

1  threatening to perform the acts of infringement identified in this Complaint, BGI Americas. has

2  been willfully blind to its ongoing infringement.

3       155.   BGI Americas' infringement of the '200 Patent has injured Illumina in its business

4  and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant

5  to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and

6  the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

7       156.   BGI Americas' infringement of the '200 Patent has caused irreparable harm to

8  Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

9  by this Court.

10  **MGI Ltd.'s Infringement of the '200 Patent**

11       157.   Illumina's patented sequencing technology is well-known and has been enforced

12  very publicly against infringers.  Together with the other Defendants, MGI Ltd. has copied that

13  technology.  MGI Ltd. has had knowledge of the '200 Patent since at least before October 5, 2017,

14  the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a

15  patent related to the '200 Patent, and failed.

16  **Direct Infringement By MGI Ltd.**

17       158.   MGI Ltd. directly infringes the '200 Patent pursuant to 35 U.S.C. § 271(a), literally

18  or under the doctrine of equivalents, because it is responsible for the use of MGISEQ and BGISEQ

19  products in the United States.  Specifically, because MGI Ltd. claims to be the "leading

20  manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used the

21  MGISEQ and BGISEQ in the United States.  MGI Ltd.'s website clearly states that its San Jose,

22  California facility has a "Research Center" and a "Commercial and After-Sales Service Center."

23  **Induced Infringement By MGI Ltd.**

24       159.   MGI Ltd. is liable for the induced infringement of the '200 Patent pursuant to 35

25  U.S.C. § 271(b).  Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing

26  infringement of at least claims 1 of the '200 Patent through a range of activities related to the

27  MGISEQ and BGISEQ, among other infringing acts.  MGI Ltd. is responsible for substantial

28

1  marketing of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage

2  and support the sale of those products in the United States.

3       160.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other

4  Defendants, the design, manufacture, and supply of the MGISEQ and BGISEQ with the knowledge

5  and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to

6  infringe by performing the patented methods of the '200 Patent.  For example, MGI Ltd. is the

7  "legal manufacturer" of the MGISEQ and BGISEQ.  MGI Ltd. controls the website on which

8  MGISEQ and BGISEQ is marketed and sold. MGI Ltd. controls the website that hosts *inter alia* the

9  MGISEQ and BGISEQ User Manual(s), the various reagent kit manuals, technical handbooks,

10  product detail sheets, and technical specification sheets.  These materials direct users, including

11  other Defendants, to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ reagent kits in an

12  infringing manner.  By providing reagent kits and directing users, including other Defendants, to

13  purchase these reagent kits for use on the MGISEQ and MGISEQ, MGI Ltd. induces infringement.

14       161.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other

15  Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the

16  MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and

17  specific intent that users, including other Defendants, will use these products to infringe by

18  performing the patented methods of the '200 Patent.

19       162.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other

20  Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits

21  (which use specialized labeled nucleotides), with the knowledge and specific intent that users,

22  including other Defendants, will use these products to infringe by performing the patented methods

23  of the claimed inventions.  For example, Ms. Abigail Frank, Field Service Engineer at MGI

24  represents that her job entails "servic[ing] NGS instruments and lab automated work stations at

25  Complete Genomics in San Jose, as well as external customers throughout North and South

26  America." Ex. 28.

27

28

163.   MGI Ltd. has induced infringement by users of its products, including other Defendants, by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ or BGISEQ to infringe by performing the patented methods of the '200 Patent.  MGI Ltd. controls the website that hosts promotional and marketing materials.

164.   MGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, MGI Ltd. is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets, all of which are available on the MGI Ltd.'s website.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes. By providing reagent kits and directing users including other Defendants, to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Ltd. induces infringement.

165.   Further, MGI Ltd. induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility and elsewhere in the United States.

166.   MGI Ltd. acted with knowledge that the induced acts constitute infringement.  MGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By MGI Ltd.**

167.   MGI Ltd. is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Ltd. contributes to the infringement of the '200 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-

1   960, and the associated reagent kits (which use specialized labeled nucleotides).  These products

2   constitute a material part of the claimed invention of the '200 Patent.

