UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ILLUMINA, INC., et al.,

    Plaintiffs,

    v.

BGI GENOMICS CO., LTD, et al.,

    Defendants.

Case No. 19-cv-03770-WHO

**ORDER REGARDING MOTIONS TO SEAL**

    Plaintiffs Illumina Inc. and Illumina Cambridge Ltd. (collectively, "Illumina") and defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., and Complete Genomics, Inc. (collectively, "BGI") have filed multiple motions to seal in two cases before me, Case No. 19-cv-3770 ("*Illumina I*") and Case No. 20-cv-1465 ("*Illumina II*"). These relate to Illumina's motions for a preliminary injunction filed in each case. Both parties' sealing requests are overbroad. They are DENIED without prejudice.

    The parties filed several motions to seal various portions of their briefing and supporting papers in connection with Illumina's motions for a preliminary injunction, including a dispute related to discovery for those motions. *See Illumina I*, Dkt. Nos. 84, 92, 119, 124, 137, 145; *Illumina II*, Dkt. Nos. 10, 53, 55, 59, 67, 75, 82, 85, 87. In addition, the parties both filed motions to seal portions of the slides presented at the preliminary injunction hearing. *Illumina I*, Dkt. Nos. 150, 152, 160, 164.

    A party seeking to seal judicial records attached to a dispositive motion must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted). "[S]ources of business information that might harm a litigant's competitive standing"

1  may constitute a compelling reason to seal, as may a company's confidential profit, cost, and
2  pricing information that if publicly disclosed could put the company at a competitive
3  disadvantage. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *Apple Inc. v.
4  Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). In addition, information may be
5  sealed when court records are used for "improper purposes," such as "to gratify private spite or
6  promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City
7  & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, "[t]he mere fact that the
8  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
9  litigation will not, without more, compel the court to seal its records." *Id.* The court must balance
10 the competing interests of the public's right of inspection against litigants' need for
11 confidentiality, and "if the court decides to seal certain judicial records, it must base its decision
12 on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis
13 or conjecture." *Id.* (citation omitted).

Both parties seek to seal information that they assert is trade secret, confidential business information that would cause competitive harm if it were publicly filed. While some of the information sought to be sealed is properly sealable, much is not. Sealing is appropriate for *specific and detailed* financial figures, marketing plans, invoices to customers, and information relating to the chemical structures of both parties' sequencing products.[1] However, often the information redacted by the parties, particularly in their briefing and slides presented at the preliminary injunction hearing, encompasses broad and general statements with respect to the above categories that is not properly sealed.

For example, Illumina seeks to seal the term "azido chemistry" and related broad phrases, asserting that this is not publicly known and advantageous to competitors. *See*, e.g., *Illumina I*, Dkt. Nos. 84, 84-4. The use of azido and azidomethyl in sequencing is the subject of this lawsuit

---

[1] In this regard, Illumina seeks to seal an industry report provided to Illumina by a third-party consulting group, Decisive Bio-Insights. *Illumina I*, Dkt. No. 84. Illumina asserts that it agreed not to freely disseminate the information in the report, which is not publicly available, and that it needs to be sealed to protect both Illumina and the third party. *Id.* at 3. The report contains detailed market trends and forecasts, for which Illumina paid Decisive Bio-Insights. *Id.*; *Illumina I*, Dkt. No. 84-14. The report may be sealed.

2

and is central to some of the asserted patent claims.  While I agree that specific chemical structures may constitute trade secret information that is properly sealable, it is difficult to see why a general reference to a molecule that is disclosed in the patents-in-suit will competitively harm Illumina.  Similarly, BGI seeks to seal references to a "self-imposed preliminary injunction."  *Illumina I*, Dkt. No. 137-4.  Again, the fact that BGI has agreed to refrain from selling or using certain products while the preliminary injunction motions are pending is publicly-available information from which a competitor would gain no advantage.

