UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BGI GENOMICS CO., LTD., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-3770-WHO (TSH)<br><br>Case No. 20-cv-01465-WHO<br><br>**DISCOVERY ORDER** |

Judge Orrick issued a preliminary injunction in these related cases on July 8, 2020. Defendants have moved for a stay pending appeal. For purposes of the stay motion, Defendants are seeking to stay only certain aspects of the injunction, including its application to internal development activities. Yesterday shortly after 8:00 a.m., Plaintiffs contacted the Court with an urgent discovery issue. They want the Court to order Defendants to produce by noon tomorrow documents responsive to RFP 98, which requested: "All Documents and Things related to any claim by You that Defendants have suffered any harm as a result of the preliminary injunction entered in this suit or related Case No. 19-cv-03770-WHO." Plaintiffs want the documents by noon tomorrow because their opposition to Defendants' motion for a stay pending appeal is due on Friday, and they want to be able to use any responsive documents in their opposition brief.

During the course of briefing on the preliminary injunction motion, the Court previously ordered discovery concerning Defendants' claim that a preliminary injunction would harm them. 19-3770, ECF No. 136. Defendants' claim was predictive in nature and was an estimate of the number of employees who they would be forced to lay off if the preliminary injunction were issued. Their current stay motion is similar in its predictions of future harm. It again cites the Zhao Declaration (19-3770, ECF No. 67-9). The new evidence in the stay motion is the Drmanac

1  Declaration, which states that if internal development were enjoined, additional employees would
2  need to be laid off, and this would affect the significant resources Defendants have invested in
3  CoolMPS.  Defendants cite that declaration for the proposition that the layoffs without a stay
4  pending appeal would be even higher than Zhao had predicted (presumably because the Zhao
5  declaration had assumed that internal development would not be enjoined) resulting in greater loss
6  to the investments made by Defendants.

7  The Court must decide whether the requested discovery is relevant and proportional.  It
8  seems that it is.  The balance of hardships is one of the factors the Court must consider in
9  determining whether to issue an injunction (or whether to stay it pending appeal), so it is relevant
10 to Plaintiffs' claim for patent infringement.  Before the injunction was issued the Court ordered
11 discovery on this issue with no relevance objection from the Defendants.  It is difficult to
12 understand how the issuance of the preliminary injunction caused the balance of hardships to no
13 longer be a relevant subject of discovery.  Defendants' claim of harm is predictive in nature, but
14 the event that triggers the prediction – the issuance of a preliminary injunction – has happened.
15 The Ninth Circuit has explained that "evidence of harms that *did* occur because of [an] injunction"
16 is the "best evidence of harms [that are] likely to occur because of the injunction." *Al Otro Lado*
17 *v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) (emphasis original).  Indeed, defense counsel stated
18 during this morning's hearing that the predicted layoffs have started to happen, so there is relevant
19 evidence to discover.  It is unfair to deprive Plaintiffs of the "best evidence," *id*., of the harm that
20 is likely to result from the preliminary injunction.

21 Defense counsel also made clear that the RFP is not unduly burdensome or disproportional
22 or even difficult to respond to in the time frame Plaintiffs request.  Accordingly, Plaintiffs' motion
23 to compel is **GRANTED**.  Defendants must produce all non-privileged, non-work product
24 documents responsive to RFP 98 by noon on July 30, 2020.

25 **IT IS SO ORDERED.**

26 Dated: July 29, 2020

THOMAS S. HIXSON
United States Magistrate Judge

2