QUINN EMANUEL URQUHART & SULLIVAN, LLP
David Bilsker (Bar No. 152383)           Anne S. Toker (admitted *pro hac vice*)
davidbilsker@quinnemanuel.com            annetoker@quinnemanuel.com
50 California Street, 22nd Floor          Robert B. Wilson (*pro hac vice* forthcoming)
San Francisco, CA  94111                 robertwilson@quinnemanuel.com
(415) 875-6600 Tel.                      Joseph Milowic III (admitted *pro hac vice*)
(415) 875-6700 Fax                       josephmilowic@quinnemanuel.com
                                         51 Madison Avenue, 22nd Floor
Kevin P.B. Johnson (Bar No. 177129)      New York, New York  10010
kevinjohnson@quinnemanuel.com            (212) 849-7000 Tel.
555 Twin Dolphin Drive, 5th Floor        (212) 849-7100 Fax
Redwood Shores, CA 94065
(650) 801-5000 Tel.                      Derek L. Shaffer (admitted *pro hac vice*)
(650) 801-5100 Fax                       derekshaffer@quinnemanuel.com
                                         1300 I Street NW, Suite 900
*Attorneys for Defendants*                Washington, D.C. 20005
                                         (202) 538-8000 Tel.
                                         (202) 538-8100 Fax

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS INC., and<br>COMPLETE GENOMICS INC.,<br><br>Defendants. | Case No.:  19-cv-03770-WHO<br><br>**DEFENDANT BGI GENOMICS CO., LTD.S' ANSWER TO ILLUMINA'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant BGI Genomics Co., Ltd. ("Defendant" or "BGI Genomics")[1] through its undersigned counsel, hereby demands a jury trial and answers Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd.'s (collectively, "Illumina" or "Plaintiffs") First Amended Complaint, D.N. 52, (the "First Amended Complaint") as follows:

## INTRODUCTION

1.      Defendant admits that BGI Genomics and MGI Tech are headquartered in Shenzhen, China.  Defendant denies any remaining allegations of Paragraph 1 of the First Amended Complaint.

2.      Defendant admits that a preliminary injunction was granted in *Illumina, Inc. v. Qiagen*, *NV*, 207 F. Supp.3d 1081 (N.D. Cal. 2016).  Defendant further admits that certain claims of the '537 Patent were not invalidated in *Intelligent Bio-Systems v. Illumina Cambridge*, 821 F.3d 1359 (Fed. Cir. 2016).  Defendant denies any remaining allegations of Paragraph 2 of the First Amended Complaint.

3.      Defendant admits that CGI filed two Petitions to institute *inter partes* review ("IPR") of several claims of the '537 Patent and that neither Petition was instituted.  *Complete Genomics, Inc. v. Illumina Cambridge Ltd.*, IPR2017-02172, Paper 20 (PTAB Apr. 20, 2018) and IPR2017-02174, Paper 20 (PTAB Apr. 20, 2018).  Defendant admits that CGI listed BGI Shenzhen Co., Ltd.; BGI Groups USA Inc.; BGI Genomics Co., Ltd.; and BGI Americas Corporation as real parties in interest in those Petitions and that MGI Tech and MGI Americas were not identified as real parties in interest.  Defendant denies any remaining allegations of Paragraph 3 of the First Amended Complaint.

4.      Paragraph 4 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies that BGI Genomics has installed or operated BGISEQ and MGISEQ sequencers, but admits that certain Defendants have installed and, in the past, operated certain BGISEQ and MGISEQ

---

[1]   As used herein, "Defendants" shall refer collectively to BGI Americas Corp. ("BGI Americas"), MGI Tech Co., Ltd. ("MGI Tech"), MGI Americas Inc. ("MGI Americas"), Complete Genomics, Inc. ("CGI"), and BGI Genomics.

sequencers at their San Jose, California facility.  Defendant denies any remaining allegations of Paragraph 4 of the First Amended Complaint.

5.      Paragraph 5 of the First Amended Complaint contains opinions to which no response is required.  To the extent that a response is deemed required, Defendant admits that other Defendants have a presence at the San Jose, California facility of CGI in this District. Defendant denies any remaining allegations of Paragraph 5 of the First Amended Complaint.

6.      Paragraph 6 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 6 of the First Amended Complaint.

## PARTIES

7.      Defendant admits that, on information and belief, Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

8.      Defendant admits that, on information and belief, Plaintiff Illumina Cambridge Ltd. is a foreign corporation with its principal place of business at Chesterford Research Park, Little Chesterford, Saffron Walden, Essex CB10 1XL, United Kingdom.

9.      Defendant lacks sufficient information to admit or deny the allegations of Paragraph 9 of the First Amended Complaint, and on that basis, denies them.

10.     Defendant admits that BGI Genomics is a Chinese corporation that has its headquarters at Building No. 7, BGI Park, No. 21 Hongan 3rd Street, Yantian District, Shenzhen 518083, China.  Defendant denies any remaining allegations of Paragraph 10 of the First Amended Complaint.

