UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>BGI GENOMICS CO., LTD, et al.,<br><br>   Defendants. | Case No. 19-cv-03770-WHO<br><br>**ORDER REGARDING MOTIONS TO SEAL** |

After initially denying without prejudice the parties' motions to seal in connection with plaintiff Illumina Inc.'s ("Illumina") motions for preliminary injunction, I instructed the parties to submit a joint sealing chart identifying information sought to be sealed. Dkt. No. 186.[1] Both Illumina and defendants BGI Genomics Co. Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas, Inc., and Complete Genomics, Inc. (collectively, "BGI") seek to seal information. After reviewing the parties' joint sealing chart, Dkt. No. 193, I find that all of the materials listed in the chart and sought to be sealed are properly sealable, except for certain information regarding BGI's employees.

In support of its motion to seal, BGI contends that it seeks to seal the number and type of employees that it may lay off as a result of the preliminary injunction "because it could be used by competitors to draw conclusions about the nature and size of Defendants' investments in the U.S. market." Dkt. No. 119-2 ¶ 8; *see also* Dkt. No. 144-1 ¶ 10. In my prior order, I stated that it was "dubious" whether basic information regarding BGI's employees, much of which is likely publicly available, was properly sealable. *See* Dkt. No. 186 at 4. Again, BGI's contentions do not demonstrate a "particularized showing" that such information is not publicly available or

---

[1] This Order references docket entries in Case No. 3:19-cv-3770, although I note that each of these documents was also filed in the related case 3:20-cv-1465.

1  competitively sensitive to satisfy the "good cause" standard to seal information. *Marsh v. First*
2  *Bank of Delaware*, No. 11-CV-05226-WHO, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014)
3  (citation omitted); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2012
4  WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012).  However, I reject Illumina's objections that BGI's
5  future sales goals and plans that are now moot in light of the preliminary injunction are not
6  sealable. *See* Dkt. No. 193 at 4 n.2.  I am persuaded that public dissemination of BGI's future
7  plans, including its hiring plans, could harm BGI competitively, even though BGI is not currently
8  able to execute upon the plan.[2]

BGI may seal the names of its employees, but not other basic information about its employees, e.g., the titles of the employees, where they work, or the number of employees.  The motions to seal as described in the joint sealing chart are DENIED with respect to the Dkt. Nos. 119-12 and 152-4 slide 116, and DENIED IN PART as to Dkt. No. 144-12.  For clarity, Dkt. No. 144-12 is DENIED IN PART as to pages 45, 46, and 47, DENIED as to page 49, and DENIED IN PART as to pages 51, 61, and 62.  For the pages that are denied in part, BGI may redact only employee names.

As set forth above, the motions to seal are GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: August 26, 2020

William H. Orrick
United States District Judge

---

[2] I am also not persuaded by Illumina's objections regarding a chemical structure that BGI contends is trade secret and GRANT the motion to seal filed on July 6, 2020.  Dkt. No. 192; see also Dkt. No. 193 at 1 n. 1.