Matthew M. Wolf
matthew.wolf@arnoldporter.com
Jennifer Sklenar*
jennifer.sklenar@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone:    (202) 942-5000
Facsimile:    (202) 942-5999
*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies

Katie J.L. Scott (Cal. Bar No. 233171)
Email address: katie.scott@arnoldporter.com
Joshua Seitz (Cal. Bar No. 325236)
Email address: joshua.seitz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California 94306
Telephone:    (650) 319-4500
Facsimile:    (650) 319-4700

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD., <br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD., BGI AMERICAS CORP, MGI TECH CO., LTD., MGI AMERICAS INC., and COMPLETE GENOMICS INC.,<br><br>Defendants. | Case No.: 3:19-cv-03770-WHO<br>Case No.: 3:20-cv-01465-WHO<br><br>**DECLARATION OF HONGLIN ZHAO IN SUPPORT OF DEFENDANTS' OPPOSITION TO ILLUMINA'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**CONTAINS OUTSIDE ATTORNEYS' EYES ONLY INFORMATION** |

I, Honglin Zhao, declare as follows:

1. I have personal knowledge of the facts stated herein. I could and would testify that the following facts are true and correct, to the best of my knowledge, if called upon to do so.

2. I am currently employed by Complete Genomics Inc. ("CGI") as a Director of Human Resources ("HR"). My responsibilities include recruitment, compensation and benefits, training, performance management, immigration, and functioning as an HR business partner with CGI affiliated companies, including MGI Americas Inc. ("MGI Americas"), BGI Research, BGI Americas, EGI and MGI Canada.

3. I have been employed by CGI since August 2017. Prior to that, and over a period of six and a half years (i.e., from 2011 to 2017), I was a Manager, and then Director, of Human Resources for BGI Americas Corp. I served in various roles within Human Resources, including recruiting and talent retention, managing employee training, setting up HR policies, and overseeing company reorganizations.

4. For purposes of the present litigation, I have been asked to estimate the number of employees that CGI and MGI Americas would have to lay off if the Court enters an injunction preventing Defendants from using its sequencers in the United States for purposes of research and development and preventing MGI Americas from commercially launching its sequencers in the United States, at least until the conclusion of the litigation. In consultation with company executives, I have estimated that at least 54 employees would be laid off from CGI and MGI Americas. These employees would include: (1) approximately 90% of the researchers, scientists, and analysts in CGI's San Jose-based R&D and biochemistry teams; (2) a portion of MGI Americas' sales force, marketing, admin, and business development teams; and (3) approximately 60% of CGI's administrative team, including HR, finance, supply chain, and IT employees. Nearly all of these employees are based in CGI and MGI Americas' San Jose facilities.

5. If an injunction is entered and later lifted or vacated, it is unlikely that CGI and MGI Americas would be able to rehire the employees they lost in the interim. Many employees would have found other jobs, and all would likely be hesitant to return to a company they were forced to leave because of an injunction.

6. It is also unlikely that these employees could be easily replaced. First, most of the positions are for employees with specific skills and experience in genomic sequencing, and well-qualified candidates are hard to come by. Second, CGI and MGI Americas' ability to attract and retain new hires would also be compromised due to reputational harm, as potential new employees would be very likely reluctant to join a company after such substantial lay-offs.

7. Even if CGI and MGI Americas could find qualified candidates to replace employees that had been laid off, it would be extremely expensive and time consuming to train them. Indeed, if an injunction were entered and later lifted or vacated, it would take CGI and MGI Americas months to hire and train new employees to support the launch of MGI Americas' sequencers.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 10, 2020

HONGLIN ZHAO