| | |
|---|---|
| EDWARD R. REINES (Bar No. 135960) | DOUGLAS W. MCCLELLAN (*pro hac vice*) |
| edward.reines@weil.com | doug.mcclellan@weil.com |
| DEREK C. WALTER (Bar No. 246322) | MELISSA L. HOTZE (*pro hac vice*) |
| derek.walter@weil.com | melissa.hotze@weil.com |
| WEIL, GOTSHAL & MANGES LLP | AMANDA C. DO COUTO (*pro hac vice*) |
| 201 Redwood Shores Parkway | amanda.docouto@weil.com |
| Redwood Shores, CA 94065 | WEIL, GOTSHAL & MANGES LLP |
| Telephone: (650) 802-3000 | 700 Louisiana, Ste. 1700 |
| Facsimile: (650) 802-3100 | Houston, TX 77002 |
| | Telephone: (713) 546-5000 |
| Attorneys for Plaintiffs | Facsimile: (713) 224-9511 |
| ILLUMINA, INC. AND | |
| ILLUMINA CAMBRIDGE LTD. | ANDREW P. GESIOR (*pro hac vice*) |
| | andrew.gesior@weil.com |
| | WEIL, GOTSHAL & MANGES LLP |
| | 767 Fifth Avenue |
| | New York, NY 10153 |
| | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>             Plaintiffs,<br><br>       v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>             Defendants. | Case No. 19-CV-03770-WHO (TSH)<br><br>**PLAINTIFFS ILLUMINA, INC.'S AND ILLUMINA CAMBRIDGE LTD.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (D.I. 230)**<br><br>Judge William H. Orrick |

Plaintiffs ("Illumina") respectfully object to Magistrate Judge Hixson's Discovery Order of August 24, 2020 ("Order") compelling Illumina to enforce contractual rights to make seven former-employee inventors who reside in foreign countries to appear for U.S. depositions.

## I. INTRODUCTION

The requested relief demanded in BGI's discovery brief was a non-starter because it sought to compel Illumina, amidst a pandemic, to "enforce their contractual rights to have each inventor appear for deposition in the United States." Dkt. No. 222 at 1. BGI insisted that Illumina coerce foreign non-parties to appear for deposition without regard to whether Illumina has enforceable contract rights that could require them to do so. Moreover, BGI's demand for the deposition of all seven employee inventors without regard to their particular circumstances or role is especially unreasonable because BGI cannot identify any viable defense to which they would have relevant information. The two inventors still employed by Illumina have always been available for deposition.

The Magistrate Judge legally erred when he assumed, contrary to UK law, that Illumina had enforceable contract rights that could require these seven non-parties to submit to American-style depositions. The Magistrate Judge committed an additional error by prematurely ordering Illumina to enforce contract rights against all these non-parties without regard to their individual circumstances, including a UK citizen that has cancer-related health issues and an officer of another sequencing company that has retained his company's counsel. After BGI withdrew its demand during the hearing that these non-parties travel to the U.S. for deposition, and once the Magistrate Judge rejected Illumina's other well-founded objections, it was unreasonable to require Illumina to present all of these former employees en masse. Illumina should have been allowed to re-engage with whichever non-parties still did not agree to a deposition before facing the specter of sanctions.

In the wake of industry-media coverage of Magistrate Judge Hixson's Order, all but one of the inventors has agreed to be deposed, and Illumina has offered BGI dates for each. Illumina has and will do what it can to ensure those depositions take place regardless of this motion. But Illumina should not be exposed to sanctions if a former employee does not appear for deposition. The Order was apparently provoked by bad speculation that Illumina misled these non-parties to believe that they had to travel to the United States for their depositions or would otherwise risk contacts exposing them to COVID-19.

## II. LEGAL STANDARD

A magistrate judge's non-dispositive order should be set aside when it is "contrary to law" or "clearly erroneous." FRCP 72(a). Determination of foreign law is a question of law governed by FRCP 44.1. *See de Fontbrune v. Wofsy*, 838 F.3d 992, 996 (9th Cir. 2016). "Although, pursuant to Rule 44.1, courts may ascertain foreign law through numerous means, expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law." *Universal Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir.1999).

