EDWARD R. REINES (Bar No. 135690)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

DOUGLAS W. MCCLELLAN (*pro hac vice*)
doug.mcclellan@weil.com
MELISSA L. HOTZE (*pro hac vice*)
melissa.hotze@weil.com
AMANDA C. DO COUTO (*pro hac vice*)
amanda.docouto@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

ANDREW P. GESIOR (*pro hac vice*)
andrew.gesior@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Attorneys for Plaintiffs
ILLUMINA, INC. AND ILLUMINA
CAMBRIDGE LTD.

DAVID BILSKER (Bar No. 152383)
davidbilsker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700

KEVIN P.B. JOHNSON (Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive # 560
Redwood City, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

ANNE S. TOKER (*pro hac vice*)
annetoker@quinnemanuel.com
JOSEPH MILOWIC III (*pro hac vice*)
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

DEREK L. SHAFFER (*pro hac vice*)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Facsimile:  (202) 538-8100

Attorneys for Defendants
BGI GENOMICS CO, LTD., BGI AMERICAS
CORP., MGI TECH CO., LTD., MGI
AMERICAS, INC., AND COMPLETE
GENOMICS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>        Defendants. | Case No. 3:19-cv-03770-WHO<br><br>**[JOINT PROPOSED] MODIFIED**<br>**PRELIMINARY INJUNCTION** |
| COMPLETE GENOMICS INC.,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>        Counterclaim-Defendants. | |

1    Plaintiffs Illumina Cambridge Ltd. and Illumina, Inc. (collectively, "Illumina") and

2  Defendants BGI Genomics Co. Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas,

3  Inc., and Complete Genomics, Inc. ("Defendants") (collectively, "the Parties") jointly move for

4  entry of a modified preliminary injunction.  In consideration of the entire record and for the reasons

5  detailed in this Court's Order Re Motions For Preliminary Injunctions dated June 13, 2020 (Dkt.

6  185), Illumina has demonstrated that it is likely to succeed on the merits of its patent infringement

7  allegations against BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co. Ltd., MGI

8  Americas, Inc., and Complete Genomics, Inc. ("Defendants").  Defendants have not presented a

9  substantial question of the validity of the asserted patents.  In addition, Illumina has demonstrated

10 that it is substantially likely to suffer irreparable harm from Defendants' ongoing infringement and

11 that the balance of equities and the public interest favor protecting Illumina and granting a

12 preliminary injunction.  Having met and conferred in good faith to narrow their disputes and moot

13 Defendants' appeal regarding the original Preliminary Injunction (Dkt. No. 194), the Parties have

14 stipulated to modify the Preliminary Injunction as described herein.  The Parties' Motion for a

15 Modified Preliminary Injunction is therefore GRANTED.

16        **Accordingly, IT IS HEREBY ORDERED :**

17        Defendants and their officers, agents, affiliates, servants, employees, and attorneys, and all

18 those persons acting or attempting to act in concert or participation with them, are enjoined from (1)

19 distributing in the United States (a) the Accused Sequencers or accused reagents, or (b) any products

20 that are not colorably different that practice or embody the claims of U.S. Patent No. 7,566,537 ("the

21 '537 Patent") or U.S. Patent No. 9,410,200 ("the '200 patent"); (2) contributing to or inducing the

22 use or sale in the United States of the accused reagents or reagent kits that contain nucleotides with

23 a 3′-O azidomethyl blocking group by encouraging the use of the Accused Library Preparation Kits

24 with, in the United States, such accused reagents or reagent kits; or (3) using the Accused Sequencers

25 or accused reagents in the United States to promote them to third parties (collectively, "Prohibited

26 Conduct").  The Accused (1) Sequencers, and (2)  Library Preparation Kits are listed in the attached

27 Appendix under the corresponding headings of "1" and "2".

28

1    The Preliminary Injunction shall not otherwise enjoin Defendants' activities with respect to
2  the Accused Library Preparation Kits, including distributing, making, using, selling, importing,
3  offering for sale in the United States, promoting, advertising, marketing, servicing, or supplying the
4  Accused Library Preparation Kits in the United States so long as the libraries prepared using the
5  Accused Library Preparation Kits are not sequenced in the United States using the accused reagents
6  or reagent kits that contain nucleotides with a 3′-O azidomethyl blocking group.  For clarity, with
7  respect to the Accused Library Preparation Kits, Defendants are not enjoined from non-Prohibited
8  Conduct within the United States such as using the Accused Library Preparation Kits to prepare
9  libraries within the United States that are then sent outside the United States for further processing
10  and analysis, including sequencing, or as allowed by any further modification to the Preliminary
11  Injunction.

12    Notwithstanding any language to the contrary, Defendants are not enjoined from (1) using
13  the Accused Sequencers with noninfringing sequencing reagents or (2) internal development
14  activities relating to its current CoolMPS product insofar as permitted under the Protocol for Use of
15  CoolMPS with Azidomethyl Internally at CGI's Facility in San Jose as detailed below.

