1  EDWARD R. REINES (Bar No. 135690)
   edward.reines@weil.com
2  DEREK C. WALTER (Bar No. 246322)
   derek.walter@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA 94065
   Telephone:  (650) 802-3000
5  Facsimile:  (650) 802-3100

6  DOUGLAS W. MCCLELLAN (*pro hac vice*)
   doug.mcclellan@weil.com
7  MELISSA L. HOTZE (*pro hac vice*)
   melissa.hotze@weil.com
8  AMANDA C. DO COUTO (*pro hac vice*)
   amanda.docouto@weil.com
9  WEIL, GOTSHAL & MANGES LLP
   700 Louisiana Street, Suite 1700
10 Houston, TX 77002
   Telephone: (713) 546-5000
11 Facsimile: (713) 224-9511

12 ANDREW P. GESIOR (*pro hac vice*)
   andrew.gesior@weil.com
13 WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
14 New York, NY 10153
   Telephone: (212) 310-8000
15 Facsimile: (212) 310-8007

16
   Attorneys for Plaintiffs
17 ILLUMINA, INC. AND ILLUMINA
   CAMBRIDGE LTD.
18

19

DAVID BILSKER (Bar No. 15283)
davidbilsker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700

KEVIN P.B. JOHNSON (Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive # 560
Redwood City, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

ANNE S. TOKER (*pro hac vice*)
annetoker@quinnemanuel.com
JOSEPH MILOWIC III (*pro hac vice*)
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

DEREK L. SHAFFER (*pro hac vice*)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Facsimile:  (202) 538-8100

20 Attorneys for Defendants
   BGI GENOMICS CO, LTD., BGI AMERICAS
21 CORP., MGI TECH CO., LTD., MGI
   AMERICAS, INC., AND COMPLETE
22 GENOMICS, INC.

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>             Plaintiffs,<br><br>      v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>             Defendants. | Case No. 3:19-cv-03770-WHO<br><br>**JOINT MODIFIED**<br>**PRELIMINARY INJUNCTION** |
| COMPLETE GENOMICS INC.,<br><br>             Counterclaim-Plaintiff,<br><br>      v.<br><br>ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>             Counterclaim-Defendants. | |

1    Plaintiffs Illumina Cambridge Ltd. and Illumina, Inc. (collectively, "Illumina") and

2 Defendants BGI Genomics Co. Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas,

3 Inc., and Complete Genomics, Inc. ("Defendants") (collectively, "the Parties") jointly move for

4 entry of a modified preliminary injunction.  In consideration of the entire record and for the reasons

5 detailed in this Court's Order Re Motions For Preliminary Injunctions dated June 13, 2020 (Dkt.

6 185), Illumina has demonstrated that it is likely to succeed on the merits of its patent infringement

7 allegations against BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co. Ltd., MGI

8 Americas, Inc., and Complete Genomics, Inc. ("Defendants").  Defendants have not presented a

9 substantial question of the validity of the asserted patents.  In addition, Illumina has demonstrated

10 that it is substantially likely to suffer irreparable harm from Defendants' ongoing infringement and

11 that the balance of equities and the public interest favor protecting Illumina and granting a

12 preliminary injunction.  Having met and conferred in good faith to narrow their disputes and moot

13 Defendants' appeal regarding the original Preliminary Injunction (Dkt. No. 194), the Parties have

14 stipulated to modify the Preliminary Injunction as described herein.  The Parties' Motion for a

15 Modified Preliminary Injunction is therefore GRANTED.

16    **Accordingly, IT IS HEREBY ORDERED :**

17    Defendants and their officers, agents, affiliates, servants, employees, and attorneys, and all

18 those persons acting or attempting to act in concert or participation with them, are enjoined from (1)

19 distributing in the United States (a) the Accused Sequencers or accused reagents, or (b) any products

20 that are not colorably different that practice or embody the claims of U.S. Patent No. 7,566,537 ("the

21 '537 Patent") or U.S. Patent No. 9,410,200 ("the '200 patent"); (2) contributing to or inducing the

22 use or sale in the United States of the accused reagents or reagent kits that contain nucleotides with

