UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BGI GENOMICS CO., LTD, et al.,<br><br>    Defendants. | **DISCOVERY ORDER**<br><br>Case No. 19-cv-03770-WHO (TSH)<br>Re: Dkt. Nos. 263, 266<br><br>Case No. 20-cv-01465-WHO (TSH)<br>Re: Dkt. Nos. 269, 274 |

We are here on two joint discovery letter briefs. In the first, Illumina seeks to resume the depositions of Radoje Drmanac and Roy Tan. In the second, Illumina seeks to depose Jian Wang, Xun Xu and Duncan Yu. The Court held a hearing on March 22, 2021, and now issues this order.

**A.      Drmanac and Tan**

Illumina says it should be able to continue deposing Drmanac and Tan because Defendants improperly instructed them not to answer questions relating to any testing or research after April 2020. Second, as to Drmanac, Illumina says that Defendants improperly produced a large number of documents on the eve of his deposition. The Court considers each argument in turn.

    **1.      Instructions Not to Answer**

Defendants' counsel broadly instructed Drmanac and Tan not to testify concerning any testing Defendants have done since April 2020. Tan Depo. at 253:7-9 ("to the extent that there's ongoing testing regarding efforts post-April of 2020, we're not – you're not to get into that."); *id.* at 71:23-25 ("don't go into any of the current plans or, you know, work that's going on now or after April of last year."); *id.* at 89:3-4 ("I would caution you not to talk about ongoing work beyond April 2020."); Drmanac Depo. at 92:5-6 ("we – we're not going to tell you what we're doing these days."); *id.* at 143:24-25 ("they're not entitled to know what your research activities

are."); *id*. at 286:2-5 (Q. [by Illumina] "And so please describe to me what your changed research focus has been since the injunction." Defense counsel: "I'm going to instruct you not to answer.").

These instructions not to answer were improper. The Court's December 1, 2020 order (20-1465 ECF No. 219) explained that efforts by a defendant to design around a plaintiff's patent can be relevant in several ways. "As one example, a legitimate attempt to design around a patent and a good faith belief that one has done so may undercut a finding of willfulness. By contrast, dragging one's heels and belatedly attempting a design around only after being sued can support a finding of willfulness." *Id*. at 2 (citations omitted). "Further, an unimplemented but available design around may tilt in favor of issuing a permanent injunction because it can show that the balance of hardships favors an injunction." *Id*. "In addition, an unimplemented but available design around can be relevant to damages." *Id*. Importantly, under each theory of relevance, both the existence *and non-existence* of design around efforts is relevant.

Defendants' position on this dispute has evolved since the joint discovery letter brief was filed. In the letter brief, Defendants argued that they made constrained and narrow objections that were targeted at protecting attorney work product. The Court disagrees – Defendants drew a categorical line in the sand at April 2020, and for the reasons explained in the Court's December 1 order, that is not justified on work product grounds. At the hearing, Defendants abandoned that position and said that at a more recent deposition, they allowed the witnesses to testify about post-April 2020 testing. In response to the Court's question, Defendants stated that if Drmanac and Tan had testified today, Defendants would not have blocked them from testifying about post-April 2020 testing.

Under the circumstances, Illumina is entitled to depose these witnesses further. Illumina was cut off from asking about an important subject, and even Defendants no longer defend what they did. Illumina requests two hours of additional time for each witness. That is reasonable. Defendants argue that Tan lacks any relevant knowledge, but if so, then his deposition likely won't take the full two hours. The parties agree that Tan's additional deposition will be limited to the subject of post-April 2020 testing and research.

Accordingly, the Court orders Defendants to make Drmanac and Tan available for two additional hours of deposition each, with Tan's deposition limited to the subject of post-April 2020 testing and research.

