UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD., et al.,<br><br>    Defendants. | **PUBLIC VERSION OF APRIL 7, 2021 DISCOVERY ORDER (20-1465 ECF NO. 335, 19-3770 ECF NO. 332)**<br><br>Case No. 20-cv-01465-WHO (TSH)<br>Re: Dkt. No. 322<br><br>Case No. 19-cv-03770-WHO (TSH)<br>Re: Dkt. No. 320 |

    This order is a follow up to the Court's December 1, 2020 order concerning discovery into design arounds. 20-1465 ECF No. 221. As a reminder, Illumina's interrogatory ("rog") 11 asked Defendants to "[s]et forth in detail each change and/or modification that You have made, or plan to make, to the design, operation, or use of the BGI Accused Products as a result of or in response to Your becoming aware of the Illumina Asserted Patents or the filing of this lawsuit or any other legal action brought by Illumina against any of the Defendants involving Related Patents, and identify all persons with knowledge of those changes or modifications." Its rog 15 asked Defendants to "set forth in detail each change and/or modification that You have made, or plan to make, to the design, operation, or use of the BGI Accused Products for any purpose." And its request for production ("RFP") 44 asked Defendants to produce "[a]ll Documents and Things relating to any efforts by Defendants to design or modify sequencing products that are influenced by the existence or substance of the Patents-in-Suit, including all laboratory notebooks, logs, records, files, and models relating to such an effort." The Court determined that rogs 11 and 15 did not seek information protected by the attorney-client privilege or work product doctrine and ordered Defendants to answer them (while limiting the scope of rog 15 because it was overbroad).

The Court ordered Defendants to produce non-privileged, non-work product documents responsive to RFP 44, and the Court clarified the scope of privilege and work product protection concerning design arounds.

The parties have now filed a joint discovery letter brief in which Illumina moves to enforce the Court's December 1 order. Illumina argues that Defendants' amended rog responses, which deny the existence of any modifications or plans to modify to design around Illumina's patents, are false, as demonstrated by deposition testimony. Illumina also says that Defendants have failed to produce documents responsive to RFP 44.

Illumina has shown that Defendants are actively trying to design around Illumina's patents, but Illumina has not shown that Defendants' rog responses are false or incomplete. Rogs 11 and 15 ask about "each change and/or modification that You have made, or plan to make" to the accused products. Even if Defendants have a thousand scientists working around the clock on design arounds, until they come up with a good result that is vetted and approved within the company, Defendants have neither *made* nor do they have a *plan to make* a change or modification to the accused products. Rogs 11 and 15 do not say: "Tell us about all your research activities concerning the accused products." They are more specific than that.

But RFP 44 is different. It asked for "[a]ll Documents and Things relating to *any efforts* by Defendants to design or modify sequencing products that are influenced by the existence or substance of the Patents-in-Suit, including all laboratory notebooks, logs, records, files, and models relating to such an effort." (emphasis added). In the letter brief, Defendants say:

> Further, Illumina wrongly states that "Defendants falsely stated that they had no documents to produce that were responsive to RFP No. 44." Defendants provided their position in writing, stating their view that the Court's December 1 Order *did not require Defendants to produce documents relating to exploratory research they were performing that has not yet resulted in any changes or plans to change* to the Accused Products and that they would log documents they were withholding consistent with their position regarding their status as work product. See Ex. 6. For weeks, Illumina did not contest or ask to discuss Defendants' written position. *At no point have Defendants ever implied, much less stated, that there were no documents reflecting their ongoing research efforts at all.* Thus, unsurprisingly, Illumina points to no such statements by Defendants. (emphasis added)

Defendants have misread RFP 44. It broadly asked about "any efforts" to design around Illumina's patents. That includes ongoing research efforts. In the italicized portion of the above quotation, Defendants admit they have such documents and did not produce them.

The Court's December 1 order identified several theories of relevance for design around evidence, and for each one the existence *or nonexistence* of an available design around is relevant. For willfulness, a legitimate attempt to design around a patent and a good faith belief that one has done so would undercut a finding of willfulness. ECF No. 221 at 2. "By contrast, dragging one's heels and belatedly attempting a design around only after being sued can support a finding of willfulness." *Id*. An unimplemented but available design around may tilt in favor of issuing a permanent injunction because there is less hardship to the defendant. *Id*. Logically, a defendant's inability to come up with a design around after trying for a long time would show greater hardship if a permanent injunction were issued. Likewise, an unimplemented but available design around could undercut reasonable royalty or lost profits damages, whereas the nonexistence of a design around would support those measures of damages. *Id*. If Defendants have been trying for a year to design around Illumina's patents and they have come up with no plans for how to do so – and that appears to be their story – that is absolutely relevant to this case. And documents responsive to RFP 44 will tend to show that.

The Court denies Illumina's motion compel as to rogs 11 and 15, grants it as to RFP 44, and orders Defendants to produce documents responsive to RFP 44.[1]

**IT IS SO ORDERED.**

Dated: April 7, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Illumina's request for a privilege log for documents related to Defendants' design around efforts is subsumed in a different discovery dispute. Earlier today the Court ordered the parties to serve their privilege logs by April 21, 2021.

3