UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BGI GENOMICS CO., LTD., et al.,<br><br>　　　　Defendants. | **DISCOVERY ORDER**<br><br>Case No. 20-cv-01465-WHO (TSH)<br>ECF Nos. 365, 387, 394, 396, 403<br><br>Case No. 19-cv-03770-WHO (TSH)<br>ECF Nos. 351, 366, 368, 370, 375 |

The parties have a fight about some of Defendants' claims of attorney-client privilege. First, the Court will retrace how we got here. Then the Court will address some procedural disputes. Then the Court will rule on the merits and address whether there should be any next steps.

**A.　Procedural Background**

Fact discovery closed on March 26, 2021. *See* ECF No. 249[1]. On March 31, 2021, before the deadline to move to compel expired, the parties filed a joint discovery letter brief (ECF No. 314), in which Illumina sought several forms of relief. It asked the Court to order Defendants to produce a privilege log, asserting that they had not yet produced a log for their unproduced and clawed back documents. Illumina explained that absent a log, it had no way to evaluate Defendants' privilege assertions, and it also had no idea how many documents Defendants had withheld. Illumina also stated that for the clawed back documents, "many" included questionable clams of privilege. Illumina stated that Defendants as of that date had clawed back 159 documents on 18 separate occasions and that their pattern of behavior surrounding their clawbacks raised

---
[1] Unless otherwise noted, all ECF cites in this order are to 20-cv-1465.

substantial questions. Illumina argued that on multiple occasions Defendants clawed back documents that on their face did not appear to be privileged. Illumina's letter also requested *in camera* review of six specific examples.

At the April 7, 2021 hearing the Court stated:

> My tentative thought is to tell the parties to exchange their privilege logs and then file a joint discovery letter brief following up on the March 31st letter, if there remains a dispute as to that. Now, fact discovery has closed, and the deadline to move to compel has passed. So I would be basically carrying forward the existing dispute that was filed on time and just seeing if the privilege log resolves it or if I need to do an in-camera review.

And the Court's discovery order at 20-1465 ECF No. 333 stated:

> The parties filed a joint discovery letter brief in which Illumina moved to compel on certain issues concerning attorney-client and work-product privilege. As discussed at the hearing, the parties are still negotiating on these issues, and those negotiations may narrow the dispute. Accordingly, the Court orders Defendants to serve a privilege log for the six documents for which Illumina sought *in camera* review by April 14, 2021. The parties shall exchange their remaining privilege logs by April 21, 2021. No later than May 5, 2021 the parties may file one or more joint discovery letter briefs concerning privilege issues that were timely raised under Civil Local Rule 37-3.

The parties filed joint discovery letter briefs by May 5, 2021,[2] challenging many of each other's claims of privilege. The Court determined that Illumina's May 5 request for *in camera* review was within the scope of its March 31 letter brief and therefore treated Illumina's May 5 brief as a supplemental brief on a dispute that had been timely raised. By contrast, Defendants' May 5 brief did not relate back to any discovery dispute they raised before the deadline to move to compel had expired, so the Court considered Defendants' May 5 letter untimely. ECF No. 357.

Illumina's May 5 brief asked the Court to prioritize review of documents listed in Exhibit 1 and to consider reviewing a longer list of documents in Exhibit 2. However, the Court found it hard to line up Exhibits 1 and 2 with the privilege logs in Exhibits 3, 4, 6, 7 and 8, so the Court ordered Illumina to resubmit them in a different format. ECF No. 357. Illumina did that in ECF Nos. 374 and 378. In that submission, the Exhibit 1 documents were highlighted in green, and the

---

[2] Per ECF, it seems that some of these filings were filed a few minutes after midnight on May 5, so technically on May 6, but the Court does not for that reason consider them untimely.

Exhibit 2 documents were highlighted in yellow.

In ECF No. 382, the Court determined that it was unable to see the basis for any of the claims of privilege in the green-highlighted documents, and the Court ordered Defendants to submit them for *in camera* review. Defendants made their *in camera* submission on May 27, 2021, but it included more than the documents requested. It also included a cover letter that contained a road map of the items submitted, as well as an appendix listing the green-highlighted documents. The column on the right of the appendix amounted to a document-by-document argument in favor of the claim of privilege; this had never been provided to Illumina. Defendants also submitted a Declaration by Avanindra Chaturvedi dated May 27, 2021 to substantiate their claims of privilege – a document also never provided to Illumina. Defendants also included a copy of a previously filed discovery letter brief and two excerpts from depositions in these cases. Defendants did not initially provide this *in camera* submission to Illumina. After Illumina complained, Defendants provided a redacted version of the cover letter and the Chaturvedi declaration to Illumina.

