UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD., et al.,<br><br>Defendants. | **ORDER RE: MOTIONS TO SEAL**<br><br>Case No. 20-cv-01465-WHO (TSH)<br>Re: Dkt. Nos. 362, 364, 373, 386, 395, 402<br><br>Case No. 19-cv-03770-WHO (TSH)<br>Re: Dkt. Nos. 349, 350, 359, 365, 369, 374 |

There are a bunch of pending motions to seal that were filed in connection with discovery disputes. This order resolves them.

**20-1465 ECF No. 362; 19-3770 ECF No. 350.** Defendants move to seal the joint discovery letter brief and exhibits 5 and 9, saying that Illumina designated that information as confidential. The motion is granted in part and denied in part. Illumina's May 10, 2021 proposed redactions to the letter brief are acceptable. As that redacted letter brief has been publicly filed, no further action is needed with respect to that document. Illumina's declaration does not support a request to seal exhibits 5 and 9. Therefore, the motion to seal is denied as to exhibits 5 and 9, and Defendants may file those documents in the public record no earlier than 4 days, and no later than 10 days, after the date of this order.

**20-1465 ECF No. 364; 19-3770 ECF No. 349.** Illumina moves to seal the joint discovery letter brief and exhibits 3-13 and 16, saying that Defendants designated that information as confidential. The motion is granted in part and denied in part. Defendants do not seek to seal any portion of exhibits 9, 10 and 16, so the motion is denied as to those documents, and Illumina may file them in the public record no earlier than 4 days, and no later than 10 days, after the date of this order. Defendants have failed to demonstrate that their May 10, 2021 proposed redactions to the

letter brief are warranted. Their proposed redactions to exhibits 3, 4, 5, 7 and 8 are indiscriminate and do not represent any attempt at appropriate tailoring; the Court rejects them. For exhibit 6, the proposed redactions to rows 2296, 2302, 2303, 2304, 2320, 2338, 2342, 2347, 2355, 2760, 2904, 2930, 2936, 2938, 2975, 2976, 3089, 3090, 3093, 3097, 3105, 3106, 3284, 3337 and 3340 are acceptable. However, the remaining redactions (i.e., redacting the words "Outside Attorneys' Eyes Only Information") from the bottom of each page do not make any sense. The proposed redactions to exhibit 11 look like an attempt to conceal unfavorable testimony, but not anything genuinely confidential. Further, the party that could use this testimony against Defendants – Illumina – already has it. The proposed redactions to exhibit 13 have a similar quality. The Court rejects the proposed redactions to exhibits 11 and 13. The proposed redactions to exhibit 12 are acceptable. Accordingly, within 7 days of the date of this order, Illumina may file in the public record the joint discovery letter brief and exhibits 3, 4, 5, 7, 8, 11 and 13, and may file exhibit 6 with the redactions the Court has approved.

**20-1465 ECF No. 373; 19-3770 ECF No. 359.** Illumina moves to seal exhibits 3, 4, 6, 7 and 8 to the joint discovery letter brief, saying that Defendants designated that material as confidential. The motion is denied. Defendants do not seek to seal any portion of exhibit 6, so Illumina may file it in the public record no earlier than 4 days, and no later than 10 days, after the date of this order. Exhibits 3, 4 and 7 are privilege logs, and Defendants propose to redact nearly all of the titles of the documents listed in the logs and to redact Defendants' own confidentiality designations on each page. As for the titles of the documents, the proposed redactions are too indiscriminate. Civil Local Rule 79-5(b) requires that a request for sealing "must be narrowly tailored to seek sealing only of sealable material," and Defendants' proposed redactions to the titles represent no attempt at that. Further, Defendants' proposal to prevent the public from knowing that Defendants designated their own privilege logs as confidential under the protective order is just plain strange. Illumina may file exhibits 3, 4 and 7 in the public record within 7 days of the date of this order.

**20-1465 ECF No. 386; 19-3770 ECF No. 365.** Illumina moves to seal its objection to Defendants' *in camera* submission, as well as exhibit 2 to the objection, saying Defendants have

1  designated that material as confidential.  Defendants did not file a declaration supporting the

2  motion to seal, so it is denied and Illumina may file these items in the public record no sooner than

3  4 days, and no later than 10 days, after the date of this order.

4  **20-1465 ECF No. 395; 19-3770 ECF No. 369.**  Illumina moves to seal portions of exhibit

5  1 to its administrative motion for leave to file a reply, saying Defendants designated that

6  information as confidential.  The Declaration of Allyson Parks establishes that this material is

7  sealable.  Accordingly, this motion to seal is granted.

8  **20-1465 ECF No. 402; 19-3770 ECF No. 374.**  Defendants move to seal exhibit 1 to their

9  opposition to Illumina's administrative motion for leave to file a reply, saying the document

10  contains their confidential information.  However, the request is not narrowly tailored.  The Court

11  grants the motion to seal as to pages CGI002302357 and CGI002302364 and denies it as to the

12  rest of the document.  Defendants may file a redacted version in conformity with this order within

13  7 days of the date of this order.

14  **IT IS SO ORDERED.**

16  Dated: June 30, 2021

THOMAS S. HIXSON
United States Magistrate Judge