1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    ILLUMINA, INC., et al.,                    **DISCOVERY ORDER**
8                  Plaintiffs,                   Case No.  19-cv-03770-WHO   (TSH)
9            v.                                  Re:  Dkt. No. 430
10   BGI GENOMICS CO., LTD, et al.,              Case No.  20-cv-01465-WHO   (TSH)
11                 Defendants.                   Re:  Dkt. No. 477
12

United States District Court
Northern District of California

13          The expert discovery cutoff in these cases was May 28, 2021.  19-3770 ECF No. 261.

14   Civil Local Rule 37-3 states:  "Where the Court has set separate deadlines for fact and expert

15   discovery, no motions to compel fact discovery may be filed more than 7 days after the fact

16   discovery cut-off, and no motions to compel expert discovery may be filed more than 7 days after

17   the expert discovery cut-off."  The seventh day after May 28, 2021 was June 4, 2021.

18          On May 24 and 25, 2021, Defendants deposed Illumina's expert Dr. Floyd Romesberg.  In

19   the deposition excerpts now before the Court, it appears that Defendants asked Romesberg a

20   number of questions that Illumina believed were invasive of his privacy and harassing.  The May

21   24 excerpt contains one such objection, but no instruction not to answer.  The May 25 excerpt

22   contains several objections and instructions not to answer by Illumina; arguments between

23   counsel; assertions by Defendants that Illumina should stop interrupting the deposition, make any

24   objections it wanted to and "we'll let the Judge decide whether what you're doing is proper"; a

25   couple of threats by Illumina to halt the deposition and move for a protective order on the ground

26   that the questions were harassing; a response by Defendants that "you can instruct him not to

27   answer, and I'll finish what I'm going to finish"; followed by more arguments between counsel

28   and a series of instructions not to answer by Illumina; and then the deposition seems to revert back

United States District Court
Northern District of California

to the substance of his opinions, with one last fight at the end of the excerpt.

One hundred and five days after the deadline to move to compel expert discovery, the parties filed the present letter brief.  In it, Illumina states that it opposes Defendants' motion to compel a further deposition of Romesberg on the ground that this is an untimely motion to compel.  In the alternative, Illumina requests a protective order barring the inappropriate questions.  In terms of relief, "Illumina seeks denial of BGI's attempt to continue the deposition to pursue its inappropriate, irrelevant, and harassing questioning."  Defendants argue that Illumina's instructions not to answer were improper and that Illumina was obligated to move for a protective order, and that it did not timely do so.  Defendants argue that Illumina limited the deposition to move for a protective order, and therefore the deposition has remained continuously suspended for the past four months while Defendants waited for Illumina's motion, which it never filed. Defendants then argue that a protective order is unwarranted here.  The relief Defendants seek is that "Plaintiffs should resume the deposition and allow BGI to fully explore the events leading up to Dr. Romesberg's departure from Scripps."

The Court must first decide what this discovery letter brief is.  The Court concludes it is a motion to compel.  Defendants want more discovery in the form of a continued deposition of Romesberg, Illumina refuses to voluntarily provide it, and Defendants are asking for the Court to order it.  This is a motion to compel.  And it is time-barred by Civil Local Rule 37-3.

Defendants argue that Illumina made improper objections during the deposition and that it should have filed a motion for a protective order because merely making objections is not good enough to block questioning other than for a claim of privilege.  However, in every motion to compel, the moving party argues that the objecting party did something improper under the rules, and that is what Defendants are doing in this letter brief.  The deadline to move to compel is the deadline by which all such arguments must be filed with the Court.  Defendants did not meet that deadline.

The Court does not buy Defendants' argument that this deposition has been suspended for the last four months.  Rule 30(d)(3)(A) states:  "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a

manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Illumina did not move to terminate or limit the deposition. Illumina filed no such motion. And Illumina did not demand that the deposition be suspended for the time necessary to obtain an order on a motion that Illumina didn't file. So far as the deposition excerpts before the Court disclose, the last time Illumina threatened to move for a protective order was on page 482 of the May 25 deposition, but that was not accompanied by a demand to suspend the deposition: "Objection. Objection. [¶] And I instruct you not to answer. [¶] And Dr. Romesberg, for all of these questions where he's trying to harass you, it's going to be the same thing. [¶] So we're going to take this up offline and move a protective order to the Court, it sounds like. *But go ahead*." (emphasis added) The witness then testified for at least 32 more pages of transcript. Under Rule 30(d)(3)(A), it is the objecting party – here, Illumina – that either demands or does not demand that the deposition be suspended. Illumina did not demand a suspension, and the best evidence of that is that Defendants continued to depose the witness.

The Court believes that the deadline to move to compel in Civil Local Rule 37-3 can be equitably tolled when justice so demands for litigants who are otherwise diligent. For example, if your sweet-talking opponent promises to bring a prompt motion for a protective order and assures you that you therefore don't need to move to compel, then if they don't bring that motion by the deadline to move to compel and you rush into court claiming you were hoodwinked, you might have a good justification for missing the deadline in Local Rule 37-3 by a few days. The closest Illumina came to that here is an exchange on page 485 of the deposition. Defendants stated: "All right. Given that you're not going to allow him to answer any of these questions, which go[] to his credibility, we'll move on, and we'll deal with this when you file your motion." Illumina responded: "Yeah, I think we'll just have to agree to disagree on this one."

That exchange is ambiguous. Illumina's statement can be read as confirming nothing more than that the parties had a disagreement. Beginning the sentence with "yeah" does not necessarily indicate agreement with everything the other side just said (i.e., that Illumina will file a motion),

3

just as defense counsel's beginning his statement with "all right" certainly did not mean he thought Illumina's conduct was all right. But there is no need to parse these sentences that closely. Let's just assume that if Defendants had run into court a few days after the deadline to move to compel had expired, claiming they had been hoodwinked because they left the deposition with the impression that Illumina would file the motion that would tee up this dispute, the Court might very well have found equitable tolling of Local Rule 37-3 for a short period of time. But nothing like that happened here. The deposition ended, expert discovery closed, the deadline to move to compel expired, and then the parties jumped into briefing on summary judgment and motions to exclude. Months went by.

June 4 is when Defendants should have woken up. If it was really true that they were waiting for Illumina to file a motion to terminate or limit the deposition or for a protective order, then when the deadline to move to compel arrived, and no such motion from Illumina had been filed, Defendants should have realized they had a problem they needed to deal with immediately. They did not do so. Instead, they wandered off to brief other things – many, many other things, judging from the size of the docket. Assuming *arguendo* that Defendants would have had a good argument for missing the June 4 deadline by a few days, they do not have a good argument for missing it by 105 days.

Defendants motion to compel is untimely and is denied.

**IT IS SO ORDERED.**

Dated: September 22, 2021

THOMAS S. HIXSON
United States Magistrate Judge

4