| | |
|---|---|
| EDWARD R. REINES (Bar No. 135960)<br>edward.reines@weil.com<br>DEREK C. WALTER (Bar No. 246322)<br>derek.walter@weil.com<br>NATE NGEREBARA (Bar No. 317373)<br>nate.ngerebara@weil.com<br>MELINDA ROOT (Bar No. 334485)<br>melinda.root@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065<br>Telephone:  (650) 802-3000<br>Facsimile:   (650) 802-3100<br><br>ANDREW P. GESIOR (*pro hac vice*)<br>andrew.gesior@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Plaintiffs,*<br>ILLUMINA, INC. AND<br>ILLUMINA CAMBRIDGE LTD. | DOUGLAS W. MCCLELLAN (*pro hac vice*)<br>doug.mcclellan@weil.com<br>MELISSA L. HOTZE (*pro hac vice*)<br>melissa.hotze@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Ste. 1700<br>Houston, TX 77002<br>Telephone:  (713) 546-5000<br>Facsimile:   (713) 224-9511<br><br>AUDRA SAWYER (Bar No. 324684)<br>audra.sawyer@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7274 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>                Plaintiffs,<br><br>        v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>                Defendants. | Case No. 3:19-cv-03770-WHO<br>Case No. 3:20-cv-01465-WHO<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' POSITION ON DISPUTES CONCERNING DEPOSITION DESIGNATIONS OF WITNESSES BGI PLANS TO CALL**<br><br>Judge William H. Orrick |
| COMPLETE GENOMICS INC.,<br><br>                Counterclaim-Plaintiff,<br><br>        v.<br><br>ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>                Counterclaim-Defendants. | |

PLAINTIFFS' REPLY TO DEFS' RESPONSE TO PLTS' POSITION ON DISPUTES CONCERNING DEPOSITION DESIGNATIONS OF WITNESSES BGI PLAN TO CALL

CASE NO. 3:19-CV-03770-WHO
CASE NO. 3:20-CV-01465-WHO

Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. submit this short reply to Defendants response regarding the disputes concerning deposition designations of the witnesses BGI plans to call to assist the Court in resolving those objections.

**1.** Defendants cannot deny their blatant violation of the Court's Order on MIL No. 2. They insist on maintaining designations that explicitly accuse the inventors of copying Zavgorodny. They have no credible explanation for this. This confirms that they intend to do precisely what the Court has forbidden, and underscores the potential for mischief when their other designations are used to insinuate in more subtle ways that the inventors relied upon Zavgorodny.

**2.** BGI's argument that "Dr. Milton was testifying about what steps a POSA would have found readily apparent at the time" is wrong. Dkt. No. 500 at 4. His testimony explicitly refers to what "we" (*i.e.*, the "chemistry department" at Solexa, including the inventors) "figured out" and "realize[d]" along the path to the invention. Milton Tr. at 28:2-29:2; 103:12-23.  As this Court recognized in its order on MIL No. 2, this type of retracing the path of the inventors is inadmissible hindsight. BGI's argument that Dr. Milton's use of the word "obvious" was not "directed to the ultimate legal issue of obviousness" is contrary to how BGI's counsel characterized it to this Court during the pretrial conference. Dkt. No. 474 at 76:10-11 ("… we have inventors that said it was obvious"). All of this underscores how severely prejudicial and misleading this testimony would be if presented to the jury, and why Illumina's objection to it should be sustained under this Court's Order on MIL No. 2 and Rule 403.

**3.** The sole case cited by BGI is inapposite. In *Neupak*, the trial court considered the inventors' testimony in the course of finding that the invention was <u>not</u> obvious. *Neupak, Inc. v. Ideal Mfg. & Sales Corp.*, 41 F. App'x 435, 437 (Fed. Cir. 2002). Unlike in this case, the Defendant in *Neupak* did not try to use the inventors' testimony to retrace the path of the inventors to show obviousness. Further, the *Neupak* case involved a bench trial, so it did not present the risk of unfair prejudice and

jury confusion that would arise here. *Id.* The court noted that there was "no indication that the trial court misunderstood the proper legal standard or gave the inventors' testimony undue weight." *Id.* at 440.

4. Defendants' argument that the testimony "shows the state of the art" (Dkt. No. 500 at 2) prior to the invention is wrong and highlights the highly prejudicial and misleading way in which BGI plans to use the testimony at trial. For example, Dr. Liu's testimony about whether the chemistry was "interesting" was made with hindsight from the inventors' perspective after the invention had been made. As this Court recognized in its Order on MIL No. 2, this does not show that one of <u>ordinary</u> skill in the art would have found it interesting without the benefit of impermissible hindsight. BGI's stated plan to use the inventors' hindsight as supposed evidence of "the state to the art" prior to the invention to show that an <u>ordinary</u> skilled artisan (as opposed to an inventor) "would have looked to the Zavgorodny and Kovacs references" and "would be motivated to combine such references" (Dkt. No. 500 at 3) underscores why Illumina's objection should be sustained under Rule 403 and MIL No. 2.

5. BGI omits the preceding context from Dr. Brennan's testimony in which he was asked to retrace the path of the Solexa inventors as BGI questioned him about Zavgorodny. BGI omits that it asked Dr. Brennan "And eventually the way that Solexa determined that it was going to take the azidomethyl – the 3'-O-azidomethyl block off the nucleotide was …" before the very next question cited by BGI, which begins "And then it was known that …" Brennan Tr. 82:20-83:15. This questioning was about what the Solexa inventors knew after they had made the invention, not how an <u>ordinary</u> artisan would have thought about Zavgorodny without impermissible hindsight.

6. Similarly, BGI's questioning of Dr. Liu about what he <u>as an inventor</u> would do in a hypothetical situation ("Q. So if you saw a reference … would that lead you to think that maybe you should try …") both improperly retraces the path of the inventors almost twenty years after the

invention was made and runs afoul of Rule 701 for seeking expert testimony about a hypothetical from a lay witness.

**7.** BGI's argument that it can ask leading questions of Dr. Milton simply because he was an employee of Solexa fifteen years ago is misguided. Dr. Milton has been an officer at a "rival" of Illumina for over a decade. He is not identified with Illumina under Fed. R. Evid. 611 (c)(2), and Illumina's objections based on leading should be sustained.

**8.** BGI's claim that Dr. Brennan was "merely asked to describe his alleged invention" is untrue. Dkt. No. 500 at 4. The testimony shows that BGI's counsel repeatedly badgered him to provide an impromptu validity analysis involving a comparison of a patent claim to a prior art reference that he was unfamiliar with. BGI cites no authority to justify this, and this testimony is inadmissible under Rule 701 and Rule 403. Further, BGI's plan to misconstrue this testimony to contend that it is an admission that there is no difference between the invention and Zavgorodny is highly prejudicial and contrary to this Court's summary judgment ruling that there is no anticipation of any asserted claim. Dkt. No. 424 at 25.

**9.** BGI does not deny that the alleged "attribution" to Zavgorodny in the Jena brochure is inadmissible hearsay. Dkt. No. 500 at 5. Given Jena's role as BGI's recent supplier of the azidomethyl nucleotides after this litigation began, the curious attribution is anything but trustworthy. Illumina's objection should be sustained.

| | | |
|---|---|---|
| 1 | Date: November 12, 2021 | Respectfully submitted, |
| 2 | |   */s/ Douglas W. McClellan* |
| 3 | | EDWARD R. REINES (Bar No. 135960)<br>DEREK C. WALTER (Bar No. 246322) |
| 4 | | NATE NGEREBARA (Bar No. 317373)<br>MELINDA ROOT (Bar No. 334485) |
| 5 | | WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway |
| 6 | | Redwood Shores, CA 94065<br>Tel: (650) 802-3000 |
| 7 | | Fax: (650) 802-3100<br>edward.reines@weil.com |
| 8 | | derek.walter@weil.com<br>nate.ngerebara@weil.com |
| 9 | | melinda.root@weil.com |
| 10 | | DOUGLAS W. MCCLELLAN (*pro hac vice*) |
| 11 | | MELISSA L. HOTZE (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP |
| 12 | | 700 Louisiana, Ste. 1700<br>Houston, TX 77002 |
| 13 | | Telephone: (713) 546-5000<br>Facsimile: (713) 224-9511 |
| 14 | | doug.mcclellan@weil.com<br>melissa.hotze@weil.com |
| 15 | | ANDREW P. GESIOR (*pro hac vice*) |
| 16 | | WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue |
| 17 | | New York, NY 10153<br>Telephone: (212) 310-8000 |
| 18 | | Facsimile: (212) 310-8007<br>andrew.gesior@weil.com |
| 19 | | AUDRA SAWYER (Bar No. 324684) |
| 20 | | WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600 |
| 21 | | Washington, DC 20036<br>Telephone: (202) 682-7274 |
| 22 | | audra.sawyer@weil.com |
| 23 | | *Attorneys for Plaintiffs*<br>ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |