UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>            Plaintiffs,<br>  v.<br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>            Defendants.<br><br>COMPLETE GENOMICS INC.,<br><br>            Counterclaim-Plaintiff,<br>  v.<br>ILLUMINA, INC., and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>            Counterclaim-Defendants. | Case No. 3:19-cv-03770-WHO<br>Case No. 3:20-cv-01465-WHO<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This action came before the Court for trial, the undersigned United States District Judge, presiding.

AND NOW, this 7th day of April 2022, pursuant to Federal Rules of Civil Procedure 58 based upon the jury verdict delivered on November 30, 2021, and in accordance with the Court's previously issued Orders, the parties' post-trial motions, and the entirety of the record, judgment and a permanent injunction are entered as follows:

**U.S. Patent No. 9,410,200 (the "'200 Patent") mm**

Defendants' use of the accused StandardMPS products directly infringed claims 11 and 19 of the '200 Patent.

Claims 11 and 19 of the '200 Patent are not invalid as obvious or for failure to satisfy the written description or the enablement requirements.

1    Defendants did not contribute to the infringement of claims 11 and 19 of the '200 Patent.

2    Defendants induced the infringement of claims 11 and 19 of the '200 Patent relating to the use
3    of the accused StandardMPS products.

4    Defendants willfully infringed claims 11 and 19 of the '200 Patent.

5    **U.S. Patent No. 7,566,537 (the "'537 Patent")**

6    Defendants' use of the accused StandardMPS products directly infringed claims 1, 4, and 6, of
7    the '537 Patent.

8    Claims 1, 4, and 6, of the '537 Patent are not invalid as obvious or for failure to satisfy the
9    written description or the enablement requirements.

10   Defendants did not contribute to the infringement of claims 1, 4, and 6, of the '537 Patent.

11   Defendants induced the infringement of claims 1, 4, and 6, of the '537 Patent relating to the use
12   of the accused StandardMPS products.

13   Defendants willfully infringed claims 1, 4, and 6, of the '537 Patent.

14   **U.S. Patent No. 7,771,973 (the "'973 Patent")**

15   Defendants' use of the accused StandardMPS and CoolMPS products directly infringed claim
16   13 of the '973 Patent.

17   Claim 13 of the '973 Patent is not invalid as obvious or for failure to satisfy the written
18   description or the enablement requirements.

19   Defendants induced and contributed to the infringement of claim 13 of the '973 Patent relating
20   to the use of the accused StandardMPS and CoolMPS products.

21   Defendants willfully infringed claim 13 of the '973 Patent.

22   **U.S. Patent No. 10,480,025 (the "'025 Patent")**

23   Defendants' StandardMPS products directly infringe claims 1, 9, 27, 31, 33, 34, 42, 47, and 50
24   of the '025 Patent.

25   Claims 1, 9, 27, 31, 33, 34, 42, 47, and 50 of the '025 Patent are not invalid as obvious or for
26   failure to satisfy the written description or the enablement requirements.

27   Defendants did not induce or contribute to the infringement of claims 1, 9, 27, 31, 33, 34, 42,
28   47, and 50 of the '025 Patent.

Defendants willfully infringed claims 1, 9, 27, 31, 33, 34, 42, 47, and 50 of the '025 Patent.

**U.S. Patent No. 7,541,444 (the "'444 Patent")**

Claim 3 of the '444 Patent is invalid as obvious.

Claim 3 of the '444 Patent is not invalid as indefinite.

**Damages**

Judgment is entered in favor of Illumina and against Defendants in the amount of $8,000,000 (a one-time lump sum amount) for past damages from early 2014 through June 2020, plus pre-judgment interest calculated at the prime rate, compounded annually, and post-judgment interest thereon calculated pursuant to 28 U.S.C. § 1961. The Court will calculate the pre-judgment interest after appeal when the final amount of the judgment is known. Illumina is not entitled to enhanced damages or attorney fees.

**Permanent Injunction**

Defendants are prohibited from further infringement of the '537 Patent, the '200 Patent, the '973 Patent, and the '025 Patent (the "Asserted Patents") until the expiration of the Asserted Patents as follows.

Defendants and their officers, agents, affiliates, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, are enjoined until the expiration of the Asserted Patents (August 22, 2022 for the '200 Patent, '973 Patent, and the '025 Patent and January 22, 2023 for the '537 Patent) from (1) importing into, selling, offering to sell, or distributing in the United States (a) the StandardMPS products that were found by the jury and adjudged to infringe the adjudicated claims of the '537 Patent, the '200 Patent, the '973 Patent, and the '025 Patent, or (b) any products that are not more than colorably different therefrom, or (2) using or encouraging the use of any of those products in the United States. Defendants and their officers, agents, affiliates, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, are enjoined until the expiration of the '973 Patent (August 22, 2022) from (1) importing into, selling, offering to sell, or distributing in the United States (a) the CoolMPS products that were found by the jury and adjudged to infringe claim 13 of the '973 Patent, or (b) any products that are not more than colorably different therefrom, or (2) using or encouraging the use of any of those products

in the United States. However, Defendants are not prohibited by this injunction from promoting, advertising, marketing, or offering to sell the enjoined products before the asserted patents expire, but they must include a conspicuous written disclaimer that: (1) no sales will occur, and no purchase orders will be accepted, until after August 22, 2022, for CoolMPS products or (2) no sales will occur, and no purchase orders will be accepted, until after January 22, 2023, for StandardMPS products. No disclaimer is necessary for any such activities that occur after the expiration of the relevant patents.

Defendants shall, within ten days from the date of issuance of this Permanent Injunction, provide notice and a copy of this Permanent Injunction to (1) each of the Defendants' officers, agents, affiliates, servants, employees, and attorneys; (2) all past and current users of the accused sequencers and accused reagents, and/or any similar product that embodies the claims of the Asserted Patents, in the United States; and (3) any other person or entity acting in active concert or participation with any of the Defendants with respect to any of the activities enjoined here, such that above persons and entities are duly noticed and bound by this Order under Federal Rule of Civil Procedure 65(d)(2). Defendants shall further provide proof of each such notice to this Court by filing it in this action within fourteen days from the date of issuance of this Permanent Injunction.

Dated: April 11, 2022

William H. Orrick
United States District Judge