3       168.   MGI Ltd. knows that the MGISEQ and BGISEQ, materials and apparatuses designed

4   for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material parts of

5   the inventions of the '200 Patent and that they are not a staple article or commodity of commerce

6   suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are

7   specialized sequencing instruments that carry out a specific method for sequencing DNA using

8   specific labeled nucleotides.   As such, neither the MGISEQ and BGISEQ, the materials or

9   apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and

10   BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

11   MGI Ltd. knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed

12   for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple

13   articles or commodities of commerce suitable for substantial non-infringing use because these

14   products have no use apart from infringing the '200 Patent.  MGI Ltd. knows that the use of its

15   products by other Defendants and third parties infringes the '200 Patent and it supplies them

16   anyway.

17       **Willful Infringement By MGI Ltd.**

18       169.   As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously

19   in performing the acts of infringement and threatening to perform the acts of infringement identified

20   in this Complaint.  MGI Ltd.'s infringement of the '200 Patent has been and is deliberate and willful

21   and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before

22   October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the

23   '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

24   when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

25   16-cv-02788-WHA), of which MGI Ltd. should have been aware, MGI Ltd. continues to perform

26   the acts of infringement and threatens to perform the acts of infringement identified in this

27   Complaint.   In performing the acts of infringement and threatening to perform the acts of

28

1    infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing

2    infringement.

3           170.    MGI Ltd's infringement of the '200 Patent has injured Illumina in its business and

4    property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

5    35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

6    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

7           171.    MGI Ltd.'s infringement of the '200 Patent has caused irreparable harm to Illumina

8    and will continue to cause such harm unless and until their infringing activities are enjoined by this

9    Court.

10          **MGI Americas' Infringement of the '200 Patent**

11          172.    Illumina's patented sequencing technology is well-known and has been enforced

12   very publicly against infringers.  Together with the other Defendants, MGI Americas has copied

13   that technology.  MGI Americas has had knowledge of the '200 Patent since at least before October

14   5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537

15   Patent, a patent related to the '200 Patent, and failed.

16          **Direct Infringement By MGI Americas**

17          173.    MGI Americas has and is directly infringing the '200 Patent pursuant to 35 U.S.C. §

18   271(a), literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within

19   the United States.  Specifically, because MGI Americas claims to be the "leading manufacturer and

20   developer of BGI's proprietary NGS instrumentation," MGI Americas has used the MGISEQ and

21   BGISEQ in the United States.  MGI Americas' San Jose, California facility that has a "Research

22   Center" and a "Commercial and After-Sales Service Center."

23          **Induced Infringement By MGI Americas**

24          174.    MGI Americas is liable for their induced infringement of the '200 Patent pursuant to

25   35 U.S.C. § 271(b).  Specifically, MGI Americas has and is actively, knowingly, and intentionally

26   inducing of at least claims 1 of the '200 Patent through a range of activities related to the MGISEQ

27   and BGISEQ, among other infringing acts.  MGI Americas is responsible for substantial marketing

28

of BGI products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale of those products in the United States.

175.    MGI Americas has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture and supply of the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '200 Patent.   MGI Americas distributes, *inter alia*, the MGISEQ and BGISEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.   These materials direct users, including other Defendants, to use the MGISEQ and BGISEQ and MGISEQ and BGISEQ reagent kits in an infringing manner.   By providing reagent kits and directing users to purchase these reagent kits for use on the MGISEQ and MGISEQ, BGI Americas induces infringement.

176.    MGI Americas has induced infringement by distributing materials or apparatuses to be used with the MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

177.    MGI Americas has induced infringement by distributing MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides) with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.   For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

178.    MGI Americas has induced infringement by users of its products by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ or BGISEQ to infringe by performing the patented methods of the '200 Patent.

179.   MGI Americas has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  For example, MGI Americas is responsible for the MGISEQ and BGISEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on the MGISEQ and BGISEQ, MGI Americas induces infringement.

180.   Further, MGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility and elsewhere in the United States.

181.   MGI Americas acted with knowledge that the induced acts constitute infringement. MGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

### Contributory Infringement By MGI Americas

182.   MGI Americas is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C. § 271(c).  Specifically, MGI Americas has and is contributing to the infringement of the '200 Patent by, without authority, distributing within the United States, materials and apparatuses for practicing the claimed invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the associated reagent kits (which use specialized labeled nucleotides).  These products constitute a material part of the claimed invention of the '200 Patent.

183.   MGI Americas knows that the MGISEQ and BGISEQ, materials and apparatuses designed for use with the MGISEQ and BGISEQ, and the associated reagent kits, constitute material

parts of the inventions of the '200 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.  MGI Americas knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '200 Patent.   MGI Americas knows that the use of its products by other Defendants and third parties infringes the '200 Patent and it supplies them anyway.

**Willful Infringement By MGI Americas**

184.    As set forth throughout this Complaint, MGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint.   MGI Americas' infringement of the '200 Patent has been and is deliberate and willful and constitutes egregious misconduct.  Despite knowledge of the '200 Patent since at least before October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016, when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No. 16-cv-02788-WHA), of which MGI Americas should have been aware, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint.  In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

185.    MGI Americas' infringement of the '200 Patent has injured Illumina in its business and property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant

1  to 35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and

2  the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

3        186.  MGI Americas' infringement of the '200 Patent has caused irreparable harm to

4  Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

5  by this Court.

6  **CGI's Infringement of the '200 Patent**

7        187.  Illumina's patented sequencing technology is well-known and has been enforced

8  very publicly against infringers.  Together with the other Defendants, CGI has copied that

9  technology.  CGI has had knowledge of the '200 Patent since at least before October 5, 2017, the

10  date it filed two petitions for *inter partes* review in attempt to invalidate the '537 Patent, a patent

11  related to the '200 Patent, and failed.

12  **Direct Infringement By CGI**

13        188.  CGI has and is directly infringing the '200 Patent pursuant to 35 U.S.C. § 271(a),

14  literally or under the doctrine of equivalents, by using the MGISEQ and BGISEQ within the United

15  States, among other infringing acts.  CGI has installed MGISEQ and BGISEQ systems at CGI

16  locations in the United States, including its San Jose, California facility.  CGI has used the MGISEQ

17  and BGISEQ in the United States.

18  **Induced Infringement by CGI**

19        189.  CGI is liable for their induced infringement of the '200 Patent pursuant to 35 U.S.C.

20  § 271(b).  Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement

21  of at least claim 1 of the '200 Patent through a range of activities related to the MGISEQ and

22  BGISEQ, among other infringing acts.  CGI is responsible for substantial marketing of BGI

23  products, including the MGISEQ and BGISEQ, and is threatening to encourage and support the sale

24  of those products in the United States.

25        190.  CGI has induced infringement by controlling, alone or in concert with the other

26  Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the

27  MGISEQ and BGISEQ Systems, including for example the MGISP-960, with the knowledge and

28

specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

191.    CGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of various MGISEQ and BGISEQ reagent kits (which use specialized labeled nucleotides), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

192.    CGI has induced infringement by disseminating promotional and marketing materials relating to the MGISEQ and BGISEQ with the knowledge and specific intent that users, including other Defendants, will use the MGISEQ and BGISEQ to infringe by performing the patented methods of the '200 Patent.

193.    CGI has induced infringement by creating distribution channels for the aforementioned MGISEQ and BGISEQ, materials and apparatuses for use with the MGISEQ and BGISEQ Systems, and the associated reagent kits, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '200 Patent.

194.    CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their MGISEQ and BGISEQ products.  These materials direct users to use the MGISEQ and BGISEQ and related products in an infringing manner.  For example, the MGISEQ and BGISEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using the MGISEQ and BGISEQ, which are sold with pre-programmed software protocols that control operation of the MGISEQ and BGISEQ so that each use of the MGISEQ and BGISEQ infringes.  By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on the MGISEQ and BGISEQ, CGI induces infringement.

1    195.   Further, CGI induces the infringement of other Defendants by participating in,

2    supporting, and encouraging their use of the BGISEQ and MGISEQ products at the San Jose facility

3    and elsewhere in the United States.

4    196.   CGI acted with knowledge that the induced acts constitute infringement.  CGI acted

5    with knowledge of or willful blindness with regards to users' underlying infringement.

6    **Contributory Infringement by CGI**

7    197.   CGI is liable for contributory infringement of the '200 Patent pursuant to 35 U.S.C.

8    § 271(c).  Specifically, CGI has and is contributing to infringement of the '200 Patent by, without

9    authority, supplying within the United States, materials and apparatuses for practicing the claimed

10   invention of the '200 Patent, including at least the MGISEQ and BGISEQ, the MGISP-960, and the

11   associated reagent kits (which use specialized labeled nucleotides).  These products constitute a

12   material part of the claimed invention of the '200 Patent.

13   198.   CGI knows that the MGISEQ and BGISEQ, materials and apparatuses designed for

14   use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagent kits, constitute material

15   parts of the inventions of the '200 Patent and that they are not a staple article or commodity of

16   commerce suitable for substantial non-infringing use.  As documented above, the MGISEQ and

17   BGISEQ are specialized sequencing instruments that carry out a specific method for sequencing

18   DNA using specific labeled nucleotides.  As such, neither the MGISEQ and BGISEQ, the materials

19   or apparatuses specifically designed for use with the MGISEQ and BGISEQ, nor the MGISEQ and

20   BGISEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use.

21   CGI knows that the MGISEQ and BGISEQ, the materials or apparatuses specifically designed for

22   use with the MGISEQ and BGISEQ, and the MGISEQ and BGISEQ reagents kits are not staple

23   articles or commodities of commerce suitable for substantial non-infringing use because these

24   products have no use apart from infringing the '200 Patent.  CGI knows that the use of its products

25   by other Defendants and third parties infringes the '200 Patent and supplies them anyway.

26

27

28

1

**Willful Infringement By CGI**

2          199.    As set forth throughout this Complaint, CGI has acted willfully and egregiously in

3   performing the acts of infringement and threatening to perform the acts of infringement identified

4   in this Complaint.   CGI's infringement of the '200 Patent has been and is deliberate and willful and

5   constitutes egregious misconduct.   Despite knowledge of the '200 Patent since at least before

6   October 5, 2017, the date CGI filed two petitions for *inter partes* review in attempt to invalidate the

7   '537 Patent, a patent related to the '200 Patent, and failed, and at least as far back as May 24, 2016,

8   when Plaintiffs filed suit on the '537 Patent in *Illumina, Inc. et al. v. Qiagen N.V. et al.* (Civ. A. No.

9   16-cv-02788-WHA), of which CGI should have been aware, CGI continues to perform the acts of

10  infringement and threatens to perform the acts of infringement identified in this Complaint.   In

11  performing the acts of infringement and threatening to perform the acts of infringement identified

12  in this Complaint, CGI has been willfully blind to its ongoing infringement.

13         200.    CGI's infringement of the '200 Patent has injured Illumina in its business and

14  property rights.  Illumina is entitled to recovery of monetary damages for such injuries pursuant to

15  35 U.S.C. § 284 in an amount to be determined at trial.  Illumina deserves treble damages and the

16  reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

17         201.    CGI's infringement of the '200 Patent has caused irreparable harm to Illumina and

18  will continue to cause such harm unless and until their infringing activities are enjoined by this

19  Court.

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

WHEREFORE, Illumina prays for relief as follows:

A.      Judgment that Defendants have infringed one or more claims of the '537 and '200 Patents;

C.      An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringement of the '537 and '200 Patents;

E.      An award of damages pursuant to 35 U.S.C. § 284;

F.      A declaration that Defendants' infringement of the patents in-suit has been willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284;

G.      An order for an accounting of damages from Defendants' infringement;

H.      An award to Illumina of their costs and reasonable expenses to the fullest extent permitted by law;

I.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

J.      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Illumina hereby demands a trial by jury on all issues so triable.

1   Dated:  September 18, 2019                    Respectfully Submitted,

2

3

4                                               WEIL, GOTSHAL & MANGES LLP
                                                Edward R. Reines
5                                               Derek C. Walter

6

7

8                                     By:  _____ */s/ Edward R. Reines*_____
9                                                    Edward R. Reines
                                                   Attorneys for Plaintiffs
10                                                    ILLUMINA, INC.,
                                              ILLUMINA CAMBRIDGE LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28