As another example, general statements discussing expected aggressive pricing of BGI, the fact that it competes with Illumina on cost, and the fact that Illumina "continues to maintain its leadership position," are not detailed or specific, nor do they appear to be confidential.  *See*, e.g., *Illumina I*, Dkt. No. 84-13.  Such general and vague statements are not competitively sensitive as to merit sealing.  *See Krommenhock v. Post Foods, LLC*, No. 16-CV-04958-WHO, 2020 WL 1139582, at *28 (N.D. Cal. Mar. 9, 2020) ("The simple fact that something is cited from a report produced by a third-party marketing consultant or by members of [an] in-house marketing team does not make it sealable.").

Both parties seek to seal internal documents reflecting marketing, launch, and growth strategies.  *See*, e.g., *Illumina I*, Dkt. Nos. 119-8, 119-29.  Some of these documents consist entirely, or almost entirely, of sensitive competitive information.  But again the parties seek to seal descriptions of these documents that do not satisfy the standard for a motion to seal.  *See*, e.g., *Illumina I*, Dkt. No. 124-3 (statements that Illumina expects more customers and intensified competition); Dkt. No. 124-5 (stating that Illumina considers its technology to be differentiated from that of the defendants and providing expert opinion of whether it would be possible to determine lost sales based on "transactional data").

BGI seeks to seal certain information related to its facility in the United States, such as the location of the facility, information about the employees (including the number of employees that work there or the number of employees that could be laid off as a result of the preliminary injunction), and information about its operations or expected operations.  *See*, e.g., *Illumina I*, Dkt. Nos. 84-4, 119-12.  It is not clear the extent to which this information is not publicly available, but

3

the location of the facility and basic information regarding the employees that work there is very likely public. Moreover, it is dubious whether such information may be considered competitively sensitive. At any rate, BGI has not provided any specific reason to seal this information other than broad statements such as "[the information] could be used by competitors to draw conclusions about the nature and size of Defendants' investments in the U.S. market." Dkt. No. 119-2 ¶ 8. For information related to the basic operations of BGI's U.S. facility to be sealable, it must be non-public and BGI must provide specific information why disclosure of this information would be competitively harmful.

BGI also seeks to seal specific information about its plans with respect to the accused products, such as details regarding its desire to provide them to key opinion leaders ("KOLs") on a no-cost basis. Dkt. No. 84-4. Some of this information appears to be publicly available. The fact that BGI seeks to provide products to KOLs is a central aspect of Illumina's preliminary injunction motion and was discussed during the preliminary injunction hearing. This general information is not sealable. To the extent BGI seeks to seal more specific information, it has not provided an adequate basis to conclude that the information is not public and that disclosure would competitive harm it.

Next, both parties seek to seal portions of the slides presented at the preliminary injunction hearing. As I noted at the hearing, any information discussed or presented during the hearing may not be sealed. Dkt. No. 161 at 4. Moreover, much of the information sought to be sealed, including cover slides of sealed presentations and general statements about the competitive landscape, does not appear to be sealable. Dkt. Nos. 150-4, 152-4.

Finally, I note that at times the parties have sought to seal all of or large portions of documents such as discovery responses, deposition transcripts, and attorney correspondence that contain non-sealable information. To the extent such documents contain sealable information, they must be redacted narrowly to seal only information that is properly sealed.

For these reasons, the parties' motions to seal are DENIED without prejudice. Within twenty (20) days of the date of this Order the parties shall, after meeting and conferring, file a chart identifying by document name, sealed Docket number (or the appropriate corrected Docket

4

number), and page and line/paragraph number the precise information it maintains should remain under seal. Any information not identified will be deemed not appropriately sealed, and shall be re-filed after an Order issues as set forth below. The chart shall include citations to the parties' declarations that attest that the precise information at issue is confidential and not publicly known, and identify the competitive harm that would likely flow from public disclosure of that precise information. The filings currently conditionally under seal will remain conditionally under seal until I make a final ruling on sealing after reviewing the chart and declaration(s). At that juncture, the parties will be directed to e-file redacted documents that redact only the information I have determined may remain under seal.

**IT IS SO ORDERED.**

Dated: June 13, 2020



William H. Orrick
United States District Judge