11.     Defendant denies the allegations of Paragraph 11 of the First Amended Complaint.

12.     Defendant admits that MGI Tech is a Chinese corporation that has its headquarters at Building No.11, Beishan Industrial Zone, Yantian District, Shenzhen 518083, China. Defendant denies any remaining allegations of Paragraph 12 of the First Amended Complaint.

13.     Defendant admits that MGI Americas has a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendant denies any remaining allegations of Paragraph 13 of the First Amended Complaint.

14.     Defendant admits that CGI has a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendant denies any remaining allegations of Paragraph 14 of the First Amended Complaint.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 15 of the First Amended Complaint.

## JURISDICTION AND VENUE

16.     Defendant admits that this action arises under the Patent Laws of the United States of America and that this Court has federal question jurisdiction.

17.     Defendant admits that, for the purposes of this action, venue is proper in this District.  Defendant further admits that MGI Americas and CGI have a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendant denies any remaining allegations of Paragraph 17 of the First Amended Complaint.

18.     Defendant admits that venue is proper in this District for the foreign Defendants. Defendant admits that Judge Alsup of this District had experience with the Plaintiffs' asserted patents, but he has stated that he "now remembers little about the patents."  *See* D.N. 18. Defendant denies any remaining allegations of Paragraph 18 of the First Amended Complaint.

19.     Paragraph 19 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that, for the purposes of this action, Defendant does not contest personal jurisdiction.  Defendant denies any remaining allegations of Paragraph 19 of the First Amended Complaint.

20.     Paragraph 20 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 20 of the First Amended Complaint.

a.  Defendant admits that Ex. 5 of the First Amended Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California.  Defendant denies any remaining allegations of Paragraph 20.a. of the First Amended Complaint.

b.  Paragraph 20.b. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 20.b. of the First Amended Complaint.

c.  Paragraph 20.c. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 20.c. of the First Amended Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendant denies any remaining allegations in Paragraph 20.c. of the First Amended Complaint.

d.  Defendant admits that in March 2019, BGI Genomics entered into a $50 million partnership with Natera, Inc.  Defendant denies any remaining allegations in Paragraph 20.d. of the First Amended Complaint.

21.  Paragraph 21 of the First Amended Complaint requires no response.

a.  Defendant admits that Ex. 12 of the First Amended Complaint identifies Yongwei Zhang as Group VP and CEO of BGI Americas Region at BGI Group.  Defendant denies any remaining allegations in Paragraph 21.a. of the First Amended Complaint.

b.  Defendant admits that Ex. 13 of the First Amended Complaint identifies Ke Zhan as a Director of Product Management at BGI Americas.  Defendant denies any remaining allegations in Paragraph 21.b. of the First Amended Complaint.

c.  Defendant admits that Ex. 14 of the First Amended Complaint identifies Yuhan Zhang as a resident in the San Francisco Bay Area and as having worked in San

4

Jose, California.  Defendant further admits that Ex. 14 of the First Amended Complaint states that Ms. Zhang "[i]dentified new business opportunities, reached out to potential partners and managed existed relationship through email campaign, framed contracts and MoU," and "[o]rganized and supported marketing events in North and South America to promote the brand and publicity."

22.     Paragraph 22 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that, for purposes of this case, BGI Genomics has not contested personal jurisdiction.  Defendant denies any remaining allegations of Paragraph 22 of the First Amended Complaint.

23.     Paragraph 23 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Americas is present in California.  Defendant denies any remaining allegations of Paragraph 23 of the First Amended Complaint.

      a.   Defendant admits the allegations of Paragraph 23.a. of the First Amended Complaint.

      b.   Defendant denies the allegations of Paragraph 23.b. of the First Amended Complaint.

      c.   Paragraph 23.c. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that some employees of BGI Americas, including Johan Christiaanse, are located in this District.  Defendant also admits that Yongwei Zhang resides in this District.  Defendant denies any remaining allegations of Paragraph 23.c. of the First Amended Complaint.

24.     Paragraph 24 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over BGI Americas.  Defendant denies any remaining allegations of Paragraph 24 of the First Amended Complaint.

25.     Paragraph 25 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 25 of the First Amended Complaint.

  a.   Defendant admits that a map on MGI Tech's website showed CGI has a San Jose, California facility that is a "Research Center" and a "Commercial and After-Sales Service Center."  Defendant denies any remaining allegations of Paragraph 25.a. of the First Amended Complaint.

  b.   Paragraph 25.b. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that the MGI Americas' website, as reflected in Ex. 20 to the First Amended Complaint, states:  "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  Defendant admits that NGS stands for "next generation sequencing."  Defendant denies any remaining allegations of Paragraph 25.b. of the First Amended Complaint.

  c.   Paragraph 25.c. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that Duncan Yu presented at the J.P. Morgan Healthcare Conference in San Francisco, California in January of 2019.  Defendant denies any remaining allegations of Paragraph 25.c. of the First Amended Complaint.

  d.   Defendant denies the allegations of Paragraph 25.d. of the First Amended Complaint.

  e.   Paragraph 25.e. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Tech is involved in the research, development and marketing of the accused products.  Defendant denies any remaining allegations of Paragraph 25.e. of the First Amended Complaint.

f.  Paragraph 25.f. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Tech's Chief Scientific Officer, Rade Drmanac, resides in this District.  Defendant further admits that Jia Sophie Liu and Paul Lundquist reside in this District.  Defendant denies any remaining allegations of Paragraph 25.f. of the First Amended Complaint.

26.  Paragraph 26 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, for purposes of this case, Defendant does not contest that this Court has jurisdiction over MGI Tech.  Defendant denies any remaining allegations of Paragraph 26 of the First Amended Complaint.

27.  Paragraph 27 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Americas is present in California.  Defendant denies any remaining allegations of Paragraph 27 of the First Amended Complaint.

a.  Paragraph 27.a. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that the MGI Americas' website, as reflected in Ex. 20 of the First Amended Complaint, states:  "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  Defendant admits that NGS stands for "next generation sequencing."  Defendant denies any remaining allegations of Paragraph 27.a. of the First Amended Complaint.

b.  Paragraph 27.b. of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Americas was involved in the marketing of the accused products.  Defendant denies any remaining allegations of Paragraph 27.b. of the First Amended Complaint.

7

c.   Defendant admits that Ex. 28 of the First Amended Complaint states that MGI
Americas' field service engineer, Abigail Frank, "services NGS instruments and
lab automated workstations at Complete Genomics in San Jose, as well as external
customers throughout North and South America." Defendant denies any
remaining allegations of Paragraph 27.c. of the First Amended Complaint.

28.   Paragraph 28 of the First Amended Complaint contains legal conclusions to which
no response is required. To the extent that a response is deemed required, for purposes of this
case only, Defendant does not contest that this Court has jurisdiction over MGI Americas.
Defendant denies any remaining allegations of Paragraph 28 of the First Amended Complaint.

29.   Paragraph 29 of the First Amended Complaint contains legal conclusions to which
no response is required. To the extent that a response is deemed required, Defendant admits that
CGI is present in California. Defendant denies any remaining allegations of Paragraph 29 of the
First Amended Complaint.

a.   Paragraph 29.a. of the First Amended Complaint contains legal conclusions to
which no response is required. To the extent that a response is deemed required,
Defendant admits that CGI was involved in the research and development of the
accused products. Defendant denies any remaining allegations of Paragraph 29.a.
of the First Amended Complaint.

b.   Paragraph 29.b. of the First Amended Complaint contains legal conclusions to
which no response is required. To the extent that a response is deemed required,
Defendant admits that according to Exs. 25 & 30-31 of the First Amended
Complaint, Suzanne Yokota (a former employee), Shifeng Li, and Rade
Drmanac's LinkedIn profiles state they reside in the San Francisco Bay Area.
Defendant denies any remaining allegations of Paragraph 29.b. of the First
Amended Complaint.

c.   Defendant admits that, according to Ex. 32 of the First Amended Complaint, CGI
Fluidics Systems Engineer, Wei Wang, states she ensures the proper installation
qualification and operation qualification (IQ/OQ), and instrument performance

8

verification (IPV) of NGS systems, such as the BGISEQ-500 in an ISO 17025 accredited and customer-oriented environment, and that Ms. Wang states she is responsible for creating and compiling comprehensive procedural documentation for NGS systems, for processes including IQ/OQ, IPV, troubleshooting, repairs, replacement parts, calibrations, and maintenance.

      d.   Defendant admits that Exs. 33-34 of the First Amended Complaint describe CGI job postings on behalf of certain Defendants for a Senior Regional Sales Manager/Director and a Strategic Accounts Specialist/Manager/Director based in San Jose, California.  Defendant further admits that, according to the job postings, the positions, inter alia, would: (i) provide a one touch-point for the global customers with the full MGI product portfolio; (ii) navigate orders through the customer purchasing process; and (iii) be responsible for leading regional sale activities for MGI's NGS Sequencing instruments, reagents, software or solutions in the designated region.  Defendant denies any remaining allegations of Paragraph 29.d. of the First Amended Complaint.

      30.   Paragraph 30 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over CGI.  Defendant denies any remaining allegations of Paragraph 30 of the First Amended Complaint.

      31.   Paragraph 31 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 31 of the First Amended Complaint.

## INTRA-DISTRICT ASSIGNMENT

      32.   Defendant admits that this action is properly assigned to any of the divisions in this District.  Defendant denies any remaining allegations of Paragraph 32 of the First Amended Complaint.

## BACKGROUND

**Alleged Infringement of the '537 and '200 Patents by the MGISEQ and BGISEQ Systems**

9

33.     Defendant admits that the '537 Patent, entitled "Labelled Nucleotides" issued on July 28, 2009, and that the inventors named on the face of the '537 Patent are Shankar Balasubramanian, Colin Barnes, Xioahai Liu, John Milton, Harold Swerdlow, and Xioalin Wu. Defendant admits that a copy of the '537 Patent appears to be attached to the First Amended Complaint as Ex. 1.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 33 of the First Amended Complaint, and on that basis, denies them.

34.     Defendant admits that the '200 Patent, entitled "Labelled Nucleotides" issued on August 9, 2016, and that the inventors named on the face of the '200 Patent are Shankar Balasubramanian, Colin Barnes, Xioahai Liu, and John Milton.  Defendant admits that a copy of the '537 Patent appears to be attached to the First Amended Complaint as Ex. 2.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 34 of the First Amended Complaint, and on that basis, denies them.

35.     Defendant admits that members of the BGI Group launched the BGISEQ-500 in October of 2015.  Defendant admits that members of the BGI Group launched the BGISEQ-50 in November of 2016.  Defendant admits that MGI Tech launched the MGISEQ-200 and the MGISEQ-2000 in October of 2017.  Defendant admits that MGI Tech launched the MGISEQ-T7 in October of 2018.  Defendant admits that the BGISEQ-500, BGISEQ-50, MGISEQ-200, MGISEQ-2000, and MGISEQ-T7 are identified on MGI Tech's website and product literature. Defendant admits that CGI contributed to the development of the BGISEQ-500.  Defendant denies any remaining allegations of Paragraph 35 of the First Amended Complaint.

36.     Defendant admits that Ex. 22 of the First Amended Complaint states that "[a]ccording to MGI CSO Rade Drmanac, the current sequencing chemistry relies on stepwise sequencing-by-synthesis (SBS) where 3'-blocked nucleotides are labeled with cleavable fluorescent dyes, which leave behind a molecular 'scar' after they are removed.  This chemistry is similar to that used by Illumina and others."  Defendant denies any remaining allegations of Paragraph 36 of the Complaint.

37.     Paragraph 37 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that

10

a claim chart is attached to the First Amended Complaint as Ex. 3.  To the extent Illumina seeks to incorporate Ex. 3 of the First Amended Complaint as an allegation, the allegations do not comply with Federal Rule of Civil Procedure 8(d), which requires that "each allegation must be simple, concise, and direct."  Furthermore, the allegations in Ex. 3 of the First Amended Complaint are vague, ambiguous, and lacking specificity as Illumina has indicated that Ex. 3 of the First Amended Complaint is not intended to limit Illumina's right to modify the chart, and that the chart is "preliminary and exemplary."  Defendant denies any remaining allegations of Paragraph 37 of the First Amended Complaint.

38.     Paragraph 38 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that certain BGISEQ and MGISEQ sequencers have been used, in the past, at the San Jose, California facility rented by CGI.  Defendant denies any remaining allegations of Paragraph 38 of the First Amended Complaint.

39.     Paragraph 39 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 39 of the First Amended Complaint.

40.     Paragraph 40 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 40 of the First Amended Complaint.

41.     Paragraph 41 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that a claim chart is attached to the First Amended Complaint as Ex. 4.  To the extent Illumina seeks to incorporate Ex. 4 of the First Amended Complaint as an allegation, the allegations do not comply with Federal Rule of Civil Procedure 8(d), which requires that "each allegation must be simple, concise, and direct."  Furthermore, the allegations in Ex. 4 of the First Amended Complaint are vague, ambiguous, and lacking specificity as Illumina has indicated that Ex. 4 of the First Amended Complaint is not intended to limit Illumina's right to modify the chart, and that

the chart is "preliminary and exemplary."  Defendant denies any remaining allegations of Paragraph 41 of the First Amended Complaint.

42.      Paragraph 42 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that certain BGISEQ and MGISEQ have been used, in the past, by Complete Genomics at the San Jose, California facility.  Defendant denies any remaining allegations of Paragraph 42 of the First Amended Complaint.

43.      Paragraph 43 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 43 of the First Amended Complaint.

44.      Paragraph 44 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 44 of the First Amended Complaint.

## COUNT I

### Alleged Infringement of U.S. Patent No. 7,566,537 ("'537 Patent)

45.      Defendant repeats and realleges its answers to Paragraphs 1-44 of the First Amended Complaint as if fully set forth herein.

46.      Paragraph 46 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 46 of the First Amended Complaint.

### BGI Genomics' Alleged Infringement of the '537 Patent

47.      Paragraph 47 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Genomics has had knowledge of the '537 Patent since at least October 5, 2017.  Defendant denies any remaining allegations of Paragraph 47 of the First Amended Complaint.

48.      Paragraph 48 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 48 of the First Amended Complaint.

Alleged Direct Infringement by BGI Genomics

49.     Paragraph 49 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 49 of the First Amended Complaint.

50.     Paragraph 50 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CGI contributed to the development of the BGISEQ-500.  Defendant denies any remaining allegations of Paragraph 50 of the First Amended Complaint.

51.     Paragraph 51 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that Ex. 5 of the First Amended Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California, and that CGI identified BGI Genomics as a real-party-in-interest in IPR proceedings directed to the '537 Patent.  Defendant denies any remaining allegations of Paragraph 51 of the First Amended Complaint.

52.     Paragraph 52 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 52 of the First Amended Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendant denies any remaining allegations of Paragraph 52 of the First Amended Complaint.

Alleged Induced Infringement by BGI Genomics

53.     Paragraph 53 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 53 of the First Amended Complaint.

54.     Paragraph 54 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 54 of the First Amended Complaint.

13

55.     Paragraph 55 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 55 of the First Amended Complaint.

56.     Paragraph 56 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 56 of the First Amended Complaint.

57.     Paragraph 57 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 57 of the First Amended Complaint.

58.     Paragraph 58 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 58 of the First Amended Complaint.

59.     Paragraph 59 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 59 of the First Amended Complaint.

60.     Paragraph 60 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 60 of the First Amended Complaint.

Alleged Contributory Infringement by BGI Genomics

61.     Paragraph 61 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 61 of the First Amended Complaint.

62.     Paragraph 62 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 62 of the First Amended Complaint.

Alleged Willful Infringement by BGI Genomics

63.     Paragraph 63 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 63 of the First Amended Complaint.

64.     Paragraph 64 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 64 of the First Amended Complaint.

65.     Paragraph 65 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 65 of the First Amended Complaint.

**BGI Americas' Alleged Infringement of the '537 Patent**

66.     Paragraph 66 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Americas has had knowledge of the '537 Patent since at least October 5, 2017.  Defendant denies any remaining allegations of Paragraph 66 of the First Amended Complaint.

Alleged Direct Infringement by BGI Americas

67.     Paragraph 67 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 67 of the First Amended Complaint.

Alleged Induced Infringement by BGI Americas

68.     Paragraph 68 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 68 of the First Amended Complaint.

69.     Paragraph 69 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 69 of the First Amended Complaint.

70.     Paragraph 70 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 70 of the First Amended Complaint.

71.     Paragraph 71 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 71 of the First Amended Complaint.

72.     Paragraph 72 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 72 of the First Amended Complaint.

73.     Paragraph 73 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 73 of the First Amended Complaint.

Alleged Contributory Infringement by BGI Americas

74.     Paragraph 74 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 74 of the First Amended Complaint.

75.     Paragraph 75 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 75 of the First Amended Complaint.

Alleged Willful Infringement by BGI Americas

76.     Paragraph 76 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 76 of the First Amended Complaint.

77.     Paragraph 77 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 77 of the First Amended Complaint.

78.     Paragraph 78 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 78 of the First Amended Complaint.

**MGI Tech's Alleged Infringement of the '537 Patent**

79.     Paragraph 79 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 79 of the First Amended Complaint.

Alleged Direct Infringement by MGI Tech

80.     Paragraph 80 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 80 of the First Amended Complaint.

Alleged Induced Infringement by MGI Tech

81.     Paragraph 81 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 81 of the First Amended Complaint.

82.     Paragraph 82 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 82 of the First Amended Complaint.

83.     Paragraph 83 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 83 of the First Amended Complaint.[2]

84.     Paragraph 84 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 84 of the First Amended Complaint.

85.     Paragraph 85 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 85 of the First Amended Complaint.

---

[2] Defendant notes that there is an un-numbered paragraph appearing after Paragraph 83 of Illumina's First Amended Complaint.  *See* D.N. 52 at 26:4-11.  This un-numbered paragraph of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

86.     Paragraph 86 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 86 of the First Amended Complaint.

87.     Paragraph 87 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 87 of the First Amended Complaint.

<u>Alleged Contributory Infringement by MGI Tech</u>

88.     Paragraph 88 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 88 of the First Amended Complaint.

89.     Paragraph 89 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 89 of the First Amended Complaint.

<u>Alleged Willful Infringement by MGI Tech</u>

90.     Paragraph 90 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 90 of the First Amended Complaint.

91.     Paragraph 91 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 91 of the First Amended Complaint.

92.     Paragraph 92 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 92 of the First Amended Complaint.

**<u>MGI Americas' Alleged Infringement of the '537 Patent</u>**

93.     Paragraph 93 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 93 of the First Amended Complaint.

<u>Alleged Direct Infringement by MGI Americas</u>

18

94.     Paragraph 94 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Americas has used certain BGISEQ and MGISEQ sequencers in the past, at the San Jose, California facility rented by CGI.  Defendant denies any remaining allegations of Paragraph 94 of the First Amended Complaint.

Alleged Induced Infringement by MGI Americas

95.     Paragraph 95 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 95 of the First Amended Complaint.

96.     Paragraph 96 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 96 of the First Amended Complaint.

97.     Paragraph 97 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 97 of the First Amended Complaint.

98.     Paragraph 98 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 98 of the First Amended Complaint.

99.     Paragraph 99 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 99 of the First Amended Complaint.

100.    Paragraph 100 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 100 of the First Amended Complaint.

101.    Paragraph 101 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 101 of the First Amended Complaint.

19

102.    Paragraph 102 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 102 of the First Amended Complaint.

Alleged Contributory Infringement by MGI Americas

103.    Paragraph 103 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 103 of the First Amended Complaint.

104.    Paragraph 104 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 104 of the First Amended Complaint.

Alleged Willful Infringement by MGI Americas

105.    Paragraph 105 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 105 of the First Amended Complaint.

106.    Paragraph 106 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 106 of the First Amended Complaint.

107.    Paragraph 107 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 107 of the First Amended Complaint.

**CGI's Alleged Infringement of the '537 Patent**

108.    Paragraph 108 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 108 of the First Amended Complaint.

Alleged Direct Infringement by CGI

109.    Paragraph 109 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CGI has used certain BGISEQ and MGISEQ sequencers, in the past, at its San Jose,

20

California facility.  Defendant denies any remaining allegations of Paragraph 109 of the First Amended Complaint.

Alleged Induced Infringement by CGI

110.    Paragraph 110 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 110 of the First Amended Complaint.

111.    Paragraph 111 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 111 of the First Amended Complaint.

112.    Paragraph 112 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 112 of the First Amended Complaint.

113.    Paragraph 113 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 113 of the First Amended Complaint.

114.    Paragraph 114 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 114 of the First Amended Complaint.

115.    Paragraph 115 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 115 of the First Amended Complaint.

116.    Paragraph 116 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 116 of the First Amended Complaint.

117.    Paragraph 117 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 117 of the First Amended Complaint.

Alleged Contributory Infringement by CGI

21

118.    Paragraph 118 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 118 of the First Amended Complaint.

119.    Paragraph 119 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 119 of the First Amended Complaint.

Alleged Willful Infringement by CGI

120.    Paragraph 120 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CGI has had knowledge of the '537 Patent since at least October 5, 2017.  Defendant denies any remaining allegations of Paragraph 120 of the First Amended Complaint.

121.    Paragraph 121 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 121 of the First Amended Complaint.

122.    Paragraph 122 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 122 of the First Amended Complaint.

## COUNT II

### Alleged Infringement of U.S. Patent No. 9,410,200 ("'200 Patent)

123.    Defendant repeats and realleges its answers to Paragraphs 1-122 of the First Amended Complaint as if fully set forth herein.

124.    Paragraph 124 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 124 of the First Amended Complaint.

### BGI Genomics' Alleged Infringement of the '200 Patent

125.    Paragraph 125 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 125 of the First Amended Complaint.

126.     Paragraph 126 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 126 of the First Amended Complaint.

Alleged Direct Infringement by BGI Genomics

127.     Paragraph 127 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 127 of the First Amended Complaint.

128.     Paragraph 128 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CGI contributed to the development of the BGISEQ-500.  Defendant denies any remaining allegations of Paragraph 128 of the First Amended Complaint.

129.     Paragraph 129 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that Ex. 5 of the First Amended Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California, and that CGI identified BGI Genomics as a real-party-in-interest in IPR proceedings directed to the '537 Patent.  Defendant denies any remaining allegations of Paragraph 129 of the First Amended Complaint.

130.     Paragraph 130 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 130 of the First Amended Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendant denies any remaining allegations of Paragraph 130 of the First Amended Complaint.

Alleged Induced Infringement by BGI Genomics

131.     Paragraph 131 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 131 of the First Amended Complaint.

132.     Paragraph 132 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 132 of the First Amended Complaint.

133.     Paragraph 133 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 133 of the First Amended Complaint.

134.     Paragraph 134 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 134 of the First Amended Complaint.

135.     Paragraph 135 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 135 of the First Amended Complaint.

136.     Paragraph 136 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 136 of the First Amended Complaint.

137.     Paragraph 137 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 137 of the First Amended Complaint.

138.     Paragraph 138 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 138 of the First Amended Complaint.

Alleged Contributory Infringement by BGI Genomics

139.     Paragraph 139 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 139 of the First Amended Complaint.

140.     Paragraph 140 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 140 of the First Amended Complaint.

24

Alleged Willful Infringement by BGI Genomics

141.     Paragraph 141 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 141 of the First Amended Complaint.

142.     Paragraph 142 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 142 of the First Amended Complaint.

143.     Paragraph 143 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 143 of the First Amended Complaint.

**BGI Americas' Alleged Infringement of the '200 Patent**

144.     Paragraph 144 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 144 of the First Amended Complaint.

Alleged Direct Infringement by BGI Americas

145.     Paragraph 145 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 145 of the First Amended Complaint.

Alleged Induced Infringement by BGI Americas

146.     Paragraph 146 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 146 of the First Amended Complaint.

147.     Paragraph 147 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 147 of the First Amended Complaint.

148.     Paragraph 148 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 148 of the First Amended Complaint.

149.     Paragraph 149 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 149 of the First Amended Complaint.

150.     Paragraph 150 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 150 of the First Amended Complaint.

151.     Paragraph 151 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 151 of the First Amended Complaint.

Alleged Contributory Infringement by BGI Americas

152.     Paragraph 152 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 152 of the First Amended Complaint.

153.     Paragraph 153 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 153 of the First Amended Complaint.

Alleged Willful Infringement by BGI Americas

154.     Paragraph 154 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 154 of the First Amended Complaint.

155.     Paragraph 155 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 155 of the First Amended Complaint.

156.     Paragraph 156 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 156 of the First Amended Complaint.

**MGI Tech's Alleged Infringement of the '200 Patent**

DEFENDANT BGI GENOMICS CO., LTD'S ANSWER                                      Case No. 19-cv-03770-WHO

157.    Paragraph 157 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 157 of the First Amended Complaint.

Alleged Direct Infringement by MGI Tech

158.    Paragraph 158 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 158 of the First Amended Complaint.

Alleged Induced Infringement by MGI Tech

159.    Paragraph 159 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 159 of the First Amended Complaint.

160.    Paragraph 160 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 160 of the First Amended Complaint.

161.    Paragraph 161 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 161 of the First Amended Complaint.

162.    Paragraph 162 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 162 of the First Amended Complaint.

163.    Paragraph 163 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 163 of the First Amended Complaint.

164.    Paragraph 164 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 164 of the First Amended Complaint.

165.    Paragraph 165 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 165 of the First Amended Complaint.

166.    Paragraph 166 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 166 of the First Amended Complaint.

Alleged Contributory Infringement by MGI Tech

167.    Paragraph 167 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 167 of the First Amended Complaint.

168.    Paragraph 168 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 168 of the First Amended Complaint.

Alleged Willful Infringement by MGI Tech

169.    Paragraph 169 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 169 of the First Amended Complaint.

170.    Paragraph 170 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 170 of the First Amended Complaint.

171.    Paragraph 171 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 171 of the First Amended Complaint.

**MGI Americas' Alleged Infringement of the '200 Patent**

172.    Paragraph 172 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 172 of the First Amended Complaint.

Alleged Direct Infringement by MGI Americas

173.     Paragraph 173 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that MGI Americas has used certain BGISEQ and MGISEQ sequencers, in the past, at the San Jose, California facility rented by CGI.  Defendant denies any remaining allegations of Paragraph 173 of the First Amended Complaint.

Alleged Induced Infringement by MGI Americas

174.     Paragraph 174 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 174 of the First Amended Complaint.

175.     Paragraph 175 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 175 of the First Amended Complaint.

176.     Paragraph 176 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 176 of the First Amended Complaint.

177.     Paragraph 177 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 177 of the First Amended Complaint.

178.     Paragraph 178 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 178 of the First Amended Complaint.

179.     Paragraph 179 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 179 of the First Amended Complaint.

180.     Paragraph 180 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 180 of the First Amended Complaint.

181.    Paragraph 181 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 181 of the First Amended Complaint.

Alleged Contributory Infringement by MGI Americas

182.    Paragraph 182 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 182 of the First Amended Complaint.

183.    Paragraph 183 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 183 of the First Amended Complaint.

Alleged Willful Infringement by MGI Americas

184.    Paragraph 184 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 184 of the First Amended Complaint.

185.    Paragraph 185 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 185 of the First Amended Complaint.

186.    Paragraph 186 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 186 of the First Amended Complaint.

**CGI's Alleged Infringement of the '200 Patent**

187.    Paragraph 187 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 187 of the First Amended Complaint.

Alleged Direct Infringement by CGI

188.    Paragraph 188 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CGI has used certain BGISEQ and MGISEQ sequencers, in the past, at its San Jose,

30

California facility.  Defendant denies any remaining allegations of Paragraph 188 of the First Amended Complaint.

Alleged Induced Infringement by CGI

189.    Paragraph 189 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 189 of the First Amended Complaint.

190.    Paragraph 190 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 190 of the First Amended Complaint.

191.    Paragraph 191 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 191 of the First Amended Complaint.

192.    Paragraph 192 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 192 of the First Amended Complaint.

193.    Paragraph 193 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 193 of the First Amended Complaint.

194.    Paragraph 194 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 194 of the First Amended Complaint.

195.    Paragraph 195 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 195 of the First Amended Complaint.

196.    Paragraph 196 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations of Paragraph 196 of the First Amended Complaint.

1

Alleged Contributory Infringement by CGI

2

197.    Paragraph 197 of the First Amended Complaint contains legal conclusions to

3

which no response is required.  To the extent that a response is deemed required, Defendant

4

denies the allegations of Paragraph 197 of the First Amended Complaint.

5

198.    Paragraph 198 of the First Amended Complaint contains legal conclusions to

6

which no response is required.  To the extent that a response is deemed required, Defendant

7

denies the allegations of Paragraph 198 of the First Amended Complaint.

8

Alleged Willful Infringement by CGI

9

199.    Paragraph 199 of the First Amended Complaint contains legal conclusions to

10

which no response is required.  To the extent that a response is deemed required, Defendant

11

denies the allegations of Paragraph 199 of the First Amended Complaint.

12

200.    Paragraph 200 of the First Amended Complaint contains legal conclusions to

13

which no response is required.  To the extent that a response is deemed required, Defendant

14

denies the allegations of Paragraph 200 of the First Amended Complaint.

15

201.    Paragraph 201 of the First Amended Complaint contains legal conclusions to

16

which no response is required.  To the extent that a response is deemed required, Defendant

17

denies the allegations of Paragraph 201 of the First Amended Complaint.

18

**RESPONSE TO PRAYER FOR RELIEF**

19

202.    Defendant denies that Plaintiffs are entitled to any of the requested relief and

20

denies any and all allegations contained within the Prayer for Relief of the First Amended

21

Complaint.

22

**RESPONSE TO DEMAND FOR JURY TRIAL**

23

203.    Plaintiffs' request for a jury trial does not require a response by Defendant.

24

Defendant also requests a jury trial of all issues triable to a jury in this action.

25

**AFFIRMATIVE DEFENSES**

26

204.    Defendant repeats and realleges its answers to Paragraphs 1-203 of the First

27

Amended Complaint as if fully set forth herein.

28

205.    Defendant denies that Illumina is entitled to any relief against Defendant.

32

206.     Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following separate and additional defenses, all of which are pled in the alternative, and none of which constitute an admission that Defendant is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the First Amended Complaint and each and every allegation contained therein (unless specifically stated otherwise), Defendant alleges each of the following:

## FIRST DEFENSE – NONINFRINGEMENT

207.     Defendant has not infringed, and is not infringing, directly, contributorily, or by inducement, any valid claim of Plaintiffs' asserted patents, either literally or under the doctrine of equivalents.  Defendant is not liable in any respect for any alleged infringement of the Plaintiffs' asserted patents.

## SECOND DEFENSE – INVALIDITY

208.     Each claim of Plaintiffs' asserted patents is invalid for failing to comply with one or more of the requirements for patentability under, including but not limited to, 35 U.S.C. §§ 101, 103, 112, and the judicial doctrine of obviousness-type double patenting.  By way of example only, claim 1 of each of Plaintiffs' asserted patents is invalid as obvious over Tsien or Ju, in combination with either or both Zavgorodny 1991 and Zavgorodny 2000.[3]  Also by way of example, claim 1 of each of Plaintiffs' asserted patents is also invalid for failing to sufficiently describe an azido protecting group such that one of ordinary skill would have known that the inventors were in possession of the claimed invention as of the filing date.  As a further example, claim 1 of each of Plaintiffs' asserted patents is also invalid for being overly broad in scope and not adequately supported by enabling disclosure.

---

[3] Roger Y. Tsien et al., WO 91/06678 A1 (published May 16, 1991) ("Tsien"); Jingyue Ju et al., U.S. Patent 6,664,079 B2 (Dec. 16, 2003) ("Ju"); Sergey Zavgorodny et al., *1-Alkylthioalkylation of Nucleoside Hydroxyl Functions and Its Synthetic Applications*, TETRAHEDRON LETTERS 32:7593-96 (1991) ("Zavgorodny"); S.G. Zavgorodny et al., *S,X-Acetals in Nucleoside Chemistry, III, Synthesis of 2′- and 3′-O-Azidomethyl Derivatives of Ribonucleosides*, NUCLEOSIDES, NUCLEOTIDES & NUCLEIC ACIDS 19:1977-91 (2000) ("Zavgorodny 2000").

1

2

### THIRD DEFENSE – ESTOPPEL, LACHES, WAIVER, ACQUIESCENCE & UNREASONABLE DELAY

3      209.    Illumina's claims are barred, in whole or in part, by the doctrines of estoppel,

4  laches, waiver, acquiescence and/or unreasonable delay.  Illumina unreasonably delayed in

5  bringing suit until well after each of these effects occurred, despite the substantial harm they

6  allegedly produced.  Assuming, *arguendo*, that any actionable harm occurred, this delay, in part,

7  prevented Defendant from curing any injury with Illumina, causing material prejudice and injury

8  to Defendant.  Illumina has known that BGI Genomics and its affiliates have offered sequencing

9  services in foreign countries and that CGI has had a research facility in the San Francisco Bay

10  Area at least as of 2010, when CGI filed a motion to transfer a suit brought by Illumina to this

11  District.  *Illumina Inc. et al v. Complete Genomics Inc.*, Case No. 3:10-cv-05542-EDL, D.N. 12.

12                    ### FOURTH DEFENSE – STATUTE OF LIMITATIONS

13      210.    Illumina's purported claims for patent infringement are barred, in whole or in part,

14  to the extent that they allege acts of infringement barred by the statute of limitations.  35 U.S.C. §

15  286 states that "no recovery shall be had for any infringement committed more than six years

16  prior to the filing of the complaint or counterclaim for infringement in the action."  *See* 35 U.S.C.

17  § 286.  Therefore, Illumina is not entitled to recover damages from any period before six years

18  prior to the filing of the complaint in this matter.

19                    ### FIFTH DEFENSE – ADEQUATE REMEDY AT LAW

20      211.    Illumina has an adequate remedy at law and the alleged injury to Illumina is not

21  immediate or irreparable.  Any injury, to the extent any occurred, could be cured with damages

22  alone.  Accordingly, there is no factual or legal basis for a grant of equitable relief.

23                    ### RESERVATION OF ALL AFFIRMATIVE DEFENSES

24      212.    Defendant reserves the right to offer any other and additional defense that is now

25  or may become available or appear during, or as a result of, discovery proceedings in this action.

26

27

28

34

Dated: August 17, 2020

By: ___*/s/ David Bilsker*___

David Bilsker (Bar No. 152383)
davidbilsker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 Tel.
(415) 875-6700 Fax

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 Tel.
(650) 801-5100 Fax

Anne S. Toker (admitted *pro hac vice*)
annetoker@quinnemanuel.com
Robert B. Wilson (*pro hac vice* forthcoming)
robertwilson@quinnemanuel.com
Joseph Milowic III (admitted *pro hac vice*)
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 Tel.
(212) 849-7100 Fax

Derek L. Shaffer (*pro hac vice* pending)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000 Tel.
(202) 538-8100 Fax