## III. THE FAULTY DISCOVERY ORDER SHOULD BE VACATED

### A. The Magistrate Judge Failed To Assess The Applicable Foreign Law Before Incorrectly Finding That Illumina Could Enforce Contractual Rights To Require The Non-Party Inventors To Submit To U.S. Depositions

The Magistrate Judge erred by incorrectly assuming that Illumina has enforceable contractual rights to require foreign non-parties to submit to American-style depositions. Dkt. No. 230 at 9-10. Consistent with BGI's position before filing its motion, BGI demanded at the hearing that Illumina be ordered to "enforce their contractual right to the fullest extent possible." Hearing Tr. at 11:10-11. In response, during the meet and confer process, Illumina investigated what enforceable rights it actually has. As Illumina stated in the joint discovery brief, "there is no reason to believe that a UK court would enforce the assignments to require these nonparties to waive their Hague Convention rights or submit to United States depositions." Dkt. No. 222 at 5. At oral argument, Illumina explained that its UK counsel had confirmed that an English court would not enforce a contract requiring the requested depositions. Hearing Tr. at 8:4-21; 21:3-21. Illumina further requested leave to submit a declaration from a UK law expert to address this issue, which was not granted. Dkt. No. 222 at 5 (offering to submit an expert declaration and asking for leave in joint brief); Hearing Tr. at 21:3-6 ("want to make it [of] record one way or the other"), 13:7-9 ("we've come to conclusions that we're prepared to back up"). It was a legal error not to consider evidence of UK law before simply assuming that Illumina has an enforceable right under UK law.

The Magistrate Judge misunderstood Illumina's position by erroneously focusing on whether the deposition could legally ***take place*** in the UK rather than whether Illumina could ***enforce*** the contract: "Plaintiffs also repeatedly argued at the hearing that there would be some sort of legal problem with conducting an American-style deposition in the U.K., Tr. at 8:10-11, 8:14-21, 21:17-20,

1  which is not true." Dkt. No. 230 at 8.  The issue is not whether a willing witness would "go to jail if
2  they sat for deposition" as BGI put it.  Hearing Tr. at 10:24-25.  The question facing Illumina was
3  whether it had a legal right to compel the deposition in the UK.  In short, the Magistrate Judge focused
4  on the wrong question and arrived at the wrong answer.

5  The accompanying declaration of Alexander Michael Silverleaf QC, an expert in UK law,
6  explains why Illumina cannot enforce a contract as envisioned by the Order.  As Mr. Silverleaf
7  explains, any attempt by Illumina to enforce the contractual rights to require the UK-resident inventors
8  to submit to an American-style discovery deposition would be "unlawful under English law" and
9  rejected by UK courts. Silverleaf Decl. at ¶ 26; *see also id.* at ¶¶ 8-9, 14-27.  UK law "precludes the
10 making of an order for the purposes of discovery" against non-parties. *Id.* at ¶15 (citing *Refco Capital
11 Markets v Credit Suisse (First Boston)* [2001] EWCA Civ 1733, [2002] CLC 301 at [1]).

12 Non-party John Milton merits additional discussion because he is the only outstanding inventor
13 for Illumina's asserted patents who has not yet agreed to give a video deposition in this case.  Illumina
14 does not control Dr. Milton, who is the Chief Scientific Officer at Oxford Nanopore Technologies
15 ("ONT"), a DNA sequencing company based in the UK.  Dr. Milton is being independently represented
16 in this matter by Baker Botts, an international law firm who also represents ONT, and his counsel has
17 not yet indicated how he will respond.  Illumina has told Dr. Milton's counsel in no uncertain terms
18 that it wants him to appear for a video deposition, and has provided his counsel all requested
19 information, including the relevant agreements and subpoena requests.  In October 2019, Illumina had
20 to file a Substitute Statement for Dr. Milton after he did not respond to Illumina's request for him to
21 sign an oath for a continuation patent application in the family of the patents-in-suit.  Given that, and
22 that he works at another sequencing company, it was not surprising that Dr. Milton is being
23 independently represented. Ex. 1 (Substitute Statement).[1]

24 After GenomeWeb published an article about the Order that garnered significant industry
25 attention on August 26, 2020, Clive Brown (Milton's coworker and the CTO of ONT) stated on Twitter
26 that "[t]his is more complicated than it looks."  Ex. 2 (Clive Brown Twitter post).  Brown further
27 explained that "UK citizens who don't want to give a deposition require a subpoena to be granted by a

28
---
[1] Illumina sent multiple letters to Milton about his deposition and was notified that the last two attempts were not successfully delivered.

PLAINTIFFS' MOTION FOR RELIEF     3     CASE NO. 19-CV-03770-WHO (TSH)

1  UK court, if/when – and the proceedings will be governed by The Hague Convention, written questions
2  in advance, only on-topic, overseen by UK judge/magistrate." *Id.*  Whether John Milton agrees to
3  submit to an American-style deposition in this case is beyond Illumina's control.

4  Additionally, the Magistrate Judge should not have ordered Illumina to attempt to enforce
5  contract rights on pain of sanctions against non-party ▮▮▮ the witness ▮▮▮
6  ▮▮▮.  While ▮▮▮ has been cooperative and has stated that he is willing to appear
7  for a video deposition, he also stated that ▮▮▮
8  ▮▮▮.  Given the ▮▮▮, the
9  Court should take a more measured approach than to order Illumina to threaten ▮▮▮ with a
10 meritless contract suit in England.  And if ▮▮▮, Illumina should
11 not be exposed to sanctions and a contempt proceeding.  The record does not justify that.

12     **B.    The Order Is Clearly Erroneous Because It Prematurely Ordered Illumina To Produce All The Non-Party Inventors For Depositions Without Particularized Consideration Of Each Inventor's Circumstances**

14 The Magistrate Judge also erred by prematurely ordering Illumina, under explicit threat of
15 sanctions, to produce all seven non-parties for deposition without particularized consideration of each
16 non-parties' circumstance.  Illumina's main position on the underlying motion was that it is
17 disproportionate to the needs of the case to require all nine inventors to appear for deposition en masse
18 when many have not been with Illumina for nearly two decades and BGI could not identify a viable
19 issue to cover in the deposition.  BGI relied on its enablement and written description defenses but
20 could not identify any viable theory.  After BGI withdrew its demand that "each inventor appear for
21 deposition in the United States" at the hearing, and the Court overruled Illumina's objections that nine
22 inventor depositions had not been justified, the Court should have given Illumina the opportunity to
23 attempt to persuade these non-party witnesses to appear for deposition.  Threatening sanctions and
24 ordering Illumina to attempt to enforce contracts against these non-parties is clearly erroneous.

25 In the wake of the Order, Illumina has engaged with all of the non-party witnesses or their
26 counsel, and all except for one (John Milton) have now told Illumina that they are willing to appear for
27 a video deposition, and Illumina has offered BGI dates for all of them, except Milton.  It is possible
28 that Dr. Milton will agree to appear, too, without further process.  But if the health of a witness battling

cancer takes a turn for the worse or an independently represented witness refuses to appear, this Court should not compel Illumina, under the threat of sanctions, to threaten them with a contract suit that would be meritless in England or give rise to contempt proceedings.

Contrary to the speculation in the Order (Dkt. No. 230 at 9), Illumina never asked any of the inventors to volunteer to travel great distances, leave their house in order to give a deposition, or do anything else that would endanger them.  There is no evidentiary support for this unfounded speculation, which is not true.  Illumina reasonably stood in the first instance on its well-founded objections, including those based on BGI's failure to justify the depositions and the burden of BGI's demand for all 9 inventor depositions (before even taking the inventors who were offered) without regard to the individual circumstances of the non-party inventors.  For example, Illumina believed that a deposition is not warranted of (i) a Dutch teacher who has not worked at Illumina since 2004 or been in this field for years, (ii) non-parties who now work at other sequencing companies, and (iii) the witness who has cancer.  Illumina also presented other meritorious objections that independently justified denial of BGI's motion, including BGI's failure to even attempt to address the above-cited foreign law issues, BGI's refusal to take the deposition of the Illumina inventors before seeking all nine depositions, and that the crux of BGI's motion as filed – that Illumina be compelled to "have each inventor appear for deposition in the United States" in the middle of a pandemic – was facially unreasonable.

All but one of the non-parties inventors have said they will appear and dates have been offered. Illumina will do what it reasonably can to have the witnesses follow through and appear for their depositions, regardless of the outcome of this motion.  But Illumina should not face contempt proceedings based on a flawed Order that ignored UK law and was premature.  The Order should be set aside for being wrong on the law and clearly erroneous.

## IV. CONCLUSION

For the reasons above, this Court should vacate the Order.  Illumina is prepared to give an update on the parties' negotiations with John Milton's counsel within 30 days from the date of this filing.  Illumina has offered deposition dates for 6 out of 7 of the non-party inventors and is happy to update the Court on the status of the inventor deposition schedule then, too.

| | |
|---|---|
| Date: September 8, 2020 | /s/ Edward R. Reines |
| | EDWARD R. REINES (Bar No. 135960) |
| | DEREK C. WALTER (Bar No. 246322) |
| | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| | Redwood Shores, CA 94065 |
| | Tel: (650) 802-3000 |
| | Fax: (650) 802-3100 |
| | edward.reines@weil.com |
| | derek.walter@weil.com |
| | |
| | DOUGLAS W. MCCLELLAN (*pro hac vice*) |
| | MELISSA L. HOTZE (*pro hac vice*) |
| | AMANDA C. DO COUTO (*pro hac vice*) |
| | WEIL, GOTSHAL & MANGES LLP |
| | 700 Louisiana, Ste. 1700 |
| | Houston, TX 77002 |
| | Telephone: (713) 546-5000 |
| | Facsimile: (713) 224-9511 |
| | doug.mcclellan@weil.com |
| | melissa.hotze@weil.com |
| | amanda.docouto@weil.com |
| | |
| | ANDREW P. GESIOR (*pro hac vice*) |
| | WEIL, GOTSHAL & MANGES LLP |
| | 767 Fifth Avenue |
| | New York, NY 10153 |
| | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| | andrew.gesior@weil.com |
| | |
| | *Attorneys for Plaintiffs* |
| | ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD. |