16    The Parties agree to the following Protocol for Use of CoolMPS with Azidomethyl Internally
17  at CGI's Facility in San Jose, consistent with this Preliminary Injunction, that is being used to ensure
18  that Defendant's development activities are non-commercial pursuant to the Court's Order (Dkt.
19  No. 223) (such agreement is not consent by Illumina to the use of any of its rights beyond the patents-
20  in-suit in this limited way and is only a compromise to narrow the parties' disputes):

21    I.    With respect to the use of 3′ azidomethyl blocked nucleotides by the Defendants in
22  the United States, only employees of CGI will be entitled to such use.  CGI agrees that it will not
23  send or communicate the results of experiments that use azidomethyl in the current CoolMPS
24  products for improving such products to any affiliate or parent outside of San Jose.  Nor will CGI
25  publish any results of such experiments or communicate them to anyone who is not an employee of
26  CGI.

27    II.    The purchase or receipt of any 3′ azidomethyl blocked nucleotides in the CGI San
28  Jose facility will be controlled by Dr. Rade Drmanac or the purchasing department.

1    III.    The purchase or receipt of 3′ azidomethyl blocked nucleotides will be recorded in a

2    manner which indicates the date and quantity on which such nucleotides were received in the San

3    Jose facility.

4    IV.    Dr. Drmanac or Matt Callow will limit the use of 3′ azido methyl blocked nucleotides

5    to no more than 10 researchers within CGI's San Jose facility.

6    V.    Any data obtained from the use of 3′ azidomethyl blocked nucleotides for improving

7    CoolMPS that is stored electronically will be stored in a password-protected folder in a way that is

8    not accessible to any employee outside CGI's San Jose facility.  Dr. Drmanac will limit access to

9    the data to no more than 15 researchers.  All researchers with access to these restricted data will be

10   informed about limitations on how the data can be used and communicated and will acknowledge

11   in writing that discussions of the data or work cannot be communicated outside CGI by reading and

12   signing the terms of this protocol.

13   VI.    The 15 approved personnel certify under oath that they will not use the CGI

14   information or materials from the post-preliminary injunction work if infringement of valid claim is

15   finally adjudicated.

16   VII.    The documentation and materials generated post-injunction shall be destroyed if and

17   when infringement of a valid claim is finally adjudicated.

18   VIII.    Any documentation or materials generated post-injunction and to which the protocol

19   applies will be labeled with a legend stating that the material is subject to the Protocol.

20   IX.    Defendants' use of 3′ azidomethyl blocked nucleotides will be limited to the current

21   CoolMPS products.  If Defendants use 3′ azidomethyl blocked nucleotides outside this protocol,

22   Defendants shall provide written notice to Illumina within 10 days of such use, including a

23   description of such and a full description of the chemical structure of the blocked nucleotides.

24   X.    Defendants will not commercially exploit their work under the Protocol if Illumina

25   obtains final judgment of infringement of any valid asserted patent(s).

26   XI.    The researchers referenced in the Protocol will be Defendants' employees who work

27   in CGI's San Jose facility.  Defendants will maintain an internal list of such researchers, which

28   Illumina can seek and Defendants can oppose as part of the discovery process.

XII.      So long as the injunctions remain in place, Defendants will not send or communicate the results of experiments that use azidomethyl or any other information or material generated under the Protocol to any affiliate or parent outside of CGI's San Jose facility and will not use any such results, information or material to improve their sequencing reagents outside the United States.

To the extent that notice had not been sent pursuant to the preliminary injunction order entered on July 8, 2020 (Dkt. No. 194), Defendants shall, within ten days from the date of issuance of this modified Preliminary Injunction order, provide notice and a copy of this Preliminary Injunction to (1) each of the Defendants' officers, agents, affiliates, servants, employees, and attorneys; (2) all past and current users of (a) the Accused Sequencers, accused reagents or Accused Library Preparation Kits and/or (b) products that are not colorably different that embody the claims of the '537 Patent or the '200 Patent, in the United States; and (3) any other person or entity acting in active concert or participation with any of the Defendants with respect to any of the activities enjoined here, such that above persons and entities are duly noticed and bound by this Order under Federal Rule of Civil Procedure 65(d)(2).  Defendants shall further provide proof of each such notice to this Court by filing it in this action within fourteen days from the date of issuance of this Preliminary Injunction.

Illumina has provided security in the sum of $20 million dollars for both the preliminary injunction in this case and in related Case No. 3:20-cv-01465-WHO to cover the potential costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  Illumina agreed to provide security in that amount to avoid litigating an additional dispute at this stage, while reserving its rights to contest the amount of any such costs or damages if they become recoverable after Defendants have attempted to prove them up.  The security amount is $20 million total if in either this case or Case No. 3:20-cv-01465-WHO Defendants are found to have been wrongfully enjoined or restrained; the $20 million amount shall not be divided between the two cases.

Dated: September 14, 2020

By: ___/s/ Edward R. Reines_____          By: ___/s/ Derek L. Shaffer___

Edward R. Reines (Bar No. 135960)            David Bilsker (Bar No. 152383)
Derek C. Walter (Bar No. 246322)             davidbilsker@quinnemanuel.com
Christopher S. Lavin (Bar No. 301702)        QUINN EMANUEL URQUHART &
Sara L. Townsend (Bar No. 320300)            SULLIVAN, LLP
WEIL, GOTSHAL & MANGES LLP                   50 California Street, 22nd Floor
201 Redwood Shores Parkway                   San Francisco, CA 94111
Redwood Shores, CA 94065                     (415) 875-6600 Tel.
(650) 802-3000 Tel.                          (415) 875-6700 Fax
(650) 802-3100 Fax
edward.reines@weil.com                       Kevin P.B. Johnson (Bar No. 177129)
derek.walter@weil.com                        kevinjohnson@quinnemanuel.com
christopher.lavin@weil.com                   QUINN EMANUEL URQUHART &
sara.townsend@weil.com                       SULLIVAN, LLP
                                             555 Twin Dolphin Drive, 5th Floor
Douglas W. Mcclellan (*pro hac vice*)        Redwood Shores, CA 94065
Melissa L. Hotze (*pro hac vice*)            (650) 801-5000 Tel.
Amanda C. Do Couto (*pro hac vice*)          (650) 801-5100 Fax
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Ste. 1700                     Anne S. Toker (admitted *pro hac vice*)
Houston, TX 77002                            annetoker@quinnemanuel.com
(713) 546-5000 Tel.                          Joseph Milowic III (admitted *pro hac vice*)
(713) 224-9511 Fax                           josephmilowic@quinnemanuel.com
doug.mcclellan@weil.com                      QUINN EMANUEL URQUHART &
melissa.hotze@weil.com                       SULLIVAN, LLP
amanda.docouto@weil.com                      51 Madison Avenue, 22nd Floor
                                             New York, New York 10010
Andrew P. Gesior (*pro hac vice*)            (212) 849-7000 Tel.
WEIL, GOTSHAL & MANGES LLP                   (212) 849-7100 Fax
767 Fifth Avenue
New York, NY 10153                           Derek L. Shaffer (*pro hac vice* pending)
(212) 310-8000 Tel.                          derekshaffer@quinnemanuel.com
(212) 310-8007 Fax                           QUINN EMANUEL URQUHART &
andrew.gesior@weil.com                       SULLIVAN, LLP
                                             1300 I Street NW, Suite 900
Stephen Bosco (*pro hac vice*)               Washington, D.C. 20005
WEIL, GOTSHAL & MANGES LLP                   (202) 538-8000 Tel.
2001 M Street, Suite 600                     (202) 538-8100 Fax
Washington, DC 20036
(202) 682-7000 Tel.                          *Attorneys for Defendants*
(202) 857-0940 Fax
stephen.bosco@weil.com

*Attorneys for Plaintiffs*

1  **IT IS SO ORDERED.**

2  DATED:  September _____, 2020.

3

4  _____

5  WILLIAM H. ORRICK
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Appendix**

2

**(1) Accused Sequencers:**

3     MGISEQT7, DNBSEQ-G400 (previously known as the MGISEQ-2000), DNBSEQ-G50

4 (previously known as the MGISEQ-200), BGISEQ-500, and BGISEQ-50 (all of which include the

5 BGI sequencer instrument, the sequencer instrument software, and the sequencer instrument

6 computer workstation).

7

**(2) Accused Library Preparation Kits:**

8     MGIEasy RNA Exome Application, MGIEasy RNA Library Prep Set, MGIEasy Small RNA

9 Library Prep Kit, MGIEasy RNA Directional Library Prep Set, MGIEasy rRNA Depletion Kit,

10 MGIEasy FS PCR-Free DNA Library Prep Set, MGIEasy Exome FS Library Prep Set, MGIEasy

11 Cell-fere DNA Library Prep Set, MGIEasy Exome Universal Library Prep Set, MGIEasy PCR-Free

12 DNA Library Prep Set, MGICare BRCA1/2 Sequencing Library Preparation Kit, MGIEasy

13 Universal DNA Library Prep Set, MGIEasy Exome Capture V5 Probe Set, MGIEasy FS DNA

14 Library Prep Set, MGIEasy RAD Library Prep Kit, MGIEasy Exome Capture V4 Probe Set,

15 MGIEasy stLFR Library Prep Kit, MGIEasy Whole Genome Bisulfite Sequencing Library Prep Kit,

16 MGIEasy Circularization Kit, MGIEasy DNA Adapters-96 (Plate) Kit, MGIEasy DNA Clean

17 Beads, MGICare Single Cell Chromosomal Copy Number Variation Detection Kit, MGICare Single

18 Gene Genomic Disease Phasing and Chromosome Copy Number Variation Sequencing Library

19 Prep Kit, MGICare Cell-Free DNA Chromosomal Aneuploidy and Single Cell Disease Sequencing

20 Library Prep Set.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Edward R. Reines, am the ECF User whose ID and password are being used to file this Stipulation.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Derek L. Shaffer has concurred in this filing.

DATED:  September 14, 2020                    By  */s/ Edward R. Reines*
                                                                 Edward R. Reines