23 a 3′-O azidomethyl blocking group by encouraging the use of the Accused Library Preparation Kits

24 with, in the United States, such accused reagents or reagent kits; or (3) using the Accused Sequencers

25 or accused reagents in the United States to promote them to third parties (collectively, "Prohibited

26 Conduct").  The Accused (1) Sequencers, and (2)  Library Preparation Kits are listed in the attached

27 Appendix under the corresponding headings of "1" and "2".

28

1    The Preliminary Injunction shall not otherwise enjoin Defendants' activities with respect to

2    the Accused Library Preparation Kits, including distributing, making, using, selling, importing,

3    offering for sale in the United States, promoting, advertising, marketing, servicing, or supplying the

4    Accused Library Preparation Kits in the United States so long as the libraries prepared using the

5    Accused Library Preparation Kits are not sequenced in the United States using the accused reagents

6    or reagent kits that contain nucleotides with a 3′-O azidomethyl blocking group.  For clarity, with

7    respect to the Accused Library Preparation Kits, Defendants are not enjoined from non-Prohibited

8    Conduct within the United States such as using the Accused Library Preparation Kits to prepare

9    libraries within the United States that are then sent outside the United States for further processing

10   and analysis, including sequencing, or as allowed by any further modification to the Preliminary

11   Injunction.

12   Notwithstanding any language to the contrary, Defendants are not enjoined from (1) using

13   the Accused Sequencers with noninfringing sequencing reagents or (2) internal development

14   activities relating to its current CoolMPS product insofar as permitted under the Protocol for Use of

15   CoolMPS with Azidomethyl Internally at CGI's Facility in San Jose as detailed below.

16   The Parties agree to the following Protocol for Use of CoolMPS with Azidomethyl Internally

17   at CGI's Facility in San Jose, consistent with this Preliminary Injunction, that is being used to ensure

18   that Defendant's development activities are non-commercial pursuant to the Court's Order (Dkt.

19   No. 223) (such agreement is not consent by Illumina to the use of any of its rights beyond the patents-

20   in-suit in this limited way and is only a compromise to narrow the parties' disputes):

21   I.      With respect to the use of 3′ azidomethyl blocked nucleotides by the Defendants in

22   the United States, only employees of CGI will be entitled to such use.  CGI agrees that it will not

23   send or communicate the results of experiments that use azidomethyl in the current CoolMPS

24   products for improving such products to any affiliate or parent outside of San Jose.  Nor will CGI

25   publish any results of such experiments or communicate them to anyone who is not an employee of

26   CGI.

27   II.     The purchase or receipt of any 3′ azidomethyl blocked nucleotides in the CGI San

28   Jose facility will be controlled by Dr. Rade Drmanac or the purchasing department.

1    III.        The purchase or receipt of 3′ azidomethyl blocked nucleotides will be recorded in a

2  manner which indicates the date and quantity on which such nucleotides were received in the San

3  Jose facility.

4    IV.        Dr. Drmanac or Matt Callow will limit the use of 3′ azido methyl blocked nucleotides

5  to no more than 10 researchers within CGI's San Jose facility.

6    V.        Any data obtained from the use of 3′ azidomethyl blocked nucleotides for improving

7  CoolMPS that is stored electronically will be stored in a password-protected folder in a way that is

8  not accessible to any employee outside CGI's San Jose facility.  Dr. Drmanac will limit access to

9  the data to no more than 15 researchers.  All researchers with access to these restricted data will be

10  informed about limitations on how the data can be used and communicated and will acknowledge

11  in writing that discussions of the data or work cannot be communicated outside CGI by reading and

12  signing the terms of this protocol.

13    VI.        The 15 approved personnel certify under oath that they will not use the CGI

14  information or materials from the post-preliminary injunction work if infringement of valid claim is

15  finally adjudicated.

16    VII.        The documentation and materials generated post-injunction shall be destroyed if and

17  when infringement of a valid claim is finally adjudicated.

18    VIII.        Any documentation or materials generated post-injunction and to which the protocol

19  applies will be labeled with a legend stating that the material is subject to the Protocol.

20    IX.        Defendants' use of 3′ azidomethyl blocked nucleotides will be limited to the current

21  CoolMPS products.  If Defendants use 3′ azidomethyl blocked nucleotides outside this protocol,

22  Defendants shall provide written notice to Illumina within 10 days of such use, including a

23  description of such and a full description of the chemical structure of the blocked nucleotides.

24    X.        Defendants will not commercially exploit their work under the Protocol if Illumina

25  obtains final judgment of infringement of any valid asserted patent(s).

26    XI.        The researchers referenced in the Protocol will be Defendants' employees who work

27  in CGI's San Jose facility.  Defendants will maintain an internal list of such researchers, which

28  Illumina can seek and Defendants can oppose as part of the discovery process.

1    XII.    So long as the injunctions remain in place, Defendants will not send or communicate

2  the results of experiments that use azidomethyl or any other information or material generated under

3  the Protocol to any affiliate or parent outside of CGI's San Jose facility and will not use any such

4  results, information or material to improve their sequencing reagents outside the United States.

5    To the extent that notice had not been sent pursuant to the preliminary injunction order

6  entered on July 8, 2020 (Dkt. No. 194), Defendants shall, within ten days from the date of issuance

7  of this modified Preliminary Injunction order, provide notice and a copy of this Preliminary

8  Injunction to (1) each of the Defendants' officers, agents, affiliates, servants, employees, and

9  attorneys; (2) all past and current users of (a) the Accused Sequencers, accused reagents or Accused

10  Library Preparation Kits and/or (b) products that are not colorably different that embody the claims

11  of the '537 Patent or the '200 Patent, in the United States; and (3) any other person or entity acting

12  in active concert or participation with any of the Defendants with respect to any of the activities

13  enjoined here, such that above persons and entities are duly noticed and bound by this Order under

14  Federal Rule of Civil Procedure 65(d)(2).  Defendants shall further provide proof of each such notice

15  to this Court by filing it in this action within fourteen days from the date of issuance of this

16  Preliminary Injunction.

17    Illumina has provided security in the sum of $20 million dollars for both the preliminary

18  injunction in this case and in related Case No. 3:20-cv-01465-WHO to cover the potential costs and

19  damages sustained by any party found to have been wrongfully enjoined or restrained.  Illumina

20  agreed to provide security in that amount to avoid litigating an additional dispute at this stage, while

21  reserving its rights to contest the amount of any such costs or damages if they become recoverable

22  after Defendants have attempted to prove them up.  The security amount is $20 million total if in

23  either this case or Case No. 3:20-cv-01465-WHO Defendants are found to have been wrongfully

24  enjoined or restrained; the $20 million amount shall not be divided between the two cases.

25

26

27

28

1 | Dated: September 14, 2020

2 | By: ___/s/ Edward R. Reines___        By: ___/s/ Derek L. Shaffer___

3 | Edward R. Reines (Bar No. 135960)        David Bilsker (Bar No. 152383)
Derek C. Walter (Bar No. 246322)        davidbilsker@quinnemanuel.com

4 | Christopher S. Lavin (Bar No. 301702)        QUINN EMANUEL URQUHART &
Sara L. Townsend (Bar No. 320300)        SULLIVAN, LLP

5 | WEIL, GOTSHAL & MANGES LLP        50 California Street, 22nd Floor
201 Redwood Shores Parkway        San Francisco, CA 94111

6 | Redwood Shores, CA 94065        (415) 875-6600 Tel.
(650) 802-3000 Tel.        (415) 875-6700 Fax

7 | (650) 802-3100 Fax
edward.reines@weil.com        Kevin P.B. Johnson (Bar No. 177129)

8 | derek.walter@weil.com        kevinjohnson@quinnemanuel.com
christopher.lavin@weil.com        QUINN EMANUEL URQUHART &

9 | sara.townsend@weil.com        SULLIVAN, LLP
       555 Twin Dolphin Drive, 5th Floor

10 | Douglas W. Mcclellan (*pro hac vice*)        Redwood Shores, CA 94065
Melissa L. Hotze (*pro hac vice*)        (650) 801-5000 Tel.

11 | Amanda C. Do Couto (*pro hac vice*)        (650) 801-5100 Fax
WEIL, GOTSHAL & MANGES LLP

12 | 700 Louisiana, Ste. 1700        Anne S. Toker (admitted *pro hac vice*)
Houston, TX 77002        annetoker@quinnemanuel.com

13 | (713) 546-5000 Tel.        Joseph Milowic III (admitted *pro hac vice*)
(713) 224-9511 Fax        josephmilowic@quinnemanuel.com

14 | doug.mcclellan@weil.com        QUINN EMANUEL URQUHART &
melissa.hotze@weil.com        SULLIVAN, LLP

15 | amanda.docouto@weil.com        51 Madison Avenue, 22nd Floor
       New York, New York 10010

16 | Andrew P. Gesior (*pro hac vice*)        (212) 849-7000 Tel.
WEIL, GOTSHAL & MANGES LLP        (212) 849-7100 Fax

17 | 767 Fifth Avenue
New York, NY 10153        Derek L. Shaffer (*pro hac vice* pending)

18 | (212) 310-8000 Tel.        derekshaffer@quinnemanuel.com
(212) 310-8007 Fax        QUINN EMANUEL URQUHART &

19 | andrew.gesior@weil.com        SULLIVAN, LLP
       1300 I Street NW, Suite 900

20 | Stephen Bosco (*pro hac vice*)        Washington, D.C. 20005
WEIL, GOTSHAL & MANGES LLP        (202) 538-8000 Tel.

21 | 2001 M Street, Suite 600        (202) 538-8100 Fax
Washington, DC 20036

22 | (202) 682-7000 Tel.        *Attorneys for Defendants*
(202) 857-0940 Fax

23 | stephen.bosco@weil.com

24 | *Attorneys for Plaintiffs*

25 |

26 |

27 |

28 |

1    **IT IS SO ORDERED.**

2    DATED:  September ___23___, 2020.

3

4    _____

5    WILLIAM H. ORRICK
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Appendix**

**(1) Accused Sequencers:**

MGISEQT7, DNBSEQ-G400 (previously known as the MGISEQ-2000), DNBSEQ-G50 (previously known as the MGISEQ-200), BGISEQ-500, and BGISEQ-50 (all of which include the BGI sequencer instrument, the sequencer instrument software, and the sequencer instrument computer workstation).

**(2) Accused Library Preparation Kits:**

MGIEasy RNA Exome Application, MGIEasy RNA Library Prep Set, MGIEasy Small RNA Library Prep Kit, MGIEasy RNA Directional Library Prep Set, MGIEasy rRNA Depletion Kit, MGIEasy FS PCR-Free DNA Library Prep Set, MGIEasy Exome FS Library Prep Set, MGIEasy Cell-fere DNA Library Prep Set, MGIEasy Exome Universal Library Prep Set, MGIEasy PCR-Free DNA Library Prep Set, MGICare BRCA1/2 Sequencing Library Preparation Kit, MGIEasy Universal DNA Library Prep Set, MGIEasy Exome Capture V5 Probe Set, MGIEasy FS DNA Library Prep Set, MGIEasy RAD Library Prep Kit, MGIEasy Exome Capture V4 Probe Set, MGIEasy stLFR Library Prep Kit, MGIEasy Whole Genome Bisulfite Sequencing Library Prep Kit, MGIEasy Circularization Kit, MGIEasy DNA Adapters-96 (Plate) Kit, MGIEasy DNA Clean Beads, MGICare Single Cell Chromosomal Copy Number Variation Detection Kit, MGICare Single Gene Genomic Disease Phasing and Chromosome Copy Number Variation Sequencing Library Prep Kit, MGICare Cell-Free DNA Chromosomal Aneuploidy and Single Cell Disease Sequencing Library Prep Set.

[JOINT PROPOSED] MODIFIED PRELIMINARY INJUNCTION

1

**ATTESTATION**

2

I, Edward R. Reines, am the ECF User whose ID and password are being used to file this

3

Stipulation.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Derek L. Shaffer has

4

concurred in this filing.

5

DATED:  September 14, 2020

By  */s/ Edward R. Reines*

6

Edward R. Reines

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[JOINT PROPOSED] MODIFIED PRELIMINARY INJUNCTION