### 2. Late-Produced Documents

Illumina complains that Defendants produced 65,104 documents two days before Drmanac's deposition, and Illumina would have wanted to use some of those documents with him. Both sides agree that the agreement between the parties concerning producing documents before a deposition is stated in exhibit 6 to the letter brief ("Going forward, when Defendants are going to make a substantial document production related to an upcoming deposition, please give us reasonable advance notice and produce the documents at least 5 business days in advance of the deposition."). The Court agrees with Defendants that "related to an upcoming deposition" means the witness's custodial documents. Indeed, in the letter brief Illumina seems to adopt that interpretation too ("Illumina requested that Defendants provide any additional productions of custodial documents at least 5 days prior to a witness's deposition"), before going on to accuse Defendants of impropriety by producing some documents "related to Dr. Drmanac" from the custodial productions of "other witnesses."

Defendants did not act improperly here. Nonetheless, because Illumina did receive documents that it would like to use with Drmanac but was unable to, the Court will not restrict the subject of his additional two hours of deposition to testing and research post-April 2020.

## B. Apex Motion

Illumina seeks to depose Jian Wang, the co-founder of BGI and a Director at several of the Defendants; Xun Xu, CEO of the BGI Group and a Director of at least one of the Defendants; and Duncan Yu, President of MGI and Executive VP of BGI Group. Defendants oppose this request, citing the apex doctrine.

The Court finds that Illumina has satisfied the apex doctrine by showing that Wang, Xu and Yu were the ultimate decisionmakers concerning the attempt to launch commercially in the United States, which is relevant to the willfulness of Defendants' alleged infringement. Illumina has exhausted other forms of discovery first, such as depositions, and has obtained evidence that

3

these three individuals were in fact the ultimate decisionmakers.  *See* Zhang Depo. at 31:11-13 (Wang has "the ultimate authoritative voice within the BGI Group"); *id*. at 40:6-11 (the "central management team" along with attorneys made "the decision to introduce the sequencing by synthesis azido chemistry sequencers in the United States in 2020 for commercial sale"); *id*. at 40:15-20 (that team included Xun Xu); *id*. at 70:10-13 (and Duncan Yu); *see also id*. at 151:12-152:11 (Yu's management of the return to America); *id*. at 43:12-15 (introducing sequencers for the Americas region "required central management approval"); *id*. at 31:5-10 (Xu and Wang are central management); *id*. at 147:9-22 (Wang directed an executive management team to come up with a strategy to return to America – a team that included Xu and Yu).

This evidence shows Wang's, Xu's and Yu's direct personal involvement in a yearslong plan to launch commercially in the United States, a decision of great importance to the Defendants.  These witnesses have unique, non-repetitive knowledge because there is no substitute for deposing a decisionmaker.  The apex doctrine is intended to shield high-level executives from harassing depositions about matters they were not involved in; it is not intended to shield those executives from being deposed about their own actions and decisions.

The Court also rejects Defendants' alternative argument that these three witnesses are duplicative of each other.  This is a case of collaborative decisionmaking where each of these three people had a different role, and they worked together.  They may very well have had different perspectives and concerns and have undertaken different actions.  Wang's role was higher up than Xu and Yu and was probably more big picture and directional in nature; he is not a substitute for them, nor they for him.  Xu and Yu are not adequate substitutes for each other, as Yu's role focused on the international regions, whereas Xu is described more as central management.  These three individuals had overlapping but different levels of authority and areas of responsibility.[1]  All three depositions are warranted.

Illumina states that it can complete these depositions each in half a day.  That is a

---

[1] The Court rejects Defendants' argument that Xu is not a "managing agent" of a party within the meaning of Rule 30(b)(1).  *See Perdana Capital Inc. v. Chowdry*, 2010 WL 11475933, *4-5 (N.D. Cal. Sept. 2, 2010).

reasonable length of time.  Accordingly, the Court orders Defendants to make Wang, Xu and Yu available for deposition for three and a half hours of record time for each witness.

**IT IS SO ORDERED.**

Dated: March 22, 2021

THOMAS S. HIXSON
United States Magistrate Judge