## B.    Further Briefing

On May 31, 2021, Illumina filed objections to Defendants' *in camera* submission. ECF No. 387. First, Illumina objected that Defendants did not have authorization to submit the cover letter, amended privilege log and Chaturvedi declaration *in camera* and off docket. Second, Illumina objected that the amended privilege log, coupled with the declaration, violated the Court-ordered meet and confer deadlines concerning privilege logs, prejudicing Illumina. Third, Illumina objected that the Chaturvedi declaration is riddled with hearsay, lacks foundation and contradicts his deposition testimony.

Defendants responded to Illumina's objections on June 3, 2021. ECF No. 394. Defendants denied they did anything improper. To moot the issue of filing things off docket, Defendants attached as Exhibits 2 and 3 the cover letter, amended privilege log and Chaturvedi declaration (with minimal redactions for privilege). Second, Defendants contended that there is nothing remarkable about elaborating on the basis for a claim of privilege in connection with an *in camera* submission and that doing so did not break any rules. Third, Defendants argued that the

3

Chaturvedi declaration is well supported and does not contradict his deposition testimony.

Illumina then filed an administrative motion for leave to file a reply brief in support of its objections, attaching the proposed reply brief. ECF No. 396. The administrative motion argued that the Defendants' response to Illumina's motion distorted the record in significant ways and made new arguments in support of their privilege claims. In the proposed reply brief, Illumina reprised its argument that Defendants should not have filed the cover letter, amended privilege log and Chaturvedi declaration *in camera* and off docket. Illumina also offered some additional criticisms of the Chaturvedi declaration. Illumina also reprised its objections that Defendants' amended privilege log was untimely and that their privilege claims were unsupported. In the course of making these arguments in the proposed reply brief, Illumina made a throwaway assertion that the attorney-client privilege is not recognized under Chinese law, and so may not apply to some of the Chinese BGI entities.

Defendants filed an opposition to Illumina's administrative motion. ECF No. 403. Defendants argued that a reply brief was unnecessary from Illumina. Defendants also responded to the arguments in Illumina's proposed reply brief. As Illumina's proposed reply brief largely duplicated earlier arguments, Defendants' responses did the same. As for the suggestion that Chinese law might apply to the privilege claims here, Defendants pointed out that this was the first time Illumina had suggested as much, and even now Illumina offered it only as a suggestion without definitively arguing the point.

**C.     Procedural Rulings**

The Court rules on the procedural arguments as follows:

Illumina's motion for leave to file a reply brief in support of its objections is granted. There is no prejudice to Defendants, which have already filed a substantive response to Illumina's reply brief in the form of their opposition to the motion for leave.

Illumina's objection that Defendants did not have authorization to submit the cover letter, amended privilege log and Chaturvedi declaration *in camera* is moot because Defendants filed redacted versions of those items in the public record in their response to Illumina's objections.

The Court rejects Illumina's argument that the amended privilege log, coupled with the

4

declaration, violated the Court-ordered meet and confer deadlines concerning privilege logs. Illumina argues that Defendants withheld the basis for their claims of privilege right up until the Court ordered *in camera* review. And that's true – that's exactly what Defendants did. However, *in camera* review was the remedy the Court adopted to deal with the fact that the privilege logs failed to substantiate the claims of privilege. Had the logs been good in the first place, the Court would not have ordered *in camera* review at all. Once the Court ordered *in camera* review, there was nothing wrong with Defendants further explaining the basis for their claim of privilege, in particular for documents where the claim of privilege is not obvious on its face. "Elaborating the basis for the claim of privilege through *in camera* submissions is unexceptionable." *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998); *see, e.g., Apple Inc. v. Samsung Elecs. Co. Ltd.*, 11-cv-1846 LHK PSG, ECF No. 2790 (N.D. Cal. Nov. 18, 2013) (ordering Samsung to file on the docket the brief and declarations it submitted *in camera* in support of its claim of privilege, but still agreeing to consider those materials).

The Court finds that the Chaturvedi declaration provides appropriate foundation, is for the most part not hearsay, and does not contradict the cited portions of his deposition. That declaration, combined with the amended privilege log and the *in camera* review of the documents themselves enable the Court to make informed rulings on the claims of privilege.

The Court determines that Illumina has waived any argument that Chinese law governs any of these claims of privilege. As recounted above, the Court is treating this privilege dispute as a continuation of a discovery dispute that Illumina raised before the deadline to move to compel expired. The suggestion that Chinese law might apply is completely outside the scope of the issues Illumina raised by the deadline. Prior to the deadline, Illumina was complaining about the lack of a privilege log and seemingly improper claims of privilege. Those arguments assumed that the attorney-client privilege was available to be claimed, which is inconsistent with Illumina's new suggestion that Chinese law might apply, under which there would be no attorney-client privilege.

### D. Privilege Rulings

The Court sustains Defendants' privilege claims concerning CGI001321371, CGI001716936, CGI001994300, CGI001994363, CGI002800260, CGI3617900, CGI3618847,

1  CGI3618861, CGI3620255, CGI3668640, CGI003735331, CGI003735987, CGI003736284,
2  KEY00066590, KEY01500985, KEY01548905, and KEY01559770.

The highlighted material in CGI001296834 is not privileged. This slide deck is a product road map written by a non-attorney. It lists assumptions behind the road map, as well as pluses and minuses, some of which reference freedom to operate. While the author may have chosen to include those references based on the advice of counsel, these references are not themselves legal advice or a request for legal advice. They are assumptions behind a business plan, and in one instance an assessment of the business impact that legal uncertainty may create.

For CGI3625530, the assertion that the highlighted material contains or relays legal advice from patent prosecution counsel is completely unsupported. The first half of the highlighted material is obviously not legal advice at all; it is factual information, and even if it had been relayed by patent prosecution counsel, it would still not be privileged. The reference to a patent filing in the second half of the highlighted material does not support an inference that it is legal advice from a patent prosecutor, as the third bullet point in the email makes clear that the author knows how to read a patent.

For CGI3666721, the highlighted material is an update concerning a legal aspect that is part of an overall project, but the update does not contain any legal advice or request for legal advice.

CGI36667099 is a marketing plan that contains a SWOT (strengths, weaknesses, opportunities and threats) analysis. A businessperson's statement that the company needs to assess legal risk as part of its SWOT analysis is not privileged. Importantly, the document does not contain any such assessment of legal risk. Further, while requests for legal advice are also privileged, a 53-page marketing slide deck that mentions potential legal risk twice in passing is not how a company asks for legal advice either. CGI3667695 is a variant of CGI36667099.

CGI3668247 is a slide deck concerning Defendants' new organizational structure with updates from each group. The first redaction (page 9 of the .pdf) identifies a specific legal risk, and the Court agrees that is privileged. For the second redaction (page 32 of the .pdf), Defendants have not established that this material is legal advice at all. A major goal of Defendants'

reorganization was to improve collaboration within the company. It is just as possible that the highlighted material on page 32 is a discussion of a business process problem. And for the third redaction (on page 37 of the .pdf), there is no indication that the highlighted material contains legal advice. It seems like Defendants ran a search for the word "patent," and then claimed privilege over every reference to that word, regardless of context.

Accordingly, the Court overrules Defendants' claims to attorney-client privilege in CGI001296834, CGI3625530, CGI3666721, CGI36667099, CGI3667695, and CGI3668247 (except for the redaction on page 9).

### E. Whether Further Court Action Is Appropriate

Having reviewed the green-highlighted documents *in camera*, the Court must now decide whether also to perform an *in camera* review of the larger set of yellow-highlighted documents. Illumina had characterized these as "a broader set of documents which the Court may review at its discretion," ECF No. 374, as opposed to the narrower set of green-highlighted documents, which Illumina "respectfully ask[ed] the Court to prioritize," *id*. The Court concludes that *in camera* review of the yellow-highlighted documents is not warranted. For the documents the Court has reviewed *in camera*, the Court sustained Defendants' privilege claims about three quarters of the time, so there is no indication of a significant pattern of misusing the privilege. Likewise, while the Court rejected one quarter of the privilege claims, those concerned small redactions that did not significantly alter the content of the documents. Further, the number of briefs that were filed in connection with this dispute indicates that this privilege dispute has metastasized into expensive and unproductive satellite litigation that is best brought to an end. Accordingly, the Court declines to review the yellow-highlighted documents *in camera*.

**IT IS SO ORDERED.**

Dated: June 29, 2021

THOMAS S. HIXSON
United States